IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:23-CV-270

| | |
|---|---|
| MACKENZIE ELAINE BROWN<br><br>Plaintiffs,<br><br>v.<br><br>HENDERSON COUNTY SHERIFF'S OFFICE, et al.<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

### I.  INTRODUCTION

Pro-se Plaintiff Mackenzie Brown brings this lawsuit pursuant to 42 U.S.C. § 1983 arising out of her arrest on October 1, 2021 against Henderson County Sheriff's Office ("HCSO"), HCSO employees Robert Warren, Michael Lindsay, Crystal Landers, Johnny Duncan, Jr., Bradley Reese, and Brittany Maybin (collectively "HCSO Defendants"), as well as Henderson County magistrate Susan Oates and Henderson County District Court Judge Emily Cowan. [Document 1, p. 2].

Liberally construing Plaintiff's pro-se complaint, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), Plaintiff brings the following claims against the HCSO Defendants: 1) retaliation in violation of the First Amendment against HCSO Defendants, [Document 1, p. 18]; 2) conspiracy to violate Plaintiff's rights under the Fourth Amendment against Warren, Lindsay, and Landers *id*.; 3) "harassing or

intimidating conduct" under the Fourth Amendment by HCSO Defendants, *id*.; 4) violation of the First Amendment against Duncan for "publicizing her in a false light," *id*.; 5) violation of the Fourteenth Amendment for Reese by "giving her an unnecessarily heavy punishment," *id*.; and 6) violation of the Fourteenth Amendment by Maybin for "intimidation tactics." *Id*.

As will be demonstrated, HCSO Defendants are entitled to dismiss for several reasons. First, HCSO is not a sueable entity and is entitled to dismissal of the entire Complaint. Second, as evidenced by Plaintiff's conviction in Henderson County district court, there was probable cause for her arrest and her First Amendment retaliation and Fourth Amendment claims fail. Last, Plaintiff's allegations do not state claims for violations of the First or Fourteenth Amendments.

## II. FACTS

On October 1, 2021, Plaintiff went to the Henderson County Magistrate's Office to file assault charges against her former boyfriend. [Document 1, p. 9] When she arrived at the Sheriff's Office, she observed a pink Sheriff's patrol car with five black Sharpie markers laid out on the trunk of the vehicle. *Id*. The pink patrol car was to recognize Breast Cancer Awareness Month. *Id*. at p. 12. The patrol car appeared to have been written on with the sharpies. *Id*. at p. 9.

After Plaintiff finished at the Magistrate's Office, she left and went towards the pink patrol car. *Id*. There were no rules regulations or directions about what the public could or could not write. *Id*. at p. 10. As a result, Plaintiff wrote, " 12 SUX" on the mid-section of the vehicle which is slang for "law enforcement…sucks." *Id*.

Plaintiff went home and about an hour later, HCSO deputy sheriffs Robert Warren and Crystal Landers went to her house and arrested her for injury to personal property. *Id;* Exhibit 1.[1] After Plaintiff's arrest, Warren and Landers took pictures of her standing handcuffed in front of the pink patrol car. [Document 1, p. 10]. Landers then drove Plaintiff to the Henderson County Jail in the back of the pink patrol car. *Id*. Plaintiff arrived at the Jail at 5:20 p.m, and was given a secured bond of $2,000. Exhibit 2.[2] Magistrate Oates told Plaintiff that the reason her bond amount was so high because Plaintiff had prior "failure to appears." [Document 1,

---

[1] Exhibit 1 is the warrant for arrest in 21 CR 053859, *State v. MacKenzie Brown.* This public record may be considered by this Court without converting the moving defendants' motion to dismiss into a motion for summary judgment. *See Witthohn v. Fed. Ins. Co*., 164 F. App'x 395, 396-97 (4th Cir. 2006) ("[A] court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed."); *Gasner v. County of Dinwiddle*, 162 F.R.D. 280, 282 (E.D. Va 1995) (on a motion to dismiss, defendant may also attach "official public records pertinent to the plaintiffs' claims").

[2] Exhibit 2 is Plaintiff's conditions of release and release order. This public record may also be considered by this Court without converting the moving defendants' motion to dismiss into a motion for summary judgment. *See* note 1, *supra*.

p. 11.]  Plaintiff contacted a friend to find a bail bondsman for her, and HCSO detention officer Brittany Maybin told Plaintiff that a bondsman was on the way. *Id*. However, about thirty minutes later, Maybin informed Plaintiff that she might have to stay the entire weekend because no bondsman was willing to come get her anymore because "we told them what you wrote and they respect us so they don't want to come get you now."  *Id*. at p. 11.  Eventually, Plaintiff bonded out the same day at 8:13 pm. *Id*; Exhibit 2, p. 1; Exhibit 3.[3]

At approximately 5:40 P.M. that same day, the Sheriff's Office made a post on their Facebook page "humiliating" Plaintiff which was typed by HCSO Public Information Officer Johnnie Duncan.  [Document 1, p. 12.]   The post showed Plaintiff standing handcuffed in front of the pink patrol car with an embarrassed look on her face.   *Id*. Based on this Facebook post, twenty different online news sources scraped the data from the Facebook post and re-published the story. *Id*.    Plaintiff and her family requested that the Facebook post be removed, but it was not removed. *Id*. at p. 13.

The next morning, October 2, Plaintiff had a paper taped to her door with a fine of $550 by HCSO Animal Control officer Bradley Reese who performed a

---

[3]  Exhibit 3 is Plaintiff's appearance bond for pretrial release. This public record may also be considered by this Court without converting the moving defendants' motion to dismiss into a motion for summary judgment.  *See* note 1, *supra*.

"random and unexpected dangerous dog inspection." *Id*. Plaintiff believes that a warning instead of a citation violation would have been much more reasonable because she was sleeping when Reese came to her house. *Id*.

Plaintiff was subsequently convicted of injury to personal property in Henderson County district court. Exhibit 4.[4] Plaintiff appealed her conviction to Henderson County Superior Court. [Document 1, p. 14]. On October 25, 2022, the charges against Plaintiff were dismissed by the District Attorney's Office. Exhibit 5.[5]

## III. ARGUMENT

### A. HCSO IS ENTITLED TO DISMISSAL BECAUSE IT IS NOT A SUABLE ENTITY UNDER NORTH CAROLINA LAW

The capacity of an entity to sue or be sued is "determined by the law of the state where the court is located." F. R. Civ. P. 17(b). *See also Avery v. Burke County*, 660 F.2d 111, 113-14 (4th Cir.1981)) ("State law dictates whether a governmental agency has the capacity to be sued in federal court.").

---

[4] Exhibit 4 is Plaintiff's judgment and commitment. This public record may also be considered by this Court without converting the moving defendants' motion to dismiss into a motion for summary judgment. *See* note 1, *supra*.

[5] Exhibit 5 is the dismissal filed in superior court. This public record may also be considered by this Court without converting the moving defendants' motion to dismiss into a motion for summary judgment. *See* note 1, *supra*.

In North Carolina, it is well established that "unless a statute provides to the contrary, only persons in being may be sued. [citations]." *Coleman v. Cooper*, 89 N. C. App. 188, 192, 366 S.E.2d 2, 5 (1988) (a police department is not a suable entity given the absence of any statute "authorizing suit against the police department"). As there is no statute authorizing suit against HCSO, it is entitled to dismissal as a matter of law. *Parker v. Bladen County*, 583 F.Supp.2d 736, 740 (E.D.N.C. 2008) (Bladen County Sheriff's Office is a nonsuable entity); *Efird v. Riley*, 342 F.Supp.2d 413, 420 (W.D.N.C. 2004) (dismissing claims against county sheriff's department for lack of capacity to be sued.)

### B.   THE FIRST AMENDMENT RETALIATION CLAIM SHOULD BE DISMISSED

Plaintiff claims that the HCSO Defendants "retaliate[d] against her as a direct result of her expression"- writing "12 Sux"- on the pink patrol car. [Document 1, p. 18]. In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) she engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected [her] First Amendment rights, and (3) there was a causal relationship between [her] protected activity and the defendant[']s] conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (*quoting Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005)). While not entirely clear, Plaintiff appears to allege four distinct retaliatory acts: 1) her arrest by Warren, Lindsay, and Landers; 2) Duncan

putting her picture on the HCSO facebook site; 3) Reese giving her a "dangerous dog" citation; and 4) Maybin allegedly contacting bonding companies about Plaintiff's conduct. [Document 1, pp. 10-14]. All four of these allegations do not state a claim.

First, the retaliation by arrest claim against Warren, Lindsay, and Landers is barred because there was probable cause for Plaintiff's arrest. In *Nieves v. Bartlett*, 587—U.S.--, 139 S.Ct. 1715, 1724 (2019), the United States Supreme Court held that a First Amendment retaliatory-arrest claim fails as a matter of law if there was "probable cause for the arrest." Probable cause for an arrest "means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed ... an offense." *Cahaly v. Larosa*, 796 F.3d 399, 407 (4th Cir. 2015) (internal quotation marks omitted).

As courts within the Fourth Circuit have held, "[t]he general rule is that [a district court] conviction, even though it was later overturned on appeal, conclusively establishes probable cause for the arrest." *Elabanjo v. Bellevance*, 2014 WL 222097 at *6 (M.D.N.C. 2014), *report and recommendation adopted*, 2014 WL 793791 (M.D.N.C. 2014); *Hoover v. McDowell Cty.*, 1998 WL 398825, at *3 (4th Cir. June 15, 1998) (per curiam). *See also Myrick v. Cooley*, 91 N.C.App. 209, 214, 371 S.E.2d 492, 495 (1988) ("in the absence of a showing that

the District Court conviction of [Plaintiff] was obtained improperly, the conviction establishes, as a matter of law, the existence of probable cause for his arrest and defeats both his federal and state claims for false arrest or imprisonment.")

In this case, it is undisputed that Plaintiff was convicted in Henderson County district court for injury to personal property. Exhibit 4. Although the State of North Carolina ultimately dismissed this charge in superior court, Exhibit 5, Plaintiff has not alleged that the district court conviction was somehow improperly obtained. As a result, there was probable cause for her arrest, and Plaintiff's retaliatory First Amendment claim against Warren, Lindsay, and Landers fails.

Plaintiff's First Amendment retaliation claim against Duncan for allegedly posting a Facebook post concerning Plaintiff's arrest also fails. [Document 1, p. 12]. Plaintiff contends that this post violated Assembly Bill 1475 "which prohibits law enforcement agencies from posting mugshots on social medical channels." *Id*. However, Assembly Bill 1475 is not a North Carolina law. Assembly Bill 1475 is a California law made effective on January 1, 2022. *See* CA Penal § 13665. Moreover, numerous courts have held that posting mugshots, or similar photographs, to the public or on public websites does not implicate the Constitution. For instance, in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155 (1976), Plaintiff sued a police chief for violating his Fourteenth Amendment rights over the police chief's distribution of "active shoplifter" posters to merchants which

8

identified Plaintiff. The Supreme Court held that Plaintiff suffered no deprivation of liberty under the Fourteenth Amendment resulting from injury to his reputation because stigma or "reputation alone, apart from some more tangible interests such as employment," is not "liberty" within the meaning of the Due Process Clause. *Id*. at 701-702, 96 S.Ct. at 1160-1161. The Supreme Court stated that to succeed on this type of claim, a plaintiff must show: (1) a statement "stigmatizing his good name" and damaging his standing in the community; (2) some type of dissemination or publication of the statement; and (3) some other government action that "alter[s] or extinguishe[s] one of his legal rights." *Id*. at 706-11, 96 S.Ct. at 1163-1165. In other words, simply defaming a party by making his or her mugshot public, without more, does not state a claim. Plaintiff fails to allege that Duncan's posting of her mugshot "alter[e]d or extinguishe[d]" her legal rights. In *Paul*, the Supreme Court also held that Defendants did not violate Plaintiff's right to privacy under the First, Fourth, Fifth Ninth, or Fourteenth Amendments because:

> he claims constitutional protection against the disclosure of the fact of his arrest on a shoplifting charge. His claim is based, not upon any challenge to the State's ability to restrict his freedom of action in a sphere contended to be "private," but instead on a claim that the State may not publicize a record of an official act such as an arrest. None of our substantive privacy decisions hold this or anything like this, and we decline to enlarge them in this manner."

*Id*. at 713, 96 S.Ct. at 1166. *See also Houston v. County of Maricopa*—F. Supp.3d.--, 2023 WL 2877617 at * 4-9 (D.Az. 2023) (posting mugshot of person charged with assault which third party websites "scraped" does violate Plaintiff's procedural or due process rights.); *Tramaglini v. Martin*, 2019 WL 4254467 at * 6 (D.N.J. 2019) (disclosure of mugshot does not violated right to privacy).

Plaintiff's retaliation claim against Reese alleges that he gave her a ticket with an excessive fine for having a dangerous dog. [Document 1, p. 13]. This retaliation claims fails for three reasons. First, Plaintiff fails to allege how Reese's writing her a ticket was related to her writing "12 Sux" on the pink patrol car. *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017). Second, Plaintiff admits that Reese agreed to "take away the $ 550 charge," [Document 1, p. 14], so Plaintiff did not suffer any adverse affect on her First Amendment rights. *Martin*, 858 F.3d. at 249. Last, Reese's actions in giving Plaintiff a fine is consistent with the Henderson County ordinance which authorizes fines in this amount. Henderson County Ordinance § 16-19. *See* https://www.hendersoncountync.gov/code-document/article-i-general-provisions-chapter-16.

Last, Maybin's act of allegedly "persuad[ing] several bond companies to deny [Plaintiff's] release through their agencies," [Document 1, p. 11] does not state a claim because any act by Maybin did not adversely affect Plaintiff's rights.

10
Case 1:23-cv-00270-MR-WCM   Document 16   Filed 11/08/23   Page 10 of 17

*Martin*, 858 F.3d. at 249. In fact, Plaintiff bonded out less than three hours after being admitted into Jail. Exhibit 2.

### C. THE CONSPIRACY TO VIOLATE PLAINTIFF'S RIGHTS UNDER THE FOURTH AMENDMENT SHOULD BE DISMISSED

Plaintiff's claim that Warren, Lindsay, and Landers conspired with Magistrate Oates to arrest Plaintiff without probable cause should be dismissed because there was probable cause for Plaintiff's arrest. In order to state a conspiracy claim under 42 U.S.C. §§ 1983, 1985, a plaintiff must allege "concrete facts" showing that defendants entered a conspiracy which deprived the plaintiff of his civil rights. *Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009). Plaintiff must allege that two or more persons acted in concert to commit an unlawful act or to commit a lawful act by unlawful means. *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). As there was probable cause for Plaintiff's arrest, there can be "no unlawful act" or a "lawful act by unlawful means," and Plaintiff's conspiracy claim necessarily fails.

### D. THE FOURTH AMENDMENT HARASSING AND INTIMIDATION CLAIM SHOULD BE DISMISSED

Plaintiff next claims that HCSO Defendants harassed and intimidated her in violation of the Fourth Amendment. [Document 1, p. 18] Plaintiff does not identify what harassment or intimidation was inflicted upon her. A complaint must give

defendants "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007). To meet this requirement, the complaint must be supported by factual allegations. "While legal conclusions can provide the framework of the complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009). To survive a motion to dismiss, a plaintiff's complaint must allege "more than an unadorned, the defendant- unlawfully-harmed-me accusation." *Id.* at 678, 129 S.Ct. at 1949. As the United States Supreme Court explained in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* (internal citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678, 129 S.Ct. at 1949-1950.

While complaints of pro-se litigants are accorded liberal construction, the requirement of liberal construction does not mean that a Court can ignore a clear failure to allege facts which fail to state a claim. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.1990). Simply saying that she was being "harassed" and "intimidated" without more, does not state a claim.

The only arguable Fourth Amendment claim in Plaintiff's Complaint is her false arrest claim. As set forth earlier, there was probable cause for her arrest so this claim should be dismissed.

### E. VIOLATION OF THE FIRST AMENDMENT BY PUBLICIZING PLAINTIFF IN FALSE LIGHT

Plaintiff contends that Duncan is liable to her for invading her "privacy rights by publicizing her in a false light" in violation of the First Amendment. [Document 1, p. 18]. As set forth earlier, posting mugshots does not implicate First Amendment privacy rights, and therefore Plaintiff's claim should be dismissed. *See also Paul P. v. Verniero*, 170 F.3d 396, 403 (3d Cir. 1999) (it is well established "that arrest records and related information are not protected by a right to privacy.").

### F. THE CLAIM THAT REESE HARRSSED PLAINTIFF BY GIVING HER AN EXCESSIVE FINE SHOULD BE DISMISSED

Plaintiff's contention that Reese violated her due process rights by "harass[ing]" her by giving her "an unnecessary heavy punishment that would not have been punished the same way under ordinary circumstances" should be dismissed for several reasons. [Document 1, p. 18] First, this claim is the same as Plaintiff's First Amendment retaliation claim against Reece- that is, absent her

writing "12 Sux" on the patrol car- Reece would not have fined her.  As her First Amendment retaliation claim on the same facts fails, so does this claim.

Second, while it is unclear whether Plaintiff is proceeding on a procedural or substantive due process claim, either one would fail.  The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. In order to state a procedural due process claim, Plaintiff must: "(1) identify a protected liberty or a property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). In order to state a substantive due process claim, Plaintiff must demonstrate: (1) that she had property or a property interest; (2) that the state deprived [it] of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency. *Sylvia Development Corp. v. Calvert County, Md.*, 48 F.3d 810, 827 (4th Cir. 1995).   No court has ever recognized a Fourteenth Amendment liberty or property interest in avoiding a fine or avoiding receiving a citation.  In addition, as Plaintiff's fine was rescinded, [Document 1, p. 14], she cannot demonstrate that any claimed liberty or property interest was deprived.  As a result, this claim fails.

14

Case 1:23-cv-00270-MR-WCM   Document 16   Filed 11/08/23   Page 14 of 17

## G. THE CLAIM THAT MAYBIN USED INTIMIDATION TACTICS TO COERCE SURETY COMPANIES SHOULD BE DISMISSED

Plaintiff's last claim is that Maybin violated her Fourteenth Amendment rights by the "use [of] intimidation tactics to coerce surety companies to refuse to assist Plaintiff" in bonding her out. [Document 1, p. 18] This claim should be dismissed for several reasons. First, the Due Process Clause of the Fourteenth Amendment does not provide an absolute right to be released on bond. *See United States v. Salerno*, 481 U.S. 739, 748, 107 S.Ct. 2095, 2102 (1987). Second, Plaintiff suffered no deprivation of any liberty as she was released less than three hours after she was incarcerated. Exhibit 2. Third, Maybin's comments that the surety companies were not coming because "we told them what you wrote," [Document 1, p. 11], is akin to verbal abuse which is not actionable under section 1983. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) ("[m]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983.")

## IV. CONCLUSION

For the foregoing reasons, HCSO Defendants respectfully request that the Court grant this motion to dismiss.

This 8th day of November, 2023.

                                                                                                     s/Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 S. College Street, Ste. 3500
Charlotte, North Carolina 28202
Telephone: 704-331-4992
Facsimile: 704-338-7814
Sean.Perrin@wbd-us.com
*Attorney for Defendants Henderson County Sheriff's Office, Robert Warren, Michael Lindsay, Crystal Landers, Johnny Duncan, Jr., Bradley Reese, and Brittany Maybin*

# CERTIFICATE OF SERVICE

I certify that I filed the foregoing via the CM/ECF system and mailed the foregoing to the following non CM/ECF user as follows:

Mackenzie Elaine Brown
158 Haven Road
East Flat Rock, NC 28726

Dated: November 8, 2023.

                                                  s/Sean F. Perrin