IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No.: 1:23-CV-00270-MR-WCM

| | |
|---|---|
| MACKENZIE ELAINE BROWN, | |
| Plaintiff, | |
| v. | MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS |
| HENDERSON COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

**NOW COME** Defendants Susan N. Oates, Magistrate Judge for Judicial District 29B, in her individual and official capacity, and Emily Greene Cowan, former District Court Judge for Judicial District 29B, in her individual and official capacity (Judicial Defendants), and hereby submit this memorandum of law in support of their motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## STATEMENT OF THE CASE

Plaintiff Mackenzie Brown, *pro se*, filed this action on September 14, 2023, pursuant to 42 U.S.C. § 1983, alleging violations of her rights

1

under the First, Fourth, and Fourteenth Amendments to the United States Constitution and negligence.

Specifically, Plaintiff brings the following claims pursuant to 42 U.S.C. § 1983:

- A First Amendment claim, alleging all defendants "used viewpoint-based discrimination" to retaliate against Plaintiff as a direct result of her protected expression, violating the First Amendment. [DE 1 p. 18]

- A conspiracy claim, alleging Magistrate Oates conspired with the law enforcement defendants to arrest her without probable cause in violation of the Fourth and Fourteenth Amendments. [Id.]

- A harassment/intimidation claim, alleging all defendants engaged in a pattern of harassing or intimidating conduct towards Plaintiff in violation of the Fourth and Fourteenth Amendments. [Id.]

- A due process claim, alleging Magistrate Oates violated her due process rights arising under the Fourteenth Amendment, when she allegedly failed to follow victims' rights guidelines. [Id.]

- A due process claim, alleging Judge Cowan violated Plaintiffs due process rights when she denied Plaintiff's request for dismissal during her trial. [Id.].

Plaintiff also brings a claim asserting Magistrate Oates was negligent in her lack of diligence in "pursuing the viable domestic violence assault investigation . . . therefore failing to perform the duties of the Magistrate's Office . . . ." [DE 1, p. 19] Plaintiff asserts Magistrate Oates' alleged negligence violated Plaintiff's rights under North Carolina's Victims' Rights Act, or the federal Crime Victims' Rights Act, whichever applies more. [Id.]

Plaintiff requests a "permanent injunction to effectuate compliance where necessary, by the court instituting an injunction to correct violations and to ensure non-reoccurance [sic] of further violations," compensatory damages, punitive damages, "official reprimandence [sic], demotion, or suspension" of the judicial officials, and "suppression and deletion of any evidence or documentation" related to her arrest and prosecution, and a jury trial. [DE 1, p. 24]

## STATEMENT OF FACTS

This lawsuit arises from interactions Plaintiff had with the Henderson County Magistrate's Office, Henderson County Sheriff's Office and the Henderson County Superior Court on various dates from October 1, 2021 through August 2, 2023. On October 1, 2021, Plaintiff went to the Magistrate's Office in Henderson County seeking to file criminal charges against Dillon Branch, her ex-boyfriend. [DE 1, p. 9] Upon arriving, she noticed a pink Sheriff's office patrol cruiser with writing on the sides. [DE 1, p. 10] The pink car appeared to have messages written on the exterior of the vehicle. [DE 1, pp. 9-10]

At the Magistrate's office, Plaintiff filled out a criminal complaint form against Dillion Branch. [DE 1, p. 9] Plaintiff alleged she was sixteen weeks pregnant with Branch's baby and that he threatened to kill her and assaulted her by strangling her, restraining her and coming at her with an ax. [Id.]. After submitting the criminal complaint, Plaintiff left the Magistrate's Office. [Id.]

On her way back to her car, Plaintiff saw her friend writing on the pink vehicle that appeared to be on display. [DE 1, p. 10] Plaintiff wrote "12 SUX" with a Sharpie. [Id.] Plaintiff states that "'12' is slang

terminology for law enforcement and 'SUX' is an abbreviation of the word SUCKS." [Id.] Afterwards, she returned home. [Id.]

About an hour after arriving back home, Defendant Deputy Warren and Defendant Deputy Landers knocked on her door. [Id.] She was handcuffed and placed inside the pink Sheriff's patrol cruiser. [Id.] During the arrest, Warren and Landers took picture of her in front of the pink patrol vehicle. [Id.] Plaintiff was transported to the Henderson County Jail where she was served with a warrant for arrest, issued by Magistrate Oates, for injury to personal property. [DE 1, p. 11, DE 16-2] Magistrate Oates set Plaintiff's conditions of release, setting a $2,000 secured bond. [DE 1 p. 11, DE 16-3] Magistrate Oates explained, and the release order indicates, that a secured bond was set based upon Plaintiff's multiple prior "failure to appears." [DE 1, p. 11, DE 16-3] Plaintiff posted her bond and was released later that day. [DE 1, p. 11, DE 16-3]

In April of 2022, approximately seven months after her October 1st visit to the Magistrate's office, Plaintiff returned to the Magistrate's Office to inquire whether the "warrant for assault" had been served on Branch. [DE 1, p. 14] Plaintiff contends the magistrate on duty informed her that the "criminal complaint form" she filled out on October 1, 2021

5

Case 1:23-cv-00270-MR-WCM   Document 17-1   Filed 12/01/23   Page 5 of 20

"was never filed." [DE 1, p. 15] Plaintiff alleges Magistrate Jernigan was unable to locate any record related to her October 1, 2021 "criminal complaint form." [Id.] Plaintiff states Magistrate Jernigan instructed Plaintiff to come back when Oates would be on duty. [Id.]

On May 26, 2022, Plaintiff arrived at the Magistrate's Office to ask Magistrate Oates why Branch had not been served or arrested yet. [Id.] Plaintiff asked to see the original complaint form, but Magistrate Oates was unable to locate it. [Id.] Magistrate Oates allegedly told Plaintiff to leave and come back and speak to the next Magistrate on duty. [Id.] Plaintiff alleges Magistrate Oates' tone was "high-pitched and hostile," while Plaintiff remained "calm and polite." [Id.]

Several months later, on September 3, 2022, Plaintiff returned to the Magistrate's Office and "filled out another criminal complaint form regarding the assault" by Branch and submitted it to on-duty Magistrate Jernigan. [DE 1, p. 16] On August 2, 2023, Plaintiff alleges the Assault on a Female charge was disposed dismissed Branch he was deceased. [DE 1, p. 17]

On March 24, 2022, Plaintiff, represented by counsel, was convicted of Injury to Personal Property in a trial held by Judge Cowan. [DE 1, p.

6

14, DE 16-5] Plaintiff alleges that during the trial, Judge Cowan "unlawfully denied" Plaintiff's request to dismiss the Injury to Personal Property charge against her. [DE 1, p. 14] Plaintiff immediately appealed the conviction to the Henderson County Superior Court. [DE 1, p. 14, DE 16-5] On October 26, 2022 Plaintiff learned from her attorney that the State had dismissed the Injury to Personal Property charge. [DE 1, p. 16]

## LAW AND ARGUMENT

### I. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS

This Court must dismiss all or part of a complaint over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). This threshold question must be addressed by the court before considering the merits of the case. *Jones. v. Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff has the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

**A. Plaintiff's claims against Magistrate Oates and Judge Cowan, in their official capacities, are barred by the Eleventh Amendment to the United States Constitution.**

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed

7

to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has consistently held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). "[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006) (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945), *overruled by Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002)). A suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Defendant Judge Cowan was a District Court Judge for Judicial District 29B in North Carolina at all times relevant to this lawsuit.

Magistrate Oates is an officer in North Carolina's judicial branch of government. Both Judge Cowan and Magistrate Oates are state judicial officials. N.C. Const. art. IV, § 2, 9; N.C. Gen. Stat. § 7A-4, -240, -271. Accordingly, Plaintiff's official capacity claims against them are barred by the Eleventh Amendment and should be dismissed.

Exceptions to Eleventh Amendment sovereign immunity are narrow. A lawsuit against a State, or State official, may only proceed when one of the following three exceptions applies: (1) where Congress, while acting pursuant to its powers under the Fourteenth Amendment, has properly abrogated a state's immunity, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 452–56 (1976); (2) where a state has waived its immunity to suit in federal court, *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); or (3) where a private party sues an appropriate state officer for prospective injunctive or declaratory relief from an ongoing violation of federal law, *Ex parte Young*, 209 U.S. 123, 155–56 (1908).

The Complaint does not implicate the first two exceptions. The third exception, the *Ex Parte Young* exception, is not implicated either. Plaintiff's requested relief – a permanent injunction to "correct violations

and to ensure non-reoccurrence of further violations," reprimand, demotion, or suspension of the judicial officials by this Court, and deletion of her court files – does not fall within the *Ex Parte Young* exception. By its own express terms, the *Ex parte Young* exception does not apply to judicial officials. As the court explained "the right to enjoin an individual, even though a state official does not include the power to restrain a court from acting in any case brought before it," since "an injunction against a state court would be a violation of the whole scheme of our Government." *Ex parte Young*, 209 U.S. at 163. Additionally, this Court has no authority to issue an order reprimanding, demoting or suspending a state judicial official. Moreover, judicial officials are not the custodian of court records, rather, the Clerk of Court is tasked with record keeping. N.C. Gen. Stat. § 7A-109. Finally, Plaintiff has not alleged any ongoing violation of federal law. Rather, her complaint, as relates to the judicial officials, relates only to instances of past conduct. Accordingly, Plaintiff's official capacity claims seeking monetary and injunctive relief are barred by the Eleventh Amendment.

### B. Defendants Oates and Cowan, when sued in their official capacities, are not persons amenable to suit under § 1983.

In the Fourth Circuit, a civil rights claim based upon 42 U.S.C. § 1983 has two essential elements: "(1) a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and (2) must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011). The Supreme Court has confirmed that neither States nor state officials acting in their official capacities are "person[s]" within the meaning of 42 U.S.C. § 1983 when the relief sought is monetary. *Will*, 491 U.S. 58. When sued in their official capacities, Defendants Oates and Cowan are not "person[s]" subject to liability under 42 U.S.C. § 1983, and Plaintiff's official capacity claims against them must be dismissed.

### C. This court lacks jurisdiction with regard to Plaintiff's negligence claim against Magistrate Oates.

Plaintiff's second claim alleges that Magistrate Oates negligently failed to perform her duties as a magistrate by failing to comply with N.C. Gen. Stat. § 15A-830.5 and 18 U.S.C. § 3771, "whichever applies more." [DE 1, p. 19] To the extent this claim is brought pursuant to § 1983,

11

negligence does not support a claim under 42 U.S.C. § 1983. *See, e.g. Daniels v. Williams*, 474 U.S. 327, 335-36 n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995), *Clegg v. Custody*, 2012 U.S. Dist. LEXIS 87298, *5 (W.D.N.C. 2012) ("A claim for negligence will not lie in a Section 1983 action.")

To the extent Plaintiff's negligence claims are based in state law, those claims are subject to dismissal on Eleventh Amendment and state sovereign immunity grounds. The North Carolina Tort Claims Act provides a limited waiver of state sovereign immunity for negligence actions against state officials. N.C. Gen. Stat. § 143-291(a); see also *Kawai Am. Corp. v. Univ. of N. Carolina at Chapel Hill*, 152 N.C. App. 163, 165–66 (2002). Tort plaintiffs are required to "bring their claims before the North Carolina Industrial Commission, not the district court." *Alston v. N. Carolina A & T State Univ.*, 304 F. Supp. 2d 774, 783 (M.D.N.C. 2004); *see also* N.C. Gen. Stat. § 143-291(a). Because Plaintiff's claim is, if anything, one sounding in negligence, it may be brought before the N.C. Industrial Commission only. *See id., see also Littlejohn v. Young*, No. 1:22-CV-00086-MR, 2022 WL 1497155 (W.D.N.C. May 11, 2022). This Court lacks jurisdiction over Plaintiff's claim.

12

Accordingly, Plaintiff's negligence claim against Defendants Oates should be dismissed.

## II. PLAINTIFF HAS OTHERWISE FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

This Court may dismiss any complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the court must assess the legal sufficiency of the allegations in the Plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The Plaintiff's well-plead allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the Plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). A complaint must contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint states a facially plausible claim "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the court need not consider "legal conclusions, elements of a cause of action and bare assertions devoid of

13

further factual enhancement," nor "unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Although this Court must construe the *pro se* plaintiff's complaint liberally, the complaint must still allege "facts sufficient to state all the elements of her claim" to survive a motion to dismiss. *Williams v. Wal-Mart Stores E., L.P.*, No. 5:18-CV-33-BO, 2018 WL 3341181 (E.D.N.C. July 6, 2018) (*quoting Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)).

### A. Plaintiff's claims against Defendants Oates and Cowan are barred by absolute judicial immunity.

The Fourth Circuit has declared the law to be settled for centuries that a judge may not be attacked for exercising judicial authority. *Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976). So strong, in fact, is the doctrine of judicial immunity, it survives even when the exercise of judicial authority is done improperly. *Id.* This doctrine was first enunciated by the United States Supreme Court in *Bradley v. Fisher*, 80 U.S. 335 (1871). The Court recognized judicial immunity to be "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, be free to

act upon his own convictions, without apprehension of personal consequences to himself." *Bradley*, 80 U.S. at 347. Accordingly, the Court held that judges are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly. *Bradley*, 80 U.S. at 352. Judicial immunity, like other forms of official immunity, is an immunity from suit, not just from an ultimate assessment of damages. Accordingly, it is not overcome by allegations of bad faith or malice, which ordinarily cannot be resolved without engaging in discovery and trial. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Absolute judicial immunity extends to the actions of state court magistrates whose authority is well established in state statute. *See e.g. King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) ("Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges"); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (holding that committing persons accused of crimes to overnight incarceration in a county jail during a transfer is a judicial act to which a magistrate is entitled to judicial immunity); *Timmerman v. Brown*, 528 F.2d 811, 813–14 (4th Cir. 1975) (stating a state magistrate is entitled to

15

judicial immunity for actions performed in issuing, or failing to issue, criminal arrest warrants); *Cole v. Summey*, 329 F. Supp. 2d 591, 595 (M.D.N.C. 2004) (holding a magistrate is entitled to judicial immunity for judicial actions performed in a proceeding over which they have jurisdiction); As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity. *Id.*

Judicial immunity is overcome only when the actions taken are not in the judge's judicial capacity, or when taken in the complete absence of all jurisdiction. *Forrester v. White*, 484 U.S. 219 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978). Whether an act is a "judicial" one is based on "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. 349.

First, Plaintiff does not assert in her Complaint that Magistrate Oates' actions taken outside of her judicial capacity. Plaintiff's complaint concerns Magistrate Oates failed to issue a warrant against Bunch based upon Plaintiff's complaint form, and Magistrate Oates' issuance of an arrest warrant against Plaintiff and her decision to set a $2,000 secured

bond for Plaintiff. Plaintiff's action against Magistrate Oates is "simply not cognizable because issuing orders for arrest and making decisions on bail are actions which fall naturally within a magistrate's judicial capacity." *Hedgepeth v. Wilkes C.*, No. 3:12-CV-262-RJC, 2012 WL 2092853 (W.D.N.C. June 11, 2012), *aff'd sub nom. Hedgepeth v. Wilkes*, 489 F. App'x 728 (4th Cir. 2012). Magistrates in North Carolina are empowered to conduct initial appearances, N.C. Gen. Stat. § 15A-511, and set bail, N.C. Gen. Stat. § 15A-531, *et seq*. "[S]tate court magistrates enjoy judicial immunity for actions taken in their judicial capacity such as setting bonds or issuing warrants." *Mack v. Fox*, No. 1:07CV760, 2008 WL 4832995 (M.D.N.C. Nov. 4, 2008), *report and recommendation adopted,* No. 1:07CV760, 2008 WL 7674789 (M.D.N.C. Dec. 10, 2008). Plaintiff's factual allegations in support of her claims only relate to traditional acts Magistrate Oates performed in proceedings in which she had authority to preside as a judicial official. Accordingly, absolute judicial immunity bars all of Plaintiff's claims against Magistrate Oates.

Likewise, Plaintiff does not assert that Judge Cowan's actions were outside of her judicial capacity as a District Court judge. The only factual allegation against Judge Cowan is that, when presiding over Plaintiff's

district court trial, denied Plaintiff's motion to dismiss. A decision by a presiding District Court judge to deny or grant a motion to dismiss in the course of a trial in which the judge is presiding is clearly a judicial act. Accordingly, the claims against Judge Cowan are barred by absolute judicial immunity.

### D. Plaintiff's claims purporting to arise under 18 U.S.C. § 3771 and N.C. Gen. Stat. § 15A-830.5 fail to state a claim.

As a threshold matter, she does not qualify for the rights under the federal CVRA. The Crime Victims' Rights Act (CVRA) found in the U.S. Code defines "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A). Here, Plaintiff does not assert that she is the victim of a federal offense or offense within the District of Columbia. *Walsh v. Hagee*, 900 F. Supp. 2d 51, 61 (D.D.C. 2012), *aff'd,* No. 12-5367, 2013 WL 1729762 (D.C. Cir. Apr. 10, 2013) (dismissing claim under CVRA because the plaintiff "has neither alleged nor shown that there is any federal criminal case in which [he] is a victim or witness.") Accordingly, this Act is not applicable under the facts alleged by Plaintiff.

Likewise, N.C. Gen. Stat. § 15A-830.5 does not support any viable cause of action. Instead, the statute itself makes clear that it "does not create a claim for damages against the State, any county or municipality, or any State or county agencies, officers, or employees." N.C. Gen. Stat. § 15A-830.5(c).

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint against Defendants Oates and Cowan should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Respectfully submitted this the 1st day of December, 2023.

JOSHUA H. STEIN
Attorney General

/s/Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Fax: (919) 716-6755
eobrien@ncdoj.gov
State Bar No. 28885
*Counsel for Defendants Oates & Cowan*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFEDANTS COWAN AND OATES** using the CM/ECF system, which will send notification of such filing to all the counsel of record for the parties who participate in the CM/ECF system and via U.S.P.S. mail, addressed to the following individual:

Mackenzie Elaine Brown
158 Haven Road
East Flat Rock, NC 28726
mackenzieb0897@gmail.com
*Pro Se Plaintiff*

This the 1st day of December, 2023.

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice
