UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CASE NUMBER 1:23-CV-270

FILED
ASHEVILLE, NC

JAN 03 2024

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

MACKENZIE ELAINE BROWN

     Plaintiff

v.

HENDERSON COUNTY SHERIFF'S
OFFICE, et al.

     Defendants

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Mackenzie Elaine Brown, on this day of JANUARY 3, 2024 hereby submits this Memorandum of Support in Opposition to the Motion to Dismiss for Lack of Jurisdiction and the Motion to Dismiss for Failure to State a Claim by Defendants Susan N. Oates and Emily Greene Cowan (the Judicial Defendants). [Document 17].

*Mackenzie Elaine Brown*
MACKENZIE ELAINE BROWN,
PLAINTIFF
PRO SE LITIGANT
158 HAVEN RD, EAST FLAT
ROCK, NC 28726
828-642-0406
mackenzieb0897@gmail.com

## INTRODUCTION

I, Mackenzie Elaine Brown, as the Pro Se Litigant in this matter, will refer to myself throughout the entirety of this document as either "Plaintiff" or "BROWN."

On December 1st, 2023, the Judicial Defendants filed a Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim, pursuant to Rules 12(b)(1) and (6) of The Federal Rules of Civil Procedure.

As will be demonstrated, the Motion to Dismiss filed by the Judicial Defendants should be denied, because this Court has subject matter jurisdiction in this matter, and Plaintiff's Complaint not only meets but exceeds the standards governing the form of a complaint as set forth in The Federal Rules of Civil Procedure.

## I.   IN REGARDS TO LACK OF JURISDICTION ARGUMENTS:

This Court has jurisdiction to address Plaintiff's claims, for the reasons mentioned below.

### RESPONSE TO ARGUMENT A
[THAT THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS]

In *Hafer v. Melo*, the Supreme Court held that state officers may be personally liable for damages under Section 1983 based upon actions taken in their official capacities. The court held that the state officer's potential liability is not limited to acts under color of state law that are outside their authority or not

essential to operation of state government, but also extends to acts within their authority and necessary to performance of governmental functions and Eleventh Amendment immunity does not erect barriers against suits to impose individual and personal liability on state officers under Section 1983. A similar rule would apply to local officials. *502 U.S. 21, 112 S.Ct. 358 (1991)*.

In dicta, it has been held by the Courts that suits could be pursued against officers of a state when their action violated the Constitution or federal law. The Court stated: "Nor need it be apprehended that the construction of the eleventh Amendment, applied in this case, will in anywise embarrass or obstruct the execution of the laws of the United States in cases where officers of a State are guilty of acting in violation of them under color of its authority… Nothing can be interposed between the individual and the obligation he owes to the Constitution and the laws of the United States, which can shield or defend him from their just authority… If therefore, an individual acting under the assumed authority of a State, as one of its officers, and under color of its laws, comes into conflict with the superior authority of a valid law of the United States, he is stripped of his representative character, and subjected in his person to the consequences of his individual conduct." *Ex parte Ayers, 123 U.S. 443, 507 (1887)*.

*Monroe v. Pape, 365 U.S. 167 (1961)*: Local governmental officials who violate constitutional rights act "under color of law" for purposes of Section 1983, even if their conduct was contrary to state law. For violations of constitutional rights against local governmental officials and employees, Section 1983 provides a federal remedy in federal court because the state

governments and courts, "by reason of prejudice, passion, neglect, intolerance or otherwise" were unwilling to enforce the due process rights guaranteed by the 14th Amendment.

If police conceal exculpatory evidence and plaintiff is wrongfully convicted, this is a violation of his "fair trial" rights under the 14th Amendment due process clause and is actionable under Section 1983. *Fields v. Wharrie, 740 F.3d 1107 (7th state Cir. 2014).*

In response to meeting the criteria of the Ex Parte Young exception, a First Amendment Retaliatory-Arrest claim for ongoing chilling effect is the type of ongoing violation for which the Eleventh Amendment does not bar redress. The violations of federal law are considered ongoing when taking into consideration the risk for potential harm in the future. Since speech directed towards police officers falls within the scope of the First Amendment, retaliatory arrest claims should receive the same special considerations. The arrest should be seen as a content-based regulation that is reviewed with strict scrutiny, and courts should take into account both the timeliness of the speech and the chilling effect that retaliatory arrests may have. Retaliatory arrests also function as a type of prior restraint. When a person is arrested because of her speech, that arrest prevents any subsequent speech that might have been broadcast.

Individual liability is premised on personal involvement. Plaintiff seeks to sue Defendant's OATES and COWAN in both their individual and official capacities, not just their official, so therefore the Court has jurisdiction to address Plaintiff's claims. In *Scheuer v. Rhodes,* the Court held that plaintiffs

were not barred by the Eleventh Amendment or other immunity
doctrines from suing the governor and other officials of a state
alleging that they deprived plaintiffs of federal rights under
color of state law and seeking damages, when it was clear that
plaintiffs were seeking to impose individual and personal
liability on the officials. *416 U.S. 232 (1974)*.

Aside from the forms of relief that Plaintiff had mentioned in
the Complaint that involved monetary or injunctive relief,
Plaintiff also included in her forms of relief sought: "a jury
trial on all appropriate issues," and "any and all other relief
and remedies that this court deems just and proper." [Document
1, Page 24]. Section 1988 allows the Court, in its discretion,
to allow the prevailing party a reasonable attorney's fee as
part of the costs to: Punish civil rights violations - not just
large violations; and Encourage the filing of meritorious claims
that might not otherwise be brought.

### RESPONSE TO ARGUMENT B
**[THAT DEFENDANTS OATES AND COWAN, WHEN SUED IN THEIR OFFICIAL
CAPACITIES, ARE NOT PERSONS AMENABLE TO SUIT UNDER SECTION 1983]**

"Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State of Territory of the
District of Columbia, subjects, or causes to be subjected, any
citizen of the United States or other person within the
jurisdiction thereof to the to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law suit in
equity, or other proper proceeding for redress."

At all times relevant to this action, Defendant OATES was under color of state law by acting in the performance of her official duties as a Magistrate at Henderson County Magistrate's Office, and Defendant COWAN was under color of state law by acting in the performance of her official duties as a District Court Judge at the Henderson County Courthouse.

Defendant's OATES and COWAN each personally exhibited a callous indifference for Plaintiff's rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, resulting in her harm, while they each knew, or should have known, that their actions would lead to and did cause great harm and suffering to Plaintiff. At the time Defendant's OATES and COWAN took the actions, they did not act in an objectively reasonable manner, and knew, or in the exercise of due care should have known, that their conduct violated clearly established federal laws.

The actions of the defendants' have deprived Plaintiff of her right to freedom of speech, as guaranteed by the First Amendment to the United States Constitution, deprived Plaintiff of her right to be free from unreasonable detention and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, and deprived Plaintiff of her right to liberty and equal application of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution, all being in violation of 42 U.S.C., Section 1983.

i. Deprivation of a Federal Right: First Amendment Violation - Freedom of Speech (Against Defendants OATES and COWAN)

The right to free speech is one of the most fundamental guarantees from the Bill of Rights. *See, e.g., Thornhill v. Alabama, 310 U.S. 88, 95 (1940) (The freedom of speech and of the press, which are secured by the First Amendment against abridgment by the United States, are among the fundamental personal rights and liberties which are secured to all persons by the Fourteenth Amendment against abridgement by a state.").*

"Even 'provocative and challenging' speech is protected unless it creates a 'clear and present danger.'" *City of Houston v. Hill. 482 U.S. 451 (1987).* Thus, speech criticizing a police officer does not have to be tactful or even respectful to be protected by the First Amendment.

Identifying the category of speech at issue (e.g., commercial speech, obscenity) is an important step in determining what First Amendment standards, including what level of judicial scrutiny, a court might apply to the law. Regulations of protected speech generally receive strict or intermediate scrutiny.

On or after the day of October 1st, 2021, Defendants OATES and COWAN, along with the rest of the defendants, each personally used viewpoint-based discrimination against Plaintiff to retaliate against her as a direct result of her "12 SUX" expression that was protected by the First Amendment.

Whenever Plaintiff's expression of speech was disfavored by the Defendants, they placed her speech at a disadvantage, diminishing her ability to express her harmless thoughts and ideas freely, so therefore the Defendant's have directly harmed

Plaintiff's ability to communicate constitutionally protected speech.

    ii. Deprivation of a Federal Right: Fourth Amendment
    Violation - Unlawful Seizure / Arrest Without Probable
    Cause (Against Defendant OATES)

The Fourth Amendment prohibits unreasonable searches and
seizures and requires that warrants be supported by probable
cause. In order for Plaintiff's claim to succeed, must prove the
absence of probable cause.

On October 1st, 2021, Defendant OATES co-conspired with
Defendants WARREN and LINDSAY, to seek and issue a Warrant for
Arrest for Plaintiff, and served the same upon her, while
purposefully omitting certain facts that would have negated
probable cause to believe that Plaintiff had committed the crime
of Injury to Personal Property.

In doing so, Defendant OATES subjected Plaintiff to unnecessary
confinement, especially when taking into consideration that
Plaintiff not only was innocent of the crime she was in jail
for, but that OATES knew she was innocent the entire time and
still took actions to confine her to the jail anyway. Defendant
OATES caused substantial interference with Plaintiff's person
and property, subjecting her to arrest and seizure of her
person, and to potential criminal jeopardy. The actions of
Defendant OATES demonstrate intent to subject Plaintiff to an
unreasonable seizure by using illegal restraint against her
freedom, which is a violation of her Fourth Amendment rights.

iii. Deprivation of a Federal Right: Fourteenth Amendment
Violation - Procedural Due Process
(Liberty Interest Claim Against Defendant OATES)
(Wrongful Conviction Claim Against Defendant COWAN)

The Court has explained that [p]rocedural due process rules are
meant to protect persons not from the deprivation, but from the
mistaken or unjustified deprivation of life, liberty, or
property. *Carey v. Piphus, 435 U.S. 247, 259 (1978).*

To analyze if Plaintiff's Procedural Due Process rights were
violated, the Court should decide first, if the Plaintiff has a
liberty or property interest and the Defendants have interfered
with that interest, and second, the Court should examines
whether the procedures used to deprive Plaintiff of that
interest were constitutionally adequate.

Freedom from confinement is one aspect of the liberty interest
that the Due Process Clause protects. The 'liberty' mentioned in
the Fourteenth Amendment means, not only the right of the
citizen to be free from the mere physical restraint of his
person, as by incarceration, but the term is deemed to embrace
the right of the citizen to be free in the enjoyment of all his
faculties; to be free to use them in all lawful ways. *E.g.,
Allgeyer v. Louisiana, 165 U.S. 578, 588 (1897).*

Defendant OATES subjected Plaintiff to unnecessary confinement,
especially when taking into consideration that Plaintiff not
only was innocent of the crime she was in jail for, but that
OATES knew she was innocent the entire time and still took
actions to confine her to the jail. OATES' actions demonstrate a
clear, unjustified deprivation of Plaintiff's liberty interest

of freedom from confinement that the Due Process Clause protects.

Defendant OATES also deprived Plaintiff of her right to equal protection of the law by failing to act in accordance with procedural due process and victims rights guidelines when she ignored Plaintiff Brown's viable domestic violence matter, and then destroyed the criminal complaint form regarding said matter.

If police conceal exculpatory evidence and plaintiff is wrongfully convicted, this is a violation of his "fair trial" rights under the 14th Amendment due process clause and is actionable under Section 1983. *Fields v. Wharrie, 740 F.3d 1107 (7th state Cir. 2014).*

Defendant COWAN failed to follow procedural due process by falsely convicting Plaintiff during an unfair and unjust 'trial by judge' hearing. COWAN demonstrated bias and favoritism towards Deputies WARREN and LINDSAY, ignoring facts that made it obvious Plaintiff was innocent of the alleged crime and maliciously convicting her anyway. Plaintiff's innocence was eventually implied when, upon appeal of the conviction, the Injury to Personal Property case was dismissed for NISITP (Not In States Interest To Prosecute.

> iv. Deprivation of a Federal Right: Fourteenth Amendment Violation – Equal Protection - Class of One Claim (Against Defendants OATES and COWAN)

The Equal Protection Clause states, "nor shall any State ... deny to any person within its jurisdiction the equal protection

of the laws." A Section 1983 plaintiff may bring an equal
protection claim called a "Class of One" claim, even if he or
she does not allege membership in a protected class or group if
he or she is intentionally treated differently than others
similarly situated and there is no rational basis for the
disparate treatment. *Olech v. Village of Willowbrook, 528 U.S.
562 (2000).*

Defendant's OATES and COWAN, along with the rest of the
defendants, all used unequal application of the law against
Plaintiff by omitting her from the same treatment as everybody
else when the entire public community was given permission to
sign the pink vehicle, and Plaintiff was arrested for her
signage, but no other person was arrested that signed the
vehicle as well.

The actions of Defendant's OATES and COWAN, as explained herein,
violated Plaintiff's rights under the Fourteenth Amendment to
the United States Constitution.

### RESPONSE TO ARGUMENT C
**[THAT THIS COURT LACKS JURISDICTION WITH REGARD TO PLAINTIFF'S
NEGLIGENCE CLAIM AGAINST MAGISTRATE OATES]**

Only intentional conduct is actionable under Section 1983.
Negligence is insufficient to incur Section 1983 liability.
*Daniels v. Williams, 474 U.S. 327 (1986).* The Court has subject
jurisdiction with regard to the claims against OATES, because
Plaintiff's claims against Defendant OATES regarding the failure
to perform her duties as a Magistrate by failing to act in
accordance with her obligations, involved OATES' intentional
conduct, rather than negligent conduct alone.

Defendant OATES intentionally tampered with evidence by destroying the written criminal complaint form Plaintiff had submitted against her abuser in front of OATES at the Magistrate's Office on October 1st, 2021.

In the Criminal Complaint form, Plaintiff, as the victim in the matter, alleged against her abuser, "Assaulted me while I'm pregnant by strangling my throat, squeezing my torso to keep me restrained, said he wanted to kill me and my baby, said he would burn house with me in it, came towards me with my ax but I drove off before he could hurt me anymore. He stole the ax (worth $80)." These allegations demonstrate a combination of the following criminal offenses: assault and battery, assault on a female, assault by strangulation, communicating threats, and misdemeanor larceny. In this particular case, Plaintiff asks the court to take into consideration that she was 16 weeks pregnant at the time of the assault. Also, the suspect and Plaintiff had a personal relationship. See also *G.S. 15A-1340.16(d)(15)* (aggravating factor at felony sentencing for the defendant to have taken advantage of a position of trust and confidence, including a domestic relationship, in committing the offense).

A judicial official may issue a warrant for arrest only when he is supplied with sufficient information, supported by oath or affirmation, to make an independent judgment that there is probable cause to believe that a crime has been committed and that the person to be arrested committed it. The magistrate must take the victim's testimony under oath or affirmation. A judicial official shall not refuse to issue a warrant for the arrest of a person solely because a prior warrant has been issued for the arrest of another person involved in the same

matter. *N.C. Gen. Stat. 15A-304(d)*. The warrant must contain a statement of the crime of which the person to be arrested is accused. No warrant for arrest, nor any arrest made pursuant thereto, is invalid because of any technicality of pleading if the statement is sufficient to identify the crime. *N.C. Gen. Stat. 15A-304(c)*. Upon finding probable cause to believe that a crime of domestic violence has been committed, the magistrate should issue a warrant for arrest or a criminal summons." *N.C. Gen. Stat. 15A-304.*

If a Magistrate finds probable cause to issue an arrest warrant, the magistrate should do so, and where the allegations support more than one criminal charge, the Magistrate should charge the defendant with all alleged committed offenses. The magistrate should immediately advise the appropriate law enforcement agency of the warrant for arrest issued for the defendant so that the warrant will be served as soon as possible to ensure a timely arrest and protection of the victim.

Though the statute is permissive, the magistrate is advised to include the following specific release conditions on any order for pretrial release: That the defendant stay away from the victim (e.g., not threaten, harass, follow, or otherwise interfere with the victim). *N.C. Gen. Stat. 15A-534(a)*. That the defendant stay away from the home, school, business or place of employment of the alleged victim. That the defendant refrain from assaulting, beating, molesting, or wounding the alleged victim. *N.C. Gen. Stat. 15A-534(a)(2)*. That the defendant refrain from removing, damaging, or injuring specifically identified property.

By Magistrate OATES not only failing to issue the criminal charges against the defendant, but also completely removing/destroying the form from record, the Pretrial Release conditions that would have been set for Plaintiff's abuser, pursuant to *N.C. Gen. Stat. 15A-534.1*, were prevented.

Defendant OATES caused substantial interference with Plaintiff's victim's rights, by preventing a fair and impartial investigation of the domestic violence incident that Plaintiff was a victim in. OATES failed to perform her duties as a Magistrate, which includes providing to every person who is legally interested in a proceeding, the full right to be heard according to law. OATES subjecting Plaintiff to potential harm by not following procedural due process guidelines to order the protection of her as a victim. OATES' actions further reflected malice that was willful, wanton, reckless and of an extreme and aggravated character.

## II.   IN REGARDS TO FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED:

First, Plaintiff's complaint contains sufficient well-pleaded factual allegations that plausibly give rise to an entitlement to relief. The factual allegations are "plausible" because the court is able to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Second, the Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008)*.

Third, the Court must afford leeway to Pro Se litigants. "The
pleadings of pro se litigants are "liberally construed" and held
to a less exacting standard as those complaints drafted by
attorneys." *Tannenbaum v United States, 148 F. 3d 1262, 1263
(11th Cir. 1998).*

### RESPONSE TO ARGUMENT A

**[THAT PLAINTIFF'S CLAIMS AGAINST DEFENDANTS OATES AND COWAN ARE
BARRED BY ABSOLUTE JUDICIAL IMMUNITY]**

Judicial immunity is overcome only when the actions taken or not
in the judge's judicial capacity, or when taken in the complete
absence of all jurisdiction. *Forrester v. White, 484 U.S. 219
(1988); Stump v. Sparkman, 435 U.S. 349 (1978).* Whether an act
is "judicial" one is based on "the nature of the act itself,
i.e., whether it is a function normally performed by a judge,
and to the expectations of the parties, i.e., whether they dealt
with the judge in his judicial capacity." *Stump, 435 U.S. 349.*

Aside from the traditional acts that Magistrate OATES performed
in proceedings in which she had authority to do so, such as
making decisions on bail, OATES also took actions that were not
functions normally performed by a Magistrate, such as
removing/destroying the form that Plaintiff had submitted
against her abuser. Magistrate OATES is not entitled to judicial
immunity because she took actions that were performed outside of
her judicial capacity.

Defendants stated, "Plaintiff does not assert in her Complaint
that Magistrate OATES' actions taken outside of her judicial
capacity. Plaintiff's complaint concerns Magistrate OATES failed
to issue a warrant against Bunch based upon Plaintiff's

Complaint form." [Document 17-1, pg. 16]. However, Plaintiff's assertion about the actions OATES took outside of her judicial capacity, were in regards to the disappearance of the criminal complaint form that Plaintiff had filed with OATES against her abuser.

The following statements include the chain of events that demonstrate how Magistrate OATES took actions outside of her judicial capacity by destroying Plaintiff's criminal complaint form against her abuser:

The First event in the chain is when Plaintiff filled out a criminal complaint form against her abuser with on-duty Magistrate OATES on October 1st, 2021. On the form, she alleged she was 16 weeks pregnant with her abuser's baby, that he threatened to kill her and the baby, assaulted her by strangling her throat, squeezed her torso to keep her restrained, and came at her with an ax. [Document 1, Page 9].

The Second event in the chain is when, following Deputies WARREN and LINDSAY's discovery of Plaintiff's signage on the pink vehicle, the two of them went to Magistrate OATES to seek a criminal process against Plaintiff, alleging the criminal offense of "INJURY TO PERSONAL PROPERTY." [Document 1, Page 14]. Magistrate OATES conspired with WARREN and LINDSAY to deliberately and maliciously misuse the criminal process to retaliate against Plaintiff, because of their viewpoint-based discrimination of her protected expression of speech. Magistrate OATES, as a means to deter, impede, prevent, obstruct, hinder or otherwise deny the lawful exercise of rights of Plaintiff, authorized the warrant for her arrest, while knowing the warrant

affidavit deliberately contained false statements and omitted relevant information.

The Warrant for Arrest stated that Plaintiff "unlawfully and willfully did wantonly injure personal property, HENDERSON COUNTY SHERIFF'S OFFICE PATROL VEHICLE, CAR NUMBER SH 208, the property of HENDERSON COUNTY SHERIFF'S OFFICE. The damage caused was in excess of $200." [Document 16-2, pg. 2].

To determine whether any misstatements or omissions were material, the Court can subtract the misstatements from the warrant affidavit, and add the facts that were omitted, and then determine whether the warrant affidavit, with these corrections, would establish probable cause.

The statement, "unlawfully and willfully did wantonly injure personal property," is false because HCSO was willingly giving the entire public community an open invitation for signage on the pink patrol car as part of their event, and because they didn't agree with Plaintiff's signage, she was the only person to get arrested.

The statement, "The damage caused was in excess of $200," is a false statement because the vehicle was a regular Sheriff car that was wrapped in pink film that can be peeled off, and AdventHealth is who was responsible for funding the event and who paid for the car to be wrapped, rather than HCSO. It was also revealed later on that the car part was never actually replaced, but instead was covered with vinyl screening in that one area.

When subtracting the misstatements, and then adding the facts
that were omitted, such as that HCSO was willingly giving the
entire public community an open invitation for signage on the
pink car as part of their event, and that Plaintiff never
vandalized or damaged the vehicle whatsoever, but rather only
participated in HCSO's event, it becomes evident that with those
corrections, the warrant affidavit would not have established
probable cause to arrest Plaintiff.

The Third event in the chain is when, on that same day,
Magistrate OATES removed/destroyed the criminal complaint form
that Plaintiff had submitted, with her written testimony
regarding the assault incident. OATES did this to avoid
'conflict of interest' concerns in the Injury to Personal
Property matter, because she was both the Magistrate on-duty
when Plaintiff submitted the assault criminal complaint form,
and when Plaintiff was issued and served the Warrant for Arrest
for the Injury to Personal Property case.

The Fourth event in the chain is when, approximately 7 months
later, Plaintiff revisited the Magistrate's Office to ask if her
abuser had been served with the assault warrant yet, and she was
told by on-duty Magistrate Jernigan that the criminal complaint
form was never filed and that she was unable to locate any
record related to the charges whatsoever. [Document 1, Page 15].

The Fifth event in the chain is when Plaintiff revisited the
Magistrate's Office to speak to OATES herself, reminding her
that she was the Magistrate on duty when Plaintiff came to take
out assault charges against her abuser, for violently attacking
and strangling her while she was pregnant with his baby.
Plaintiff asked OATES why her abuser had not been served or

arrested yet, but OATES avoided her question. Plaintiff asked to see the original complaint form, but OATES was unable to locate the form. Plaintiff alleges that OATES seemed "panicked, uncomfortable, dismissive, and evasive," while Plaintiff remained "calm and polite." Magistrate OATES demanded Plaintiff to come back once OATES' shift ended and told Plaintiff that she needed to leave. [Document 1, Page 15].

The Sixth event in the chain is when Plaintiff returned to the Magistrate's Office to refile the assault charge, and was successfully able to do so. On the form, Magistrate Jernigan herself stated that the suspect picked Plaintiff up by her throat, pushed her up at her throat, and squeezed her neck. [Document 1, Page 16].

Plaintiff's abuser was eventually served with "Assault on a Female" charges, and the case was still being addressed in court up until Plaintiff's abuser was deemed deceased unexpectedly, which automatically dismissed her case against him. [Document 1, Page 16-17].

With all of that being said, it is evident that Defendant OATES' actions taken against Plaintiff were taken outside of her judicial capacity.

Under the doctrine of judicial immunity, Plaintiff could be forced to bear the full burden of the serious, irreparable injuries inflicted by the Judicial Officials, which were caused by their blatant violations of the Constitution. By the Court resorting to the current judicial immunity doctrine, it could prevent the Defendants being held accountable, and the unscrupulous Judicial Officials could escape liability for their

acts of retaliation, gross favoritism, improper seizure of
Plaintiff's person, unjust incarceration, and serious emotional
injuries inflicted by the Defendants, just to name a few things.

Aside from the forms of relief that Plaintiff had mentioned in
the Complaint that involved monetary or injunctive relief,
Plaintiff also included in her forms of relief sought: "a jury
trial on all appropriate issues," and "any and all other relief
and remedies that this court deems just and proper." [Document
1, Page 24]. Section 1988 allows the Court, in its discretion,
to allow the prevailing party a reasonable attorney's fee as
part of the costs to: Punish civil rights violations – not just
large violations; and Encourage the filing of meritorious claims
that might not otherwise be brought.

### RESPONSE TO ARGUMENT B
**[THAT PLAINTIFF'S CLAIMS PURPORTING TO RISE UNDER 18 U.S.C.
SECTION 3771 AND N.C. GEN. STAT. 15A-830.5 FAIL TO STATE A
CLAIM]**
NOTE: I am under the assumption that there was a typo in the
filing, and that Defendants incorrectly titled the section
header "D" when it should have been titled with the section
header as "B"

In *Davis v. Boeheim*, it was held that because the courts
recognize the plaintiff's right to seek redress as well, many
courts have declined from dismissing the case for failure to
state a claim, as long as the pleading meets the "minimum
standard necessary to resist dismissal of the complaint." *110
A.D.3d 1431 (N.Y. 2014).*

Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Fed. R. Civ. P. 8(a)(2)*, and that "[e]ach allegation must be simple, concise, and direct." *Fed. R. Civ. P. 8(d)(1)*. The Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligible,' not where a complaint suffers for 'lack of detail.'" *Epos Tech., 636 F. Supp. 2d at 63*. Here, the Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain."

In addition, Plaintiff asks the court to reflect back to her statements made earlier in this document regarding her claims against Defendant OATES violations of her Victim's Rights.

**CONCLUSION**

For the totality of the reasons stated within this document, and all the other reasons discussed in the Complaint, Plaintiff respectfully requests that the court deny the Judicial Defendants' Motion to Dismiss.

That is reasoned with the likelihood that Plaintiff will successfully prevail on the claims, as supported by her well-spoken factual assertion and the evidence to coincide with the valid allegations.

In addition, Plaintiff also asks the Court to weigh into consideration the severity of the alleged facts involved in this matter, or in other words, how unlawful the actions the Defendants took against Plaintiff were.

This 3 day of January 2024.

Mackenzie Elaine Brown,

Plaintiff & Pro Se Litigant

158 Haven Rd, East Flat Rock, NC 28726

P: 828-642-0406

E: mackenzieb0897@gmail.com

# CERTIFICATE OF SERVICE

I certify that I filed the foregoing via USPS mail to the U.S. Clerk of Courts

Office, and mailed a copy to the following attorney of the Defendants:


Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Fax: (919) 716-6755
eobrien@ncdoj.gov
State Bar No. 28885
Counsel for Defendants Oates & Cowan


Dated _Mackenzie Elaine Brown_
      JANUARY 3, 2024.

Mackenzie Elaine Brown,
Plaintiff & Pro Se Litigant
158 Haven Rd, East Flat
Rock, NC 28726
P: 828-642-0406
E: mackenzieb0897@gmail.com