IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:23-CV-270

| | |
|---|---|
| MACKENZIE ELAINE BROWN<br><br>        Plaintiffs,<br><br>v.<br><br>HENDERSON COUNTY<br>SHERIFF'S OFFICE, et al.<br><br>        Defendants. | **REPLY TO PLAINTIFF'S<br>RESPONSE TO DEFENDANTS'<br>MOTION TO DISMISS** |

## I.  PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM SHOULD BE DISMISSED

Plaintiff contends that Defendants Warren, Lindsay, and Landers arrested her "as a direct result for viewpoint-based discrimination of her expression of speech." [Document 21, p. 5].   While Plaintiff admits that she was convicted of injury to personal property, she contends that she was "falsely convicted due to being given an unfair and unjust 'trial by judge' hearing."  *Id.* at p. 7.  In *Cranford v. Kluttz*, 278 F.Supp.3d 848 (M.D.N.C. 2017), the district court considered a similar question. Plaintiff was found guilty of disorderly conduct in district court, and not guilty in superior court. *Id.* at 855.  Plaintiff claimed that the district court conviction did not establish probable cause because it was "obtained by unfair means, namely false information."  *Id.* at 869. In rejecting this claim and finding that the district court conviction established probable cause, the district court found that there was no

evidence of any false confessions or false testimony which demonstrated that the district court conviction was procured "fraudulently or unfairly." *Id*. (citations omitted). Likewise, in this case, Plaintiff makes no allegations that any false testimony was procured leading to her conviction, but only that her trial was "unfair and unjust." As a result, her retaliation claim based upon her arrest should be dismissed. See also *Humphreys v. Rowan- Salisbury Board of Education*, 2023 WL 2692433 at * 6 (M.D.N.C. 2023) (unpublished) (rejecting claim that district court and superior court convictions did not establish probable cause because they were "unfair" after Court of Appeals reversed the convictions).

Plaintiff claims Duncan retaliated against her by making "inaccurate, defamatory, and humiliating statements against [her] by publicizing a false portrayal of her arrest." [Document 21, p. 6]. As set forth in Defendants' brief in support of the motion to dismiss, there is no violation of the First Amendment when mugshots are posted unless it is "accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." [Document 16, p. 9]; *Randall v. Facebook, Inc*., 718 Fed. Appx. 99, 100 (4th Cir. 2017) (unpublished) (citations omitted). Plaintiff makes no allegations that the posting of her mugshots caused her, for instance, to lose her job or a job opportunity as a result of Duncan's posts. *See e.g. Witt v. Town of Brookside*, 2021 WL 4820654 at ** 13-14 (N.D. Al. 2021) (pleading the loss of a chance for a better job opportunity as a result of Facebook

and Crime Stopper posts satisfies the "stigma-plus" test for when defamatory speech can violate the Fourteenth Amendment.)

Plaintiff claims that Reese violated her First Amendment rights by "issu[ing] her an unnecessarily harsh punishment of a $550 fine for not answering her door the morning after the arrest." [Document 21, p. 6] However, as set forth in Defendants' motion, the fine issued by Reese was authorized by the Henderson County ordinance. [Document 16, p. 10]. Plaintiff also fails to explain how Reese's actions were in any way connected to her First Amendment actions of writing "12 Sux" on the pink patrol car. There are no allegations that Reese, unlike Warren, Lindsay, Landers, or Maybin even knew of Plaintiff's criminal conduct. While Plaintiff claims "[i]t is no coincidence that Defendant Reese showed up the morning after the false arrest," [Document 21, p. 8], the Fourth Circuit has characterized the "causal relationship" element for retaliation claims as "rigorous." *Huang v. Bd. of Governors of the Univ. of N.C.*, 902 F.2d 1134, 1140 (4th Cir.1990)). In order to demonstrate "this causal connection, a plaintiff in a retaliation case must show, at the very least, that the defendant was aware of her engaging in protected activity." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir.2005) (citation omitted).

Last, Plaintiff claims that Maybin "used intimidation tactics to interfere with Plaintiff's release by persuasively coercing bail agencies to not assist Plaintiff in

her process of bonding out of jail." [Document 21, p. 6]. This claim is belied by the fact that Plaintiff bonded out at 8:20 pm, less than three hours after she was processed into Jail. [Document 16, pp. 3-4]. Plaintiff also contends that Maybin violated her rights because Maybin " knew she was innocent yet still took actions to confine her…to jail anyway." [Document 21, p. 10]. As this Court knows, a detention officer cannot simply release someone from jail if they think that person is "innocent." N.C.G.S. § 15A-537 (a) ("any law-enforcement officer or custodial official having the person in custody must effect the release upon satisfying himself that the conditions of release have been met"). When Plaintiff made her bond, she was released- there are no allegations that Maybin unlawfully held Plaintiff after Plaintiff satisfied her conditions of release.

## II.      PLAINTIFF'S CONSPIRACY CLAIM SHOULD BE DISMISSED

In response to Defendants' motion to dismiss Plaintiff's conspiracy claim, Plaintiff "asks the Court to reflect back to her statements made earlier in this document regarding the Defendants' lack of probable cause." [Document 21, p. 10]. As Plaintiff's district court conviction established probable cause for her arrest, she cannot establish a conspiracy claim. *Hinkle v. City of Clarksburg*, 81 F.3d. 416, 421 (4th Cir. 1996) (conspiracy under section 1983 requires the deprivation of a constitutional right).

## III. PLAINTIFF'S HARASSING AND INTIMIDATING CONDUCT CLAIM SHOULD BE DISMISSED

In her response to Defendants' motion to dismiss the "harassing and intimidating" conduct claim, Plaintiff argues that 1) her arrest; 2) her being handcuffed; 3) the verbal abuse directed towards her; 4) the actions by Maybin to deny her bond; 5) Duncan's statement; 6) Reese giving her a ticket; and 7) the attempts to get her to plead guilty, amounted to harassment. [Document 21, pp. 11-14]. In essence, Plaintiff has packaged her First Amendment claims into a generic "harassing and intimidating" claim. As this claim stems from the same facts as Plaintiff's First Amendment claim, it should be dismissed as duplicative of that claim. *See Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010) ("[a]s a matter of judicial economy, courts should dismiss a claim if it is duplicative of another claim in the same suit."); *McGee v. District of Columbia*, 646 F.Supp.2d 115, 121–22 (D.D.C.2009) (noting that duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available.).

## IV. PLAINTIFF'S FALSE LIGHT CLAIM SHOULD BE DISMISSED

In response to the well-established law that "posting mugshots does not implicate First Amendment privacy rights," Plaintiff claims that her "false light" claim is based upon "the totality of the Facebook post he [Duncan] published,

including the context of the text in the post, not the mugshot images only."
[Document 21, pp. 14-15]. Plaintiff's claim fails, however, because she cannot show
that she suffered more than reputational damage. *See supra* pages 2-3. In addition,
while Plaintiff contends that Duncan's statements contained "calculated
falsehoods," she does not contend which statements were untrue. In fact, it is true
that 1) she "vandalized this tribute car," as evidenced by her conviction; 2) she was
taken to Jail in the "pink patrol car", and 3) she stayed in the "ole gray bar hotel," i.e
the Jail. [Document 21, p. 15].

## V.    PLAINTIFF'S EXCESSIVE FINE CLAIM

Plaintiff argues that since "[a]nimals are considered property," she would
suffer harm from "an erroneous deprivation of her animal, and she has been suffering
ever since…Reese put her animal at closer risk to that deprivation." [Document 21,
p. 16]. In addition to acknowledging that she suffered, at most, an increased risk of
deprivation, not any deprivation herself, it is also clear that Reese did not issue an
"excessive" fine, but only one within the limits set by the Henderson County
ordinances. [Document 16, p. 10]. As a result, this claim should be dismissed.

## VI.    PLAINTIFF'S INTIMIDATION CLAIM

Last, Plaintiff's "intimidation" claim against Maybin is predicated upon
Maybin allegedly "coercing" bonding companies to not bond out Plaintiff. In
response to Defendants' claim that Plaintiff bonded out in three hours and therefore

did not suffer any deprivation, Plaintiff "responds that 3 hours is 3 too many when [she] is innocent of the crime she is charged with, but…Maybin knew she was innocent."  [Document 21, pp. 17-18].  As set forth earlier, Maybin cannot unilaterally release individuals committed to the Jail unless they satisfy their conditions of release.  *See supra* page 4. Second, "a plaintiff seeking to recover for retaliation must show that the defendant's conduct resulted in something more than a 'de minimis inconvenience' to her exercise of First Amendment rights." *Am. C.L. Union of Md., Inc. v. Wicomico Cnty*., 999 F.2d 780, 786 n.6 (4th Cir. 1993). Plaintiff cannot do so in this claim.

## VII.  CONCLUSION

For the foregoing reasons, and those set forth in Defendants' motion to dismiss, Defendants respectfully request that the Court grant this motion to dismiss.

This 9th day of January, 2024.

<div style="margin-left:40%">

s/Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 S. College Street, Ste. 3500
Charlotte, North Carolina  28202
Telephone:  704-331-4992
Facsimile:  704-338-7814
Sean.Perrin@wbd-us.com
*Attorney for Defendants Henderson County Sheriff's Office, Robert Warren, Michael Lindsay, Crystal Landers, Johnny Duncan, Jr., Bradley Reese, and Brittany Maybin*

</div>

7

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via the CM/ ECF system and mailed the

foregoing to the following non CM/ ECF user as follows:

Mackenzie Elaine Brown
158 Haven Road
East Flat Rock, NC 28726

Dated: January 9, 2024.

s/Sean F. Perrin