IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No.: 1:23-CV-00270-MR-WCM

| | |
|---|---|
| MACKENZIE ELAINE BROWN, | |
| Plaintiff, | |
| v. | REPLY IN SUPPORT OF THE JUDICIAL DEFENDANTS' MOTION TO DISMISS |
| HENDERSON COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

**NOW COME** Defendants Susan N. Oates, Magistrate Judge for Judicial District 29B, in her individual and official capacity, and Emily Greene Cowan, former District Court Judge for Judicial District 29B, in her individual and official capacity (Judicial Defendants), and hereby submit this Reply in support of their Motion to Dismiss. [DE 17]

## ARGUMENT

In her response to Magistrate Oates and Judge Cowan's motion to dismiss, Plaintiff attempts to assert new claims and add factual allegations that are not part of the original complaint. [DE 25] Plaintiff also attaches three exhibits not attached to her Complaint. [DE 26] These claims and factual allegations are not raised in Plaintiff's Complaint, and Plaintiff cannot amend the complaint by alleging new claims in her response. *See Barclay White Skanska, Inc. v. Battele Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008); *United States v. Jones,* No. 87-7313, 1988 U.S. App.

1

LEXIS 19555, 1988 WL 21257, at *1 (4th Cir. 1988). These allegations and claims are not properly before the Court, and should be disregarded.

## I. Claims Asserted in the Complaint

Plaintiff's Complaint asserts the following 42 U.S.C. § 1983 claims against Defendant Oates: (1) a First Amendment viewpoint-based discrimination/retaliation claim (without further factual enhancement); (2) a Fourth Amendment conspiracy claim alleging her arrest was without probable cause, violating the Equal Protection clause; (3) a Fourth Amendment claim alleging harassment of Plaintiff; and (4) a due process claim for failing to follow victim's rights guidelines. [DE 1, p. 18]

Plaintiff also brings a claim of "violation of victim's rights pursuant to N.C. Gen. Stat. § 15A-830.5 or 18 U.S.C. § 3771, alleging Magistrate Oates "acted with negligence with omission by lack of diligence in pursing the viable domestic violence assault investigation . . . ." [DE 1, p. 19]

## II. The New Claims and Factual Assertions Are Subject to Dismissal

### a. Magistrate Oates

In her Response, Plaintiff alleges that Magistrate Oates deprived her of equal protection by "failing to act in accordance with procedural due process and victims rights guidelines when she ignored Plaintiff Brown's viable domestic violence matter, and then destroyed the criminal complaint form regarding said matter." [DE 25, p. 10] This argument contains both new factual allegations and legal claims, and need not be addressed by the Court.

2

However, if this Court chooses to addresses this new allegation/claim, regardless of theory, any cause of action based upon Magistrate Oates' judicial determination whether to issue process is barred by judicial immunity. *See Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) ("As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity.")

Further, the new factual allegation that Magistrate Oates "destroyed" the criminal complaint form Plaintiff filled out on October 1, 2021, does not form the basis of a cognizable legal claim. [DE 25, pp. 11-12, 14, 15, 18] Setting aside the implausibility of this factual allegation, it is unclear how the missing criminal complaint form supports any cause of action.

The exhibit filed by Plaintiff depicts an unsworn form. [DE 26, p. 4] The form states, although somewhat obscured by Plaintiff's pen, that after presenting the form, the magistrate "will then decide whether to issue a process based on your sworn testimony." [DE 16, p. 4] Plaintiff does not allege she gave sworn testimony, instead she alleges she filled out the criminal complaint form then exited the magistrate's office. [DE 1, p. 9]

When a citizen such as Plaintiff initiates a criminal matter, she must present to the magistrate "an affidavit or oral testimony under oath or affirmation." N.C. Gen. Stat. § 15A-304(b)(3) (2023). An affidavit is "[a] written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or

3

affirmation." *In re Ingram*, 74 N.C. App. 579, 580 (1985) (cleaned up.) The criminal complaint form does not meet this requirement.

Plaintiff also alleges that Magistrate Oates should have not only issued a warrant for arrest,[1] but also set pretrial release conditions. However, N.C. Gen. Stat. § 15A-534.1 shifts the responsibility of setting conditions of pretrial release in domestic violence cases to judges instead of magistrates. N.C. Gen. Stat. § 15A-534.1(a) (2023). For these reasons, allegations related to the missing criminal complaint form fail to form the basis of a cognizable legal claim.

All of Plaintiff's legal claims involving alleged violation of her rights as victim also fail. As a general matter, a victim of crime does not have a constitutional right to institute a criminal prosecution. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution.") (cleaned up). Moreover, a citizen does not have any judicially cognizable interest in the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Diamond v. Charles*, 476 U.S. 54, 64–65 (1986). Further, Plaintiff has not identified any federal or state law that would provide a private cause of action to her. As explained in the Judicial Defendants' Memorandum in Support of their Motion to Dismiss, 18 U.S.C. § 3771(e)(2)(A) is inapplicable to facts pled in the Complaint, and N.C. Gen. Stat. § 15A-830.5 expressly states that it does not create a

---

[1] Upon a finding of probable cause, a magistrate may only issue a criminal summons for a citizen-initiated criminal charge, not a warrant for arrest, unless certain conditions set out in N.C. Gen. Stat. § 15A-304(b)(1) or § 15A-304(b)(3)(a-c) are met. N.C. Gen. Stat. § 15A-304(b)(3) (2023). Plaintiff does not allege facts related to any of these enumerated prerequisites.

4

claim for damages against a State officer, such as Magistrate Oates. [DE 17-1, pp. 18-19] Finally, even if there were a violation of state law, it cannot give rise to a claim under 42 U.S.C. § 1983. *Love v. Pepersack*, 47 F.3d 120, 124 n.5 (4th Cir. 1995).

Finally, Plaintiff now asserts that Claim Two is not a negligence claim, but rather an unidentified claim based upon intentional conduct. [DE 25, pp. 11-14] Plaintiff alleges that "Oates' actions further reflected malice that was willful, wanton, reckless and of an extreme and aggravated character." [DE 25 p. 14] Plaintiff's Response intertwines state law and federal law, and the precise legal claim is difficult to discern. However, at the heart of this claim is Plaintiff's disagreement with Magistrate Oates' judicial decisions and argument that her rights as a crime victim were violated by Magistrate Oates.

As explained in the memorandum in support of the Judicial Defendants Motion to Dismiss, all allegations related to the issuance or non-issuance of criminal charges, as well as the setting of Plaintiff's bond, are judicial acts protected by absolute judicial immunity. [DE 17-1, pp. 14-18] Further, as explained in both the Judicial Defendants' memorandum and above, Plaintiff does not have a private cause of action against Magistrate Oates related to her alleged status as a victim of crime. Accordingly, all of Plaintiff's claims against Magistrate Oates, regardless of theory, should be dismissed.

### b. Judge Cowan

Plaintiff also asserts new factual allegations against Judge Cowan. The Complaint's sole factual allegation against Judge Cowan is that she denied Plaintiff's

5

Case 1:23-cv-00270-MR-WCM    Document 28    Filed 01/10/24    Page 5 of 7

motion to dismiss. [DE 1, p. 18] Plaintiff now argues that Judge Cowan "maliciously" convicted Plaintiff "during an unfair and unjust 'trial by judge' hearing,"[2] "demonstrated bias and favoritism towards Deputies Warren and Lindsay," and "ignored facts that made it obvious that Plaintiff was innocent." [DE 25, p. 10] These new factual allegations do nothing to overcome Judge Cowan's absolute judicial immunity, and all claims against Judge Cowan should be dismissed.

## CONCLUSION

For the reasons set out above and in the Judicial Defendants' Motion to Dismiss [DE 17, 17-1], the Judicial Defendants respectfully request this Court grant their Motion to Dismiss.

Respectfully submitted this the 10th day of January, 2024.

JOSHUA H. STEIN
Attorney General

/s/Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Fax: (919) 716-6755
eobrien@ncdoj.gov
State Bar No. 28885
*Counsel for Judicial Defendants*

---

[2] The Complaint alleges Plaintiff's attorney told her that she would have a jury trial on November 7, 2022. [DE 1, p. 16] However, this allegation is not plausible because North Carolina does not permit jury trials in criminal district court. N.C. Gen. Stat. § 7A-196 (2023).

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** using the CM/ECF system, which will send notification of such filing to all the counsel of record for the parties who participate in the CM/ECF system, and served the following party by mailing a copy of the foregoing through the U.S. Postal Service.

Mackenzie Elaine Brown
158 Haven Road
East Flat Rock, NC 28726
*Pro Se* Plaintiff

This the 10th day of January, 2024.

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice