FILED
ASHEVILLE, NC

APR 15 2024

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CASE NUMBER 1:23-CV-270**

MACKENZIE ELAINE BROWN

    Plaintiff

v.

HENDERSON COUNTY SHERIFF'S
OFFICE, et al.

    Defendants

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Mackenzie Elaine Brown, on this day of April 15, 2024, respectfully requests leave to file a First Amended Complaint. In support of this Motion, Plaintiff shows the Court:

1. On September 14, 2023, Plaintiff initiated this Section 1983 lawsuit against Defendants Henderson County Sheriff's Office, Robert Jordan Warren, Michael Scott Lindsay, Crystal D. Landers, Johnny E. Duncan Jr., Bradley R. Reece, Brittany Nicole Maybin, Susan N. Oates, and Emily Greene Cowan (collectively "Defendants") by filing a complaint that asserted civil action for deprivation of rights under 42 U.S. Code Section 1983.

2. Defendants Henderson County Sheriff's Office, Robert Jordan Warren, Michael Scott Lindsay, Crystal D. Landers, Johnny E.

Duncan Jr., Bradley R. Reece, and Brittany Nicole Maybin, (collectively the "HCSO Defendants"), filed a Motion to Dismiss on November 8, 2023, following Plaintiff's Complaint. Defendants Susan N. Oates and Emily Greene Cowan (collectively the "Judicial Defendants"), filed a Motion to Dismiss on December 1, 2023, following Plaintiff's Complaint.

3. On January 3, 2024, Plaintiff filed two Responses in Opposition to Defendant's Motions to Dismiss; one for the HCSO Defendants' Motion to Dismiss and one for the Judicial Defendants' Motion to Dismiss.

4. In reply to Plaintiff, the HCSO Defendants filed a Reply In Support of the HCSO Defendants' Motion to Dismiss on January 9, 2024, and the Judicial Defendants filed a Reply In Support of the Judicial Defendants' Motion to Dismiss on January 10, 2024.

5. In Plaintiff's original complaint, Plaintiff did not have adequate information to fully articulate the broad extent of the allegations against the Defendants.

6. Through this proposed First Amended Complaint, Plaintiff seeks to add more description to the information in her original complaint, as well as add additional claims against Defendants, bringing the total number of claims to fifteen.

7. Eight of the claims involve the 42 U.S.C. Section 1983 deprivation of rights claims, including freedom of speech violations, unlawful seizure by false arrest, malicious prosecution, harassment and intimidation, abuse of process, liberty interest violations, wrongful conviction, and equal

protection violations. The rest of the claims include conspiracy to interfere with civil rights, obstruction of justice, spoliation of evidence, violation of victims' rights, defamation of character, false light, and intentional infliction of emotional distress.

8. Federal Rule of Civil Procedure 15(a) provides that a court should freely grant leave to file an amended complaint when the interests of justice so require. It has been held that a motion to amend the complaint may only be denied upon a finding of prejudice to the opposing party, bad faith on the part of the moving party, or the futility of the amendment.

9. Plaintiff's proposed amendment is made in good faith with no indications of securing some ulterior tactical advantage, but rather, to ensure that Plaintiff's facts and allegations be corrected, clarified, and pleaded with as much specificity as possible, and that any technical defects or omissions in the original complaint be cured.

10. Plaintiff's proposed amendment relates to the same subject matter of the original complaint and therefore relates back to the date the original complaint was received.

11. Plaintiff's proposed amendment would not prejudice Defendants, because the proposed amendment would not require Defendants to expend significant additional resources on discovery or significantly delay the resolution of the dispute, because no scheduling conference has been set and discovery in the case has not yet taken place.

12. Considering that Defendants do not oppose this motion for leave to amend, the early stage of the case, the timeliness of this motion, and the proper criteria met of the relevant factors, Plaintiff respectfully requests that the Court grant leave to amend the complaint.

13. Plaintiff requests that the Court enter Plaintiff's First Amended Complaint attached hereto as Exhibit 1, and for such other relief as the Court deems just and proper.

Dated: April 15, 2024.

*Mackenzie Elaine Brown*

Mackenzie Elaine Brown

PLAINTIFF

PRO SE LITIGANT

158 Haven Rd, East Flat Rock, NC 28726

828-642-0406

mackenzieb0897@gmail.com

# <u>CERTIFICATE OF SERVICE</u>

I certify that I filed the foregoing to the U.S. Clerk of Courts Office, and mailed

a copy to the following attorney of the Defendants:


Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 S. College Street, Ste. 3500
Charlotte, North Carolina, 28202
Telephone: 704-331-4992
Facsimile: 704-338-7814
sean.perrin@wbd-us.com
Counsel for Defendants Henderson County Sheriff's Office, Robert Jordan
Warren, Michael Scott Lindsay, Crystal D. Landers, Johnny E. Duncan Jr.,
Bradley R. Reece, and Brittany Nicole Maybin.




Dated April 15, 2024.


*Mackenzie Elaine Brown*

Mackenzie Elaine Brown,
Plaintiff & Pro Se Litigant
158 Haven Rd, East Flat
Rock, NC 28726
P: 828-642-0406
E: mackenzieb0897@gmail.com

# <u>CERTIFICATE OF SERVICE</u>

I certify that I filed the foregoing to the U.S. Clerk of Courts Office, and mailed

a copy to the following attorney of the Defendants:


Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Fax: (919) 716-6755
eobrien@ncdoj.gov
State Bar No. 28885
Counsel for Defendants Oates & Cowan




Dated _April 15, 2024_ .


*Mackenzie Elaine Brown*

Mackenzie Elaine Brown,
Plaintiff & Pro Se Litigant
158 Haven Rd, East Flat
Rock, NC 28726
P: 828-642-0406
E: mackenzieb0897@gmail.com