IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00270-MR-WCM

| | |
|---|---|
| MACKENZIE ELAINE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| HENDERSON COUNTY ) | |
| SHERIFF'S OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Letters [Docs. 29; 30; 31].

Mackenzie Elaine Brown ("Plaintiff"), who is proceeding *pro se*, initiated this action by filing her Complaint on September 14, 2023. [Doc. 1]. By her letters, Plaintiff now requests that the Court waive the $181.00 fee she incurred for downloading documents via the Public Access to Court Electronic Records ("PACER") system.[1] [See Docs. 29; 30; 31].

---

[1] In its discretion, and considering Plaintiff's status as a *pro se* litigant, the Court will construe Plaintiff's letters as a motion to waive her PACER fee. However, Plaintiff is hereby advised that only motions in accord with the Local Rules of this Court may be ruled upon. Accordingly, any further letters filed by Plaintiff will be disregarded.

PACER allows users to "view and print case filings, judicial opinions, and other docket information from the federal trial, bankruptcy, and appellate courts." See In re Gollan, 728 F.3d 1033, 1035 (9th Cir. 2013). "PACER charges user fees to cover the costs of maintaining the service." Blackwell v. Soc. Sec., No. 23-CV-1865 (JRT/TFD), 2024 WL 169107, at *1 (D. Minn. Jan. 16, 2024); see also Luehring v. Los Angeles Cnty., No. 2:21-cv-01426, 2021 WL 4533275, at *1 (C.D. Cal. Aug. 4, 2021). However, "to ensure the fees do not impair public access to the courts," certain exemptions exist "for classes of persons for whom fees would be an unreasonable burden." In re Gollan, 728 F.3d at 1035 (internal quotation marks omitted). Specifically, the following fee exemptions are automatic:

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.
- Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.
- No fee is charged for access to judicial opinions.
- No fee is charged for viewing case information or documents at courthouse public access terminals.
- No fee is charged for Chapter 13 bankruptcy trustees to download quarterly (i.e., once every

> 90 days) a list of the trustee's cases from the
> PACER Case Locator.

See United States Courts, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed Apr. 19, 2024). In addition to these automatic exemptions, the Court may, in its discretion, grant a fee exemption where it finds "that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information[.]" Id.

Here, Plaintiff contends that the Court should waive her $181.00 PACER fee because she "can't afford to pay" it, and because she "was unaware that [she] would be charged for downloading documents" from PACER. [See, e.g., Doc. 31]. However, Plaintiff has not submitted any evidence indicating that it would be particularly burdensome for her to pay the fee she incurred. To the extent that she intends to rely on the Court's Order allowing her to proceed *in forma pauperis*, "the *in forma pauperis* statute does not provide that a court may exempt a litigant from fees associated with PACER." See Luehring, 2021 WL 4533275, at *1; see also 28 U.S.C. § 1915(a). Thus, "proceeding in *forma pauperis* is not in itself sufficient to establish that payment of PACER fees constitutes an unreasonable burden." See Luehring, 2021 WL 4533275, at *1; Olivia v.

Brookwood Coram I, LLC, No. 14-CV-2513 (JMA) (AYS), 2015 WL 1966357, at *1-*2 (E.D.N.Y Apr. 30, 2015) ("[A] party seeking a discretionary exemption [from PACER fees] cannot rely on his in forma pauperis status alone." (quotations and citations omitted)); Murray v. N.C. Dep't of Pub. Safety, No. 1:14CV985, 2014 WL 12651234, at *1 (M.D.N.C. Dec. 8, 2014); Katumbusi v. Gary, No. 2:14-CV-1534 JAM AC, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014) ("In forma pauperis status alone does not support a request to waive PACER fees.").

Additionally, as noted above, the automatic exemptions provide *pro se* litigants, such as Plaintiff, with a free copy of all the documents filed in their case. Thus, Plaintiff could have downloaded every document in her case without incurring *any* PACER fee—much less a nearly $200 fee. Moreover, while PACER fees are ordinarily $0.10 per page, the fee is capped at $3.00 per document. See United States Courts, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed Apr. 19, 2024). Therefore, excluding Court Orders, for which PACER does not charge, and the documents Plaintiff filed herself, she could have downloaded every document in her case *several*

times before incurring the fee here at issue.[2] Plaintiff has presented nothing as to what she downloaded and why such documents were needed relative to this case. Accordingly, Plaintiff has not demonstrated that the Court needs to waive her PACER fee to ensure her access to documents in her case.

In sum, Plaintiff has not demonstrated that paying her PACER fee would be unreasonably burdensome, nor has she shown that she needs free access to PACER to obtain information related to her case. Accordingly, her motion is denied.[3]

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Letters [Docs. 29; 30; 31] are hereby construed as a motion to waive her $181.00 PACER fee and that said motion is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed: April 23, 2024

Martin Reidinger
Chief United States District Judge

---

[2] Nineteen of the 32 documents in Plaintiff's case are either Court Orders or documents that she filed. Thus, even if the remaining 13 documents were all over thirty pages in length (they are not), Plaintiff could have downloaded each of them more than an additional four times before incurring a $181.00 fee.

[3] Plaintiff also notes that she was unaware that she would be charged for downloading documents through PACER. [See Doc. 31]. However, the Fee Schedule does not recognize this as a basis for waiving PACER fees. Moreover, the PACER system provides users with ample warning that they may be charged for accessing documents.