IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No.: 1:23-CV-00270-MR-WCM

| | |
|---|---|
| MACKENZIE ELAINE BROWN, | ) |
| Plaintiff, | ) |
| v. | ) RESPONSE IN OPPOSITION |
|  | ) TO PLAINTIFF'S MOTION |
| HENDERSON COUNTY SHERIFF'S OFFICE, et al., | ) FOR LEAVE TO FILE FIRST |
|  | ) AMENDED COMPLAINT |
| Defendants. | ) |

**NOW COME** Defendants Susan N. Oates, Magistrate Judge for Judicial District 29B, in her individual and official capacity, and Emily Greene Cowan, former District Court Judge for Judicial District 29B, in her individual and official capacity (Judicial Defendants), by and through Special Deputy Attorney General Elizabeth Curran O'Brien, and hereby submits their response in opposition to Plaintiff's motion to amend her complaint.[1]

## STATEMENT OF THE CASE

Plaintiff Mackenzie Brown, *pro se*, filed her complaint on September 14, 2023, pursuant to 42 U.S.C. § 1983, alleging violations of her rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and negligence. On

---

[1] In her Motion for Leave to File her First Amended Complaint, Plaintiff states that Defendants do not oppose her motion for leave to amend. [DE 32, ¶ 12] The Judicial Defendants have made no such representation to Plaintiff and do in fact oppose her motion.

1

December 1, 2023, the Judicial Defendants filed their motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. [DE 17] On January 3, 2024, Plaintiff filed her Response in Opposition of the Judicial Defendants' Motion to Dismiss. [DE 23] On January 10, 2024, the Judicial Defendants filed their Reply to Plaintiff's Response. [DE 28] On April 15, 2024, Plaintiff filed her Motion for Leave to File Amended Complaint. [DE 32]

Plaintiff's Proposed First Amended Complaint [DE 32-1] asserts fifteen claims. The Proposed First Amended Complaint asserts the following claims against the Judicial Defendants.

- <u>Claim One</u>: 42 U.S.C. § 1983 claim asserting First Amendment retaliation claims against Judicial Defendants.
- <u>Claim Two</u>: 42 U.S.C. § 1983 – Fourth Amendment – unlawful seizure – false arrest – against Oates.
- <u>Claim Three</u>: 42 U.S.C. § 1983 – Fourth Amendment – Malicious Prosecution – against Oates.
- <u>Claim Four</u>: 42 U.S.C. § 1983 – Fourth Amendment – Harassment and Intimidation – against Judicial Defendants.
- <u>Claim Five</u>: 42 U.S.C. § 1983 – Fourteenth Amendment – Procedural Due Process – Abuse of Process – against Oates.
- <u>Claim Six</u>: 42 U.S.C. § 1983 – Fourteenth Amendment – Procedural Due Process – Liberty Interest Claim – against Oates.
- <u>Claim Seven</u>: 42 U.S.C. § 1983 – Fourteenth Amendment – Procedural Due Process – Wrongful Conviction Claim – against Cowan.
- <u>Claim Eight</u>: 42 U.S.C. § 1983 – Fourteenth Amendment – Equal Protection Clause – Class of One – Judicial Defendants.
- <u>Claim Nine</u>: 42 U.S.C. § 1985 – Conspiracy to interfere with civil rights – Judicial Defendants.

2

- Claim Ten: Obstruction of Justice – against Oates.

- Claim Eleven: Spoilation of Evidence – against Oates.

- Claim Twelve: Violation of Victim's Rights – N.C. Const. art. I, § 37 – against Oates.

- Claim Fifteen: Intentional Infliction of Emotional Distress – Judicial Defendants.

Plaintiff asserts the following injuries related to the Judicial Defendants: (1) emotional distress; (2) financial burden; (3) violation of domestic violence victim's rights; (4) impeded access to justice; (5) undermined trust in the judicial system; (6) unfair and unjust mistrial; (7) damage to reputation and livelihood; (8) loss of self worth. [DE 32-1, p. 46-47]

Plaintiff seeks the following relief: (1) declaratory relief that Plaintiff's constitutional rights have been violated; (2) injunction to "correct violations and to ensure non-reoccurance" under threat of contempt; (3) nominal damages; (4) presumed damages for injury to reputation and mental suffering; (5) compensatory damages; (6) punitive damages; (7) "prospective relief for all relief other than monetary damages;" (8) "official reprimandence, demotion, suspension, or license revocation of Magistrate Oates; (9) suppression and deletion of "evidence or documentation" of her arrest and prosecution, including court files; (10) attorney's fees and/or pro se litigant fees; and (11) trial by jury. [DE 32-1, pp. 48-49]

## LAW AND ARGUMENT

Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend a pleading "once as a matter of course (A) within 21 days after serving it, or (B) if the pleading is one to

3

Case 1:23-cv-00270-MR-WCM    Document 35    Filed 04/29/24    Page 3 of 11

which a responsive pleading is required, 21 days after service of a responsive pleading, 21 days after service of a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In this matter, the Judicial Defendants filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b) on December 1, 2023. [DE 17]. Plaintiff did not amend her pleading prior to the 21-day deadline; as such, a motion pursuant to Fed. R. Civ. P. 15(a)(2) is required.

The decision to grant or deny a motion to amend is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Furthermore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

### I. The Motion Should Be Denied Because the Proposed First Amended Complaint Would Not Survive a Motion to Dismiss and is Therefore Futile

Plaintiff's proposed amendment is futile. "Courts may deny leave to amend a pleading if the amendment would have been futile. A proposed amendment is futile when it is 'clearly insufficient or frivolous on its face.' A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation, 914 F.3d 213, 228 (4th Cir. 2019) (citations omitted) (quoting Johnson, 785 F.2d at 510). "To determine whether a

proposed amended complaint would be futile, the Court reviews the revised complaint under the standard used to evaluate a motion to dismiss for failure to state a claim." Amaya v. DGS Constr., LLC, 326 F.R.D. 439, 451 (D. Md. 2018) (citing Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011)).

### A. Eleventh Amendment immunity and state sovereign immunity bar Plaintiff's official capacity claims.

Plaintiff's official capacity claims continue to be barred by the Eleventh Amendment. As explained in the Judicial Defendants' Memorandum in Support of their Motion to Dismiss, no exception to the Eleventh Amendment applies. [DE 17-1, pp. 7-10] Plaintiff's requested relief in her Proposed First Amended Complaint – an injunction to "correct violations and to ensure non-reoccurance" under threat of contempt, "prospective relief for all relief other than monetary damages," "official reprimandence, demotion, suspension, or license revocation of Magistrate Oates, and suppression and deletion of "evidence or documentation" of her arrest and prosecution, including court files – do not fall within in the Ex parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908) exception to Eleventh Amendment Immunity. Additionally, by its own express terms, the Ex parte Young exception does not apply to judicial officials. As the court explained "the right to enjoin an individual, even though a state official does not include the power to restrain a court from acting in any case brought before it," since "an injunction against a state court would be a violation of the whole scheme of our Government." Ex parte Young, 209 U.S. at 163.

Additionally, this Court has no authority to issue an order reprimanding, demoting or suspending a state judicial official. Moreover, judicial officials are not the custodian of court records, rather, the Clerk of Court is tasked with record keeping. N.C. Gen. Stat. § 7A-109. Finally, Plaintiff has not alleged any ongoing violation of federal law. Rather, her complaint, as relates to the judicial officials, relates only to instances of past conduct. Accordingly, Plaintiff's official capacity claims seeking monetary and injunctive relief are barred by the Eleventh Amendment. [DE 17-1, pp 7-10]

Likewise, all of Plaintiff's claims arising under North Carolina law against the Judicial Defendants in their official capacities are barred by state principals of sovereign immunity. "It is an established principal of jurisprudence, resting on grounds of sound public policy, that a state may not be sued in its own courts or elsewhere unless it has consented by statute to be sued or has otherwise waived its immunity from suit." Battle Ridge Companies v. N. Carolina Dep't of Transp., 161 N.C. App. 156, 157, 587 S.E.2d 426 (2003). Absent consent or waiver of the doctrine by the State, "the immunity provided by the doctrine is absolute and unqualified." Myers v. Bryant, 188 N.C. App. 585, 587, 655 S.E.2d 882 (2008). Consent or waiver are the only exceptions to state sovereign immunity, and neither are present here.

6

Case 1:23-cv-00270-MR-WCM    Document 35    Filed 04/29/24    Page 6 of 11

### B. Defendants Oates and Cowan, when sued in their official capacities, are not persons amenable to suit under 42 U.S.C. § 1983.

Plaintiff's Proposed First Amended Complaint fails to demonstrate that the Judicial Defendants, in their official capacities, are not subject to liability under 42 U.S.C. § 1983. [DE 17-1, p. 11]

### C. Plaintiff's claims continue to be barred by absolute judicial immunity.

As explained in the Judicial Defendants' Memorandum in Support of their Motion to Dismiss, absolute judicial immunity bars Plaintiff's claims against the Judicial Defendants.

Plaintiff's claims against Judge Cowan continue to be her disagreement of Judge Cowan's judicial decisions. It is well-established that absolute judicial immunity bars suits against judges by disgruntled litigants who disagree with their decisions. [DE 17-1, pp 14-18]

Plaintiff's claims against Magistrate Oates continue to be premised on her exercise of judicial discretion in failing to issue a warrant against Dillion Bunch and issuance of an arrest warrant against Plaintiff and set a bond. Magistrate Oates was acting in her judicial capacity when she performed both acts. [DE 17-1, p 17]

### D. Plaintiff continues to state a claim.

#### a. Crime victim claims

As explained in the Judicial Defendants' Reply in support of the Motion to Dismiss, all of Plaintiff's claims involving alleged violation of her rights as a victim fail. [DE 28, p. 4] Plaintiff does not have a constitutional right to institute a criminal

7

Case 1:23-cv-00270-MR-WCM    Document 35    Filed 04/29/24    Page 7 of 11

prosecution. Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990). Nor does the North Carolina constitution provide authority for a claim based on her rights as a crime victim. Instead, the North Carolina constitution states that "Nothing in this section shall be construed as creating a claim for money damages, or any cause of section, against the State, a county, a municipality, or any of the agencies, instrumentalities, or officer and employees thereof." N.C. Const. art. I, § 37(3).

### b. Spoilation of Evidence claim

Spoilation of evidence is not a legal claim, but rather a principle whereby a party's intentional destruction of evidence in its control before it is made available to an adverse party can give rise to an inference that the evidence destroyed would injure its case. Red Hill Hosiery Mill, Inc. v. MagneTek, Inc., 138 N.C. App. 70, 78, 530 S.E.2d 321 (2000).

### c. Obstruction of Justice claim

Plaintiff alleges in conclusory fashion that Magistrate Oates obstructed justice by "intentionally tampering with evidence by destroying the criminal complaint form" with "intent to impair that object's integrity or availability for use in an official proceeding." [DE 32-1, p. 36] Plaintiff's claim is premised on her belief that Magistrate Oates should have issued a warrant for Dillion Branch's arrest based upon information placed on a form, which cannot be located. While the photograph Plaintiff provided has a pen blocking out some of the text, the form states that "If you want the magistrate to issue an [warrant] or criminal summons, you must fill out this criminal complaint form and give it to the magistrate. *The Magistrate will then decide whether to issue a process*
8

*based on your testimony.*" [DE 26, p 4] (emphasis added). As explained in her Memorandum in support of her Motion to Dismiss, any claim based upon Magistrate Oates' failure to find probable cause to issue a warrant is barred by absolute judicial immunity. [DE 17-1] Additionally, Plaintiff does not have a right as a victim to have a person criminally prosecuted. Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988).

### d. Intentional Infliction of Emotional Distress

Plaintiff fails to provide factual support to establish the required elements of an Intentional Infliction of Emotional Distress claim. To establish a claim for intentional infliction of emotional distress, a plaintiff must allege (1) that the defendant engaged in extreme and outrageous conduct; (2) that the conduct was intended to cause severe emotional distress; and (3) that the conduct in fact caused severe emotional distress. See Turner v. Thomas, 369 N.C. 419, 427, 794 S.E.2d 439, 446 (2016); Waddle v. Sparks, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992); Dickens v. Puryear, 302 N.C. 437, 452–53, 276 S.E.2d 325, 335 (1981). To be considered "extreme and outrageous," the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 493, 340 S.E.2d 116, 123 (1986) (quotation omitted); see Turner, 369 N.C. at 427; West v. King's Dep't Store, Inc., 321 N.C. 698, 704, 365 S.E.2d 621, 625 (1988).

## CONCLUSION

To the extent the proposed First Amended Complaint provides more factual allegations against the Judicial Defendants, none of the new allegations overcome the

defenses put forth by Judicial Defendants in their Motion to Dismiss. Plaintiff's claims continue to be barred by the Eleventh Amendment, sovereign immunity, absolute judicial immunity and fail to state a claim. The proposed First Amended Complaint does not remedy any of those issues and would be subject to dismissal for the same reasons, and therefore the amendment is futile.

For the reasons stated herein, the Judicial Defendants respectfully request the Court deny Plaintiff's Motion for Leave to Amend her complaint as to the Judicial Defendants.

Respectfully, this the 29th day of April, 2024.

                JOSHUA H. STEIN
                Attorney General

                /s/ Elizabeth Curran O'Brien
                Elizabeth Curran O'Brien
                Special Deputy Attorney General
                N.C. State Bar No. 28885
                North Carolina Dept. of Justice
                P.O. Box 629
                Raleigh, NC 27602-0629
                Telephone: (919) 716-0091
                Facsimile: (919) 716-6755
                Email: eobrien@ncdoj.gov
                *Counsel for Judicial Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** using the CM/ECF system, which will send notification of such filing to all the counsel of record for the parties who participate in the CM/ECF system, and served the following party by mailing a copy of the foregoing through the U.S. Postal Service.

Mackenzie Elaine Brown
158 Haven Road
East Flat Rock, NC 28726
*Pro Se* Plaintiff

This the 29th day of April, 2024.

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice
