IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:23-CV-270

MACKENZIE ELAINE BROWN,

        Plaintiffs,

v.

HENDERSON COUNTY SHERIFF'S
OFFICE, et al.,

        Defendants.

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS AMENDED
COMPLAINT**

## I.    <u>INTRODUCTION</u>

Pro-se Plaintiff Mackenzie Brown brings this Amended Complaint pursuant to 42 U.S.C. § 1983 arising out of her arrest on October 1, 2021 against Henderson County Sheriff's Office ("HCSO"), HCSO employees Robert Warren, Michael Lindsay, Crystal Landers, Johnny Duncan, Jr., Bradley Reese, and Brittany Maybin (collectively "HCSO Defendants"), as well as Henderson County magistrate Susan Oates and Henderson County District Court Judge Emily Cowan. [Document 37, pp. 3-5].

Plaintiff brings the following claims against the HCSO Defendants: 1) 42 U.S.C. § 1983 retaliation in violation of the First Amendment against HCSO Defendants, [Document 37, pp. 24-26]; 2) 42 U.S.C. § 1983 false arrest against Warren, Lindsay, and HCSO, *id.* at pp. 26-27; 3) 42 U.S.C. § 1983 malicious

prosecution against Warren, Lindsay, and HCSO, *id*. at pp. 27-28; 4) 42 U.S.C. § 1983 harassment and intimidation against HCSO Defendants, *id*. at pp. 28-30; 5) 42 U.S.C. § 1983 procedural due process- abuse of process- against Warren, Lindsay, Landers, and HCSO, *id*. at pp. 30-31; 6) 42 U.S.C. § 1983 procedural due process- liberty interest- against Warren, Lindsay, Landers, Reece, Maybin, and HCSO, *id*. at pp. 31-32; 8) 42 U.S.C. § 1983 Fourteenth Amendment Equal Protection against HCSO Defendants, *id*. at pp. 33; 9) 42 U.S.C. § 1985 conspiracy to violate Plaintiff's rights against HCSO Defendants, *id*. at pp. 34-35; 13) Libel against Duncan and HCSO, *id*. at pp. 38-39; 14) Invasion of Privacy against Duncan and HCSO, *id*. at pp. 39-40; and 15) Intentional Infliction of Emotional distress against HCSO Defendants, *id*. at pp. 40-46.

As will be demonstrated, HCSO Defendants are entitled to dismissal for several reasons. First, HCSO is not a sueable entity and is entitled to dismissal of the entire Amended Complaint. Second, as evidenced by Plaintiff's conviction in Henderson County district court, there was probable cause for her arrest and her First Amendment retaliation, false arrest, and malicious prosecution claims fail. Plaintiff's allegations also do not state claims for section 1983 "harassment," due process, Equal Protection, or conspiracy. Last, her state tort claims should be dismissed because the libel claim is barred by the statute of limitations, and Plaintiff

fails to state a claim for invasion of privacy and intentional infliction of emotional distress.

## II.  <u>FACTS</u>

On October 1, 2021, Plaintiff went to the Henderson County Magistrate's Office to file assault charges against her former boyfriend. [Document 37, p. 7]. When she arrived at the Sheriff's Office, she observed a pink Sheriff's patrol car with five black Sharpie markers laid out on the trunk of the vehicle. *Id*. at p. 8. The patrol car appeared to have been written on with the sharpies. *Id*. at pp. 8-9.

After Plaintiff finished at the Magistrate's Office, she left and went towards the pink patrol car. *Id*. at p. 9. There were no rules regulations or directions about what the public could or could not write. *Id*. As a result, Plaintiff wrote, " 12 SUX" on the vehicle. *Id*.

Plaintiff went home and about an hour later, HCSO deputy sheriffs Robert Warren and Crystal Landers arrived at her house and arrested her for injury to personal property. *Id*. at p. 10; Exhibit 1.[1] After Plaintiff's arrest, Warren and Landers took pictures of her standing handcuffed in front of the pink patrol car. *Id*. at p. 11. Landers then drove Plaintiff to the Henderson County Jail in the back of the

---

[1] Exhibit 1 is the warrant for arrest in 21 CR 053859, *State v. MacKenzie Brown*. This public record may be considered by this Court without converting the moving defendants' motion to dismiss into a motion for summary judgment. *See Witthohn v. Fed. Ins. Co*., 164 F. App'x 395, 396-97 (4th Cir. 2006) ("[A] court may consider official public records, documents central to plaintiffs claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed."); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280,282 (E.D. Va 1995) (on a motion to dismiss, defendant may also attach "official public records pertinent to the plaintiffs' claims").

pink patrol car. *Id*. Plaintiff arrived at the Jail at 5:20 p.m, and was given a secured bond of $2,000. Exhibit 2.[2] Plaintiff contacted a friend to find a bail bondsman for her, and HCSO detention officer Brittany Maybin told Plaintiff that a bondsman was on the way. [Document 37, p. 13]. However, about thirty minutes later, Maybin informed Plaintiff that she might have to stay the entire weekend because no bondsman was willing to come get her anymore because "we told them what you wrote and they respect us so they don't want to come get you now." *Id*. at pp. 13-14. Eventually, Plaintiff bonded out the same day at 8:20 p.m. *Id* at p. 14; Exhibit 2, p. 1; Exhibit 3.[3]

At approximately 5:40 P.M. that same day, the Sheriff's Office made a post on their Facebook page "humiliating" Plaintiff which was typed by HCSO Public Information Officer Johnnie Duncan. [Document 37, p. 14.] The post showed Plaintiff standing handcuffed in front of the pink patrol car. *Id*. Based on this Facebook post, twenty one different online news sources scraped the data from the Facebook post and re-published the story. *Id*. at pp. 15-16. Plaintiff and her family requested that the Facebook post be removed, but it was not removed. *Id*. at p. 16.

---

[2] Exhibit 2 is Plaintiff's conditions of release and release order. This public record may also be considered by this Court without converting the moving defendants' motion to dismiss into a motion for summary judgment. *See* note 1, *supra*.

[3] Exhibit 3 is Plaintiff's appearance bond for pretrial release. This public record may also be considered by this Court without converting the moving defendants' motion to dismiss into a motion for summary judgment. *See* note 1, *supra*.

4

The next morning, October 2, Plaintiff had a paper taped to her door with a fine of $550 by HCSO Animal Control officer Bradley Reese who performed a "random and unexpected dangerous dog inspection." *Id*. Plaintiff believes that a warning instead of a citation violation would have been much more reasonable because she was sleeping when Reese came to her house. *Id*. Reese, however, rescinded the fine. *Id*. at p. 17.

Plaintiff was subsequently convicted of injury to personal property in Henderson County district court. Exhibit 4.[4] Plaintiff appealed her conviction to Henderson County Superior Court. [Document 37, p. 22-23]. On October 25, 2022, the charges against Plaintiff were dismissed by the District Attorney's Office. *Id*. at p. 23; Exhibit 5.[5]

## III.   ARGUMENT

A complaint must give defendants "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007). To meet this requirement, the complaint must be supported by factual allegations. "While legal conclusions can provide the framework of the complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to presumption of truth. *Ashcroft v.*

---

[4] Exhibit 4 is Plaintiff's judgment and commitment. This public record may also be considered by this Court without converting the moving defendants' motion to dismiss into a motion for summary judgment. *See* note 1, *supra*.
[5] Exhibit 5 is the dismissal filed in superior court. This public record may also be considered by this Court without converting the moving defendants' motion to dismiss into a motion for summary judgment. *See* note 1, *supra*.

5

*Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009). To survive a motion to dismiss, a plaintiff's complaint must allege "more than an unadorned, the defendant-unlawfully-harmed- me accusation." *Id*. at 678, 129 S.Ct. at 1949. As the United States Supreme Court explained in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. (internal citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678, 129 S.Ct. at 1949-1950.

While complaints of pro-se litigants are accorded liberal construction, the requirement of liberal construction does not mean that a Court can ignore a clear failure to allege facts which fail to state a claim. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.1990).

A. <u>HCSO IS ENTITLED TO DISMISSAL BECAUSE IT IS NOT A SUABLE ENTITY UNDER NORTH CAROLINA LAW</u>

The capacity of an entity to sue or be sued is "determined by the law of the state where the court is located." F. R. Civ. P. 17(b). *See also Avery v. Burke County*, 660 F.2d 111, 113-14 (4th Cir.1981)) ("State law dictates whether a governmental agency has the capacity to be sued in federal court.").

In North Carolina, it is well established that "unless a statute provides to the contrary, only persons in being may be sued. [citations]." *Coleman v. Cooper*, 89 N. C. App. 188, 192, 366 S.E.2d 2, 5 (1988) (a police department is not a suable entity

6

given the absence of any statute "authorizing suit against the police department"). As there is no statute authorizing suit against HCSO, it is entitled to dismissal as a matter of law. *Parker v. Bladen County*, 583 F.Supp.2d 736, 740 (E.D.N.C. 2008) (Bladen County Sheriff's Office is a nonsuable entity); *Efird v. Riley*, 342 F.Supp.2d 413, 420 (W.D.N.C. 2004) (dismissing claims against county sheriff's department for lack of capacity to be sued.)

### B. FIRST, SECOND, AND THIRD CLAIMS: PLAINTIFF'S FIRST AMENDMENT, FALSE ARREST, AND MALICIOUS PROSECUTION CLAIMS SHOULD BE DISMISSED

Plaintiff's First Amendment retaliation, false arrest, and malicious prosecution claims are all based upon her arrest for writing "12 sux" on the patrol car. [Document 37, pp. 24, 26-28.] In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) she engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected [her] First Amendment rights, and (3) there was a causal relationship between [her] protected activity and the defendant['s] conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (*quoting Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474,499 (4th Cir. 2005)).

First, the retaliation by arrest claim against Warren, Lindsay, and Landers is barred because there was probable cause for Plaintiff's arrest. In *Nieves v. Bartlett*, 587-U.S. 391, 402, 139 S.Ct. 1715, 1724 (2019), the United States Supreme Court

held that a First Amendment retaliatory-arrest claim fails as a matter of law if there was "probable cause for the arrest." Probable cause for an arrest "means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed ... an offense." *Cahaly v. Larosa*, 796 F.3d 399,407 (4th Cir. 2015) (internal quotation marks omitted).

As courts within the Fourth Circuit have held, "[t]he general rule is that [a district court] conviction, even though it was later overturned on appeal, conclusively establishes probable cause for the arrest." *Elabanjo v. Bellevance*, 2014 WL 222097 at *6 (M.D.N.C. 2014), report and recommendation adopted, 2014 WL 793791 (M.D.N.C. 2014); *Hoover v. McDowell Cty.*, 1998 WL 398825, at *3 (4th Cir. June 15, 1998) (per curiam). *See also Myrick v. Cooley*, 91 N.C.App. 209,214,371 S.E.2d 492,495 (1988) ("in the absence of a showing that the District Court conviction of [Plaintiff] was obtained improperly, the conviction establishes, as a matter of law, the existence of probable cause for his arrest and defeats both his federal and state claims for false arrest or imprisonment.")

In this case, it is undisputed that Plaintiff was convicted in Henderson County district court for injury to personal property. Exhibit 4. Although the State of North Carolina ultimately dismissed this charge in superior court, Exhibit 5, Plaintiff has not alleged that the district court conviction was somehow improperly obtained. As

a result, there was probable cause for her arrest, and Plaintiff's retaliatory First Amendment claim against Warren, Lindsay, and Landers fails.

Plaintiff's conviction for injury to personal property also bars her false arrest and malicious prosecution claims. To state a claim for false arrest, a plaintiff must allege that the arrest was made without a warrant and without probable cause. *See Miller v. Prince George's Cnty.*, Md., 475 F.3d 621,627 (4th Cir. 2007). A conviction in district court establishes probable cause for that arrest. *Mosk v. Gaston County*, 2018 WL 1566339 at **4-5 (W.D.N.C. 2018) (unpublished) (dismissing false arrest claim where Plaintiff was found guilty of misdemeanors in state court because that establishes probable cause). A section 1983 malicious prosecution claim is "nothing more than a § 1983 claim arising from a Fourth Amendment violation." *Lambert v. Williams*, 223 F.3d 257,259 (4th Cir.2000). A showing of probable cause therefore defeats any malicious prosecution claim. *Wilkerson v. Hester*, 114 F.Supp.2d. 446,452 (W.D.N.C. 2000).

In addition to her claim that she was retaliated against by being arrested, Plaintiff alleges three other retaliatory acts: 1) Maybin allegedly contacting bonding companies about Plaintiff's conduct; 3) Duncan putting her picture on the HCSO facebook site; and 4) Reese giving her a "dangerous dog" citation. [Document 37, pp. 24-25]. These allegations do not state a retaliation claim.

Maybin's act of allegedly persuading several bond companies to deny Plaintiff her release through their agencies, [Document 37, p. 24] does not state a claim because Maybin's act did not adversely affect Plaintiffs rights. *Martin*, 858 F.3d. at 249. Plaintiff bonded out less than three hours after being admitted into Jail. [Document 37, p. 14]; Exhibits 2, 3.

Plaintiff's First Amendment retaliation claim against Duncan for allegedly posting a Facebook post about Plaintiff's arrest [Document 37, p. 24] also fails because Plaintiff's First Amendment rights were not affected. *Martin,* 858 F.3d. at 249. Numerous courts have held that posting mugshots, or similar photographs, to the public or on public websites does not implicate the Constitution. For instance, in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155 (1976), Plaintiff sued a police chief for violating his Fourteenth Amendment rights over the police chiefs distribution of "active shoplifter" posters to merchants which identified Plaintiff. The Supreme Court held that Plaintiff suffered no deprivation of liberty under the Fourteenth Amendment resulting from injury to his reputation because stigma or "reputation alone, apart from some more tangible interests such as employment," is not "liberty" within the meaning of the Due Process Clause. *Id*. at 701-702, 96 S.Ct. at 1160-1161. The Supreme Court stated that to succeed on this type of claim, a plaintiff must show: (1) a statement "stigmatizing his good name" and damaging his standing in the community; (2) some type of dissemination or publication of the statement; and

(3) some other government action that "alter[s] or extinguishe[s] one of his legal rights." *Id*. at 706-11, 96 S.Ct. at 1163-1165. In other words, simply defaming a party by making his or her mugshot public, without more, does not state a claim. Plaintiff fails to allege that Duncan's posting of her mugshot "alter[e]d or extinguishe[d]" her legal rights. In *Paul*, the Supreme Court also held that Defendants did not violate Plaintiff's right to privacy under the First, Fourth, Fifth Ninth, or Fourteenth Amendments because:

> he claims constitutional protection against the disclosure of the fact of his arrest on a shoplifting charge. His claim is based, not upon any challenge to the State's ability to restrict his freedom of action in a sphere contended to be "private," but instead on a claim that the State may not publicize a record of an official act such as an arrest. None of our substantive privacy decisions hold this or anything like this, and we decline to enlarge them in this manner."

*Id*. at 713, 96 S.Ct. at 1166. *See also Paul P. v. Vemiero*, 170 F.3d 396, 403 (3d Cir. 1999) (it is well established "that arrest records and related information are not protected by a right to privacy."); *Houston v. County of Maricopa*-F. Supp.3d.--, 2023 WL 2877617 at* 4-9 (D.Az. 2023) (posting mugshot of person charged with assault which third party websites "scraped" does violate Plaintiffs procedural or due process rights.); *Tramaglini v. Martin*, 2019 WL 4254467 at* 6 (D.N.J. 2019) (disclosure of mugshot does not violated right to privacy).

Plaintiff's retaliation claim against Reese alleges that he gave her a ticket with an excessive fine for having a dangerous dog. [Document 37, pp. 24-25]. This

11

retaliation claims fails for three reasons. First, Plaintiff fails to allege how Reese's writing her a ticket was related to her writing "12 Sux" on the pink patrol car. *Martin,* 858 F.3d. at 249 (4th Cir. 2017). Second, Plaintiff admits that Reese agreed to "take away the$ 550 charge," [Document 37, p. 17], so Plaintiff did not suffer any adverse affect on her First Amendment rights. *Martin*, 858 F.3d. at 249. Last, Reese's actions in giving Plaintiff a fine is consistent with the Henderson County ordinance which authorizes fines in this amount. Henderson County Ordinance § 16-19. *See* https://www.hendersoncountync.gov/code-document/article-i-general-provisions-chapter-16.

.

### C. FOURTH CLAIM: THE FOURTH AMENDMENT HARASSING AND INTIMIDATION CLAIM SHOULD BE DISMISSED

Plaintiff next claims that HCSO Defendants harassed and intimidated her in violation of the Fourth Amendment. [Document 37, pp. 28-30] This claim fails for several reasons. First, a section 1983 harassment and intimidation claim is not actionable. *Walker v. Johnson*, 446 F.Supp.3d. 88, 102 (W.D.Va. 2020) (" Walker does not cite, and the court is unable find, any published decisions from the Fourth Circuit recognizing an independent claim for police harassment.").

Second, assuming that Plaintiff could bring an independent harassment and intimidation claim, the "harassment" Plaintiff identifies are 1) her arrest; 2) her

picture being taken; 3) being insulted by Landers and Maybin; 4) Maybin "imped[ing] Plaintiff's release from jail; 5) Duncan posting statements about Plaintiff on Facebook; and 6) Reece giving her a fine. [Document 37, pp. 29-30].

As set forth earlier, these actions did not violate her rights and cannot be considered "harassment," even if an independent harassment claim is actionable.

###    D.    FIFTH AND SIXTH CLAIMS: PLAINTIFF'S PROCEDURAL DUE PROCESS CLAIMS SHOULD BE DISMISSED

Plaintiff brings two separate procedural due process claims: 1) abuse of process against Warren, Lindsay, Landers, and HCSO, [Document 37, pp. 30-31]; and 2) liberty interest against Warren, Lindsay, Landers, Reece, Maybin, and HCSO, *id*. at pp. 31-32.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. In order to state a procedural due process claim, Plaintiff must: "(1) identify a protected liberty or a property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245,248 (4th Cir. 2015).

For her abuse of process claim, Plaintiff contends that Warren, Lindsay, and Landers "knew that Plaintiff did not commit the alleged crime" and "misused the criminal court process with ulterior motive, by effecting a Warrant for Plaintiff's

arrest with intent to retaliate against Plaintiff because they took offense to her protected expression of speech." [Document 37, p. 31].

A § 1983 abuse of process claim "emphasizes the difference between improper initiation and improper use of process; each requires improper use as a necessary element." *Ballock v. Costlow*, 2019 WL 7038263 at *5 (N.D. W. Va. 2019) (*citing Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994). As one district court stated, "[a]lthough the Fourth Circuit has not explicitly analyzed the nature of an abuse of process claim under § 1983, other circuits have held that abuse of process is, in effect, a denial of procedural due process." *Ballock*, 2019 WL 7038263 at *5; *Cramer v. Crutchfield*, 496 F. Supp. 949, 952 (E.D. Va. 1980), *aff'd*, 648 F.2d 943 (4th Cir. 1981) (finding that the plaintiff's abuse of process and malicious prosecution claims failed because "he was accorded the full measure of the due process of law to which he was entitled under the Fourteenth Amendment"). Plaintiff's claim for abuse of process fails, first, because there was no "improper use." Plaintiff was convicted of injury to personal property in Henderson County District Court. Second, Plaintiff does not allege that she was denied any process. A magistrate issued a warrant upon a showing of probable cause, and Plaintiff was taken before a judicial official. Exhibits 2-3. *See Hines v. Johnson*, 2020 WL 1516397 at * 11 (M.D.N.C. 2000) (unpublished) (dismissing section 1983 abuse of

process claim where "Plaintiffs fail to include any facts tending to show an 'improper use of process' or that they were deprived of due process in any way.").

Plaintiff's second procedural due process claim, liberty interest, also fails. Plaintiff contends that 1) Warren, Lindsey, and Landers took out charges against her; 2) Maybin used "intimidation tactics" to coerce bonding companies not to help her; and 3) Reese issued her an "ultimatum" by threatening a fine which placed her dog closer to euthanasia. [Document 37, p. 32]. As set forth earlier, Plaintiff was given all the process she was entitled to, and was convicted in Henderson County District Court. The claim against Maybin also fails. The Due Process Clause of the Fourteenth Amendment does not provide an absolute right to be released on bond. *See United States v. Salerno*, 481 U.S. 739, 748, 107 S.Ct. 2095, 2102 (1987). Plaintiff also suffered no deprivation of any liberty as she was released less than three hours after she was incarcerated. Exhibits 2 and 3. Maybin's "intimidation tactics" are akin to verbal abuse which is not actionable under section 1983. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) ("[m]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under§ 1983."). With respect to Reese, Plaintiff does not allege that she was deprived of any liberty interest. Her fine was rescinded, and her dog was not euthanized. [Document 37, pp. 16-17]. "Where a plaintiff fails to identify a protectable liberty or property interest that is placed in jeopardy by a defendant's actions, he fails to establish that

he is owed any level of procedural protection." *Montgomery v. Medie*, 535 F. Supp. 3d 522, 526 (E.D. Va. 2021).

### D.   EIGHTH CLAIM: PLAINTIFF'S EQUAL PROTECTION CLASS OF ONE CLAIM SHOULD BE DISMISSED

Plaintiff contends that Warren, Lindsay, and Landers violated her equal protection rights by arresting her, and that Duncan, Rees, and Maybin harassed her. [Document 37, p. 33]. To succeed on an equal protection "class of one" claim under § 1983, Plaintiff must first show that she has been treated differently from others with whom she is similarly situated and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000). Under rational basis review, a plaintiff must "negate 'any reasonably conceivable state of facts that could provide a rational basis for the classification.' " *Kirby v. Elizabeth City*, 388 F.3d 440, 448 (4th Cir.2004) (*quoting Bd. of Trustees v. Garrett*, 531 U.S. 356, 367, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001)). In this case, the "rational basis" for her arrest was that she was observed committing a crime. *Herman v. Lackey*, 309 Fed. Appx. 778, 785 (4th Cir. 2009) (where there is a rational scenario for defendants' conduct, plaintiff's Equal Protection claim fails). Plaintiff has also not identified any individuals who were also caught writing similar messages on the patrol car, and not arrested. *SAS Associates 1, LLC v. City Council for City of Chesapeake, Virginia*, 91 F.4th 715,

722-723 (4ᵗʰ Cir. 2024) (where no valid comparators are pled, an Equal Protection claim fails).

### E. NINTH CLAIM: THE CONSPIRACY TO VIOLATE PLAINTIFF'S RIGHTS UNDER THE FOURTH AMENDMENT SHOULD BE DISMISSED

Plaintiff's claim that Warren, Lindsay, and Landers conspired with Magistrate Oates to arrest Plaintiff without probable cause should be dismissed because there was probable cause for Plaintiff's arrest. In order to state a conspiracy claim under 42 U.S.C. §§ 1983, 1985, a plaintiff must allege "concrete facts" showing that defendants entered a conspiracy which deprived the plaintiff of his civil rights. *Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009). Plaintiff must allege that two or more persons acted in concert to commit an unlawful act or to commit a lawful act by unlawful means. *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). As there was probable cause for Plaintiff's arrest, there can be "no unlawful act" or a "lawful act by unlawful means," and Plaintiffs conspiracy claim necessarily fails.

### F. THIRTEENTH, FOURTEENTH, AND FIFTEENTH CLAIMS: PLAINTIFF'S STATE TORT CLAIMS SHOULD BE DISMISSED

Defendants request that this Court exercise jurisdiction over Plaintiff's remaining state claims because they arise from the same set of facts as those

advanced in the federal claims. *Shanaghan v. Cahill*, 58 F.3d. 106, 110 (4th Cir. 1995).

Plaintiff's libel claim is barred by the one-year statute of limitation for libel set forth in N.C.G.S. § 1-54(3). This claim accrued on October 1, 2021, the date Duncan posted the Facebook posts. [Document 37, pp. 7, 14-15]; *Price v. Penney Co.*, 216 S.E.2d 154, 156 (1975). Plaintiff's Complaint was filed on September 18, 2023, more than one year after the posting. [Document 3].

Plaintiff's "invasion of privacy- false light" claim should also be dismissed. [Document 37, p. 39]. North Carolina does not recognize a cause of action for invasion of privacy- false light. *See Renwick v. News and Observer Pub. Co.*, 310 N.C. 312, 321, 312 S.E.2d. 405, 410 (1984) ("We will not expand the tort of invasion of privacy recognized in this jurisdiction to include "false light" invasions of privacy.") *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 29, 588 S.E.2d. 20, 27 (2003) ("[n]either does North Carolina recognize a cause of action for false light in the public eye invasion of privacy.").

Plaintiff's intentional infliction of emotional distress claim should also be dismissed. This claim exists "when a defendant's 'conduct exceeds all bounds usually tolerated by decent society' and the conduct 'causes mental distress of a very serious kind."' *Stanback v. Stanback*, 297 N.C. 181, 196, 254 S.E.2d 611, 622 (1979) (internal citations omitted). Conduct is extreme and outrageous when it is "so

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Briggs v. Rosenthal*, 73 N.C.App. 672,677,327 S.E.2d 308,311, (1985). As there was probable cause for Plaintiff's arrest, there can be no "outrageous" and "extreme" conduct. *Hullender v. City of Kings Mountain*, 2002 WL 1919560 at * 6 (W.D.N.C. 2002) (unpublished) ("[t]here simply is no way that an arrest based upon probable cause can, standing alone, 'exceed all bounds of decency'" to support an intentional infliction of emotional distress claim). In addition, the other conduct identified by Plaintiff- Facebook posts, comments at the Jail, and Reese performing a dangerous dog inspection, do not constitute "extreme and outrageous conduct."

## IV.    CONCLUSION

For the foregoing reasons, HCSO Defendants respectfully request that the Court grant this motion to dismiss.

This 24th day of May, 2024.

<div style="margin-left: 40%;">

*s/Sean F. Perrin*
Womble Bond Dickinson (US) LLP
301 S. College Street, Ste. 3500
Charlotte, North Carolina 28202
Telephone: 704-331-4992
Facsimile: 704-338-7814
Sean.Perrin@wbd-us.com
*Attorney for Defendants Henderson County*
*Sheriff's Office, Robert Warren, Michael*
*Lindsay, Crystal Landers, Johnny Duncan,*
*Jr., Bradley Reese, and Brittany Maybin*

</div>

## *CERTIFICATE OF SERVICE*

I certify that I filed the foregoing via the CM/ ECF system and mailed the

foregoing to the following non CM/ ECF user as follows:

Mackenzie Elaine Brown
158 Haven Road
East Flat Rock, NC 28726

Dated: May 24, 2024

*s/Sean F. Perrin*