IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No.: 1:23-CV-00270-MR-WCM

| | | |
|---|---|---|
| MACKENZIE ELAINE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW IN |
| | ) | SUPPORT OF JUDICIAL |
| v. | ) | DEFENDANTS' MOTION TO |
| | ) | DISMISS AMENDED |
| HENDERSON COUNTY SHERIFF'S | ) | COMPLAINT |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOW COME** Defendants Susan N. Oates, Magistrate Judge for Judicial District 29B, in her individual and official capacity, and Emily Greene Cowan, former District Court Judge for Judicial District 29B, in her individual and official capacity (Judicial Defendants), and hereby submit this memorandum of law in support of their motion to dismiss Plaintiff's Amended Complaint [DE 37] pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## STATEMENT OF THE CASE

Plaintiff Mackenzie Brown, *pro se*, originally filed this action on September 14, 2023, pursuant to 42 U.S.C. § 1983, alleging violations of her rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and negligence. [DE 1] All defendants filed motions to dismiss, which were fully briefed. [DE 15-17, 19-28] On April 15, 2024, Plaintiff moved the Court for leave to amend her complaint [DE 32], which this Court allowed. [DE 36] On May 13, 2024, Plaintiff filed

1

her Amended Complaint. [DE 37] On May 14, 2024, this Court denied the defendants'

motions to dismiss as moot as a matter of law. [DE 38]

The First Amended Complaint asserts fifteen claims, all brought pursuant to

42 U.S.C. § 1983. [DE 37, p. 2] Plaintiff brings the following claims against one or

both of the Judicial Defendants:

- <u>Claim One</u>: First Amendment retaliation claims – against Judicial Defendants.

- <u>Claim Two</u>: Fourth Amendment – unlawful seizure – false arrest – against Oates.

- <u>Claim Three</u>: Fourth Amendment – Malicious Prosecution – against Oates.

- <u>Claim Four</u>: Fourth Amendment – Harassment and Intimidation – against Judicial Defendants.

- <u>Claim Five</u>: Fourteenth Amendment – Procedural Due Process – Abuse of Process – against Oates.

- <u>Claim Six</u>: Fourteenth Amendment – Procedural Due Process – Liberty Interest Claim – against Oates.

- <u>Claim Seven</u>: Fourteenth Amendment – Procedural Due Process – Wrongful Conviction Claim – against Cowan.

- <u>Claim Eight</u>: Fourteenth Amendment – Equal Protection Clause – Class of One – Judicial Defendants.

- <u>Claim Nine</u>: Conspiracy to interfere with civil rights – Judicial Defendants.

- <u>Claim Ten</u>: Obstruction of Justice – against Oates.

- <u>Claim Eleven</u>: Spoliation of Evidence – against Oates.

- <u>Claim Twelve</u>: Violation of Victim's Rights – N.C. Const. art. I, § 37 – against Oates.

- <u>Claim Fifteen</u>: Intentional Infliction of Emotional Distress – Judicial Defendants.

Plaintiff asserts the following injuries related to the Judicial Defendants: (1) emotional distress; (2) financial burden; (3) violation of domestic violence victim's rights; (4) impeded access to justice; (5) undermined trust in the judicial system; (6) unfair and unjust mistrial; (7) damage to reputation and livelihood; (8) loss of self worth. [DE 37, p. 47-48]

Plaintiff seeks the following relief: (1) declaratory relief that Plaintiff's constitutional rights have been violated; (2) injunction to "correct violations and to ensure non-reoccurance" under threat of contempt; (3) nominal damages; (4) presumed damages for injury to reputation and mental suffering; (5) compensatory damages; (6) punitive damages; (7) "prospective relief for all relief other than monetary damages;" (8) "official reprimandence, demotion, suspension, or license revocation of Magistrate Oates; (9) suppression and deletion of "evidence or documentation" of her arrest and prosecution, including court files; (10) attorney's fees and/or pro se litigant fees; and (11) trial by jury. [DE 37, pp. 49-50]

## STATEMENT OF FACTS

On October 1, 2021, Plaintiff went to the Henderson County Magistrate's Office seeking issuance of criminal charges against Dillion Branch, the father of her unborn child, for an incident occurring five days prior. [DE 37, p. 7] Upon arriving, Plaintiff noticed a pink sheriff patrol car with Sharpie markers on the trunk, part of an event from AdventHealth. [Id. p. 8] She noticed signage on the car but did not read what it said. [Id.] Plaintiff paid the pink vehicle no mind, and proceeded to the Magistrate's Office. [Id.]

At the Magistrate's office, Plaintiff filled out a hand-written criminal complaint form. [Id.] On the form, Plaintiff wrote "[a]ssaulted me while I'm pregnant by strangling my throat, squeezing my torso to keep me restrained, said he wanted to kill me and my baby, said he would burn house with me in it, came towards me with my ax but I drove off before he could hurt me anymore. He stole the ax (worth $80)." [Id. p 9] Plaintiff then "submitted the sworn written statement" to Magistrate Oates and left the Magistrate's Office, proceeding to her vehicle. [Id.]

Plaintiff noticed her friend was in an argument with Defendant Warren. [Id.] Plaintiff then turned her attention to the pink car, observing no restrictions on what could be written on the car. [Id.] Plaintiff wrote "12 SUX" on the pink car with a Sharpie. [Id.] Afterwards, she returned to her vehicle and drove home. [Id., p. 10]

About an hour after arriving back home, Defendants Warren and Landers came to Plaintiff's home and arrested her. [Id.] During the arrest, Plaintiff alleges Defendants Warren and Landers verbally abused her. [Id. p. 11] Plaintiff was transported to the Henderson County Jail where she was served with a warrant for arrest, issued by Magistrate Oates, for injury to personal property. [Id. p. 12] Magistrate Oates set a $2,000 secured bond. [Id.] Plaintiff alleges the warrant contains false statements and "omits relevant information that, if added, would negate probable cause for the arrest and deteriorate the validity of the allegations . . ." [Id. pp. 12-13]

Plaintiff was processed and used the phone to contact a bail bondsman. [Id. p. 13] Plaintiff alleges Defendant Maybin interfered with her ability to get her bond

posted. [Id. pp. 13-14] The same day of her arrest, the HCSO Defendants made Facebook posts about Plaintiff's arrest, which Plaintiff and her family/friends tried to have removed. [Id. 14-16] The next morning, Plaintiff interacted with Defendant Reece regarding an animal control issue. [Id. p. 16-17]

On March 24, 2022, Plaintiff, represented by her public defender Dennis Maxwell, was tried on the injury to personal property charge. [Id. p. 17-18] Defendants Warren and Lindsay testified at her trial. [Id.] Plaintiff's lawyer entered a plea of not guilty and asserted a First Amendment defense. [Id. p. 18] Judge Cowan, presiding over the trial, found Plaintiff guilty, and Plaintiff appealed to Superior Court. [Id.] On October 25, 2022, Plaintiff's case was dismissed. [Id. pp. 22-23]

In April 22, 2022, seven months after she first visited the Magistrate's Office, Plaintiff returned to inquire about the status of the Dillion Branch matter. [Id. p. 19] Magistrate Jernigan informed Plaintiff she was unable to locate any record related to assault charges issued against Branch. [Id.] Plaintiff alleges that Magistrate Jernigan opined that she did not understand why she could not locate the paper form or charges. [Id.] Plaintiff also contends that Magistrate Jernigan told her that Magistrate Oates would have been "unable to process the Injury to Personal Property arrest on the same day that I filed charges against my abuser." [Id. p. 20] Magistrate Jernigan directed Plaintiff to Magistrate Oates. [Id.]

On May 26, 2022, Plaintiff returned to the Magistrate's Office to speak with Magistrate Oates about "where the form went" and "where the assault case against Dillion stood." [Id.] Plaintiff questioned Magistrate Oates as to why Branch was not

served or arrested based upon the criminal complaint form she filled out on October 1, 2021. [Id.] Plaintiff contends Magistrate Oates did not give her a direct answer. [Id. p. 21] Plaintiff asked Magistrate Oates to provide her a copy of the original complaint form, but Magistrate Oates was unable to locate it. [Id.] Magistrate Oates then asked Plaintiff to leave, instructing her to come back when the next magistrate was working. [Id.] Plaintiff alleges Magistrate Oates' tone was "high-pitched and hostile," while Plaintiff remained "calm and polite." [Id.]

Plaintiff returned to the Magistrate's Office on September 3, 2022, and submitted the same information she had previously submitted nearly a year earlier to Magistrate Oates. [Id.] This time, Magistrate Jernigan filled out part of the form herself, presumably from oral statements given by Plaintiff to Magistrate Jernigan. [Id.] By the next day, Branch and Plaintiff had both been served "with a subpoena" to appear in Henderson County for Assault on a Female. [Id. p. 22] Plaintiff believes that Magistrate Jernigan should have also found probable cause to charge Branch with battery of an unborn child, misdemeanor larceny, and communicating threats. [Id.] Nearly a year later, on August 2, 2023, the charges were dismissed because Branch was deceased. [Id.]

## LAW AND ARGUMENT

All of Plaintiff's claims against the Judicial Defendants are barred by absolute judicial immunity. Additionally, Plaintiff lacks standing to bring claims related to the non-issuance of process against Branch because there is no cognizable judicial interest of a private citizen in the prosecution of another. These claims should also be

dismissed because they do not implicate a constitutional right. Claims 10, 11, 12, and 15 should be dismissed because 42 U.S.C. § 1983 does not provide a vehicle to vindicate alleged violations of state law. The Eleventh Amendment and state sovereign immunity bar all of Plaintiff's official capacity claims. Finally, Plaintiff's claims fails to state a claim upon which relief may be granted.

## I.   Standard Of Review

This Court must dismiss all or part of a complaint over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). This threshold question must be addressed by the court before considering the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff has the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

This Court may dismiss any complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the court must assess the legal sufficiency of the allegations in the Plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The Plaintiff's well-plead allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the Plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). A complaint must contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint states a facially plausible claim "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the court need not consider "legal conclusions, elements of a cause of action and bare assertions devoid of further factual enhancement," nor "unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Although this Court must construe the *pro se* plaintiff's complaint liberally, the complaint must still allege "facts sufficient to state all the elements of her claim" to survive a motion to dismiss. *Williams v. Wal-Mart Stores E., L.P.*, No. 5:18-CV-33-BO, 2018 WL 3341181 (E.D.N.C. July 6, 2018) (*quoting Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)).

## II. Plaintiff's claims against Magistrate Oates and Judge Cowan are barred by absolute judicial immunity.

The Fourth Circuit has declared the law to be settled for centuries that a judge may not be attacked for exercising judicial authority. *Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976). The Supreme Court recognized judicial immunity to be "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Judges are not liable in civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly. *Bradley*, 80 U.S. at 352. Judicial immunity, like other forms of official immunity, is an immunity from suit, not just from an ultimate

8

assessment of damages, and is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

It is also well settled that absolute judicial immunity extends to judicial actions taken by state court magistrates. *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) ("Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges"); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) ("Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges.") "Judicial immunity is necessarily broad and the only situations where a judicial officer can be subject to civil suit are where the act complained of is not a judicial act or where the judicial officer acts in the clear absence of all jurisdiction." *Foster v. Fisher*, No. 1:14-CV-292-MR-DSC, 2016 WL 900654 (W.D.N.C. Mar. 9, 2016), *aff'd,* 694 F. App'x 887 (4th Cir. 2017) (citing *King*, 973 F.2d at 357; *Pressly*, 831 F.2d at 517.) Whether an act is a "judicial" one is based on "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349 (1978).

Plaintiff alleges Magistrate Oates' issuance of an arrest warrant against Plaintiff for injury to personal property and setting a secured bond was unlawful. capacity." *Hedgepeth v. Wilkes C.*, No. 3:12-CV-262-RJC, 2012 WL 2092853 (W.D.N.C. June 11, 2012), *aff'd sub nom. Hedgepeth v. Wilkes*, 489 F. App'x 728 (4th Cir. 2012). Magistrates in North Carolina are empowered to conduct initial appearances, N.C. Gen. Stat. § 15A-511, and set bail, N.C. Gen. Stat. § 15A-531, *et*

*seq.* "[S]tate court magistrates enjoy judicial immunity for actions taken in their judicial capacity such as setting bonds or issuing warrants." *Mack v. Fox*, No. 1:07CV760, 2008 WL 4832995 (M.D.N.C. Nov. 4, 2008), *report and recommendation adopted,* No. 1:07CV760, 2008 WL 7674789 (M.D.N.C. Dec. 10, 2008). These claims regard judicial acts Magistrate Oates performed in proceedings in which she had authority to preside as a judicial official. Plaintiff's action against Magistrate Oates is "simply not cognizable because issuing orders for arrest and making decisions on bail are actions which fall naturally within a magistrate's judicial capacity." *Hedgepeth*, 2012 WL 2092853 (citing N.C. Gen. Stat. § 7A-232(3), -273(5)). Therefore Plaintiff's claims related to Magistrate Oates' issuance of an arrest warrant against Plaintiff for injury to personal property and setting a secured bond must be dismissed as barred by judicial immunity.

Plaintiff also alleges that it was unlawful for Magistrate Oates to fail to issue process against Branch based upon her written complaint form. In North Carolina, it is within a magistrate's jurisdiction to make probable cause determinations and to issue warrants. *See* N.C. Gen. Stat. § 7A-273(3) & 15A-304(d) (judicial officers, including magistrates, are given power to issue warrants on the basis of probable cause); N.C. Gen. Stat. § 15A-511 (providing that person arrested without a warrant must presented to a judicial officer, including a magistrate, for determination of probable cause). These discretionary functions of a magistrate are judicial acts. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) ("When judicial immunity is extended to officials other than judges, it is because their judgments are

functionally comparable to those of judges -- that is, because they, too, exercise a discretionary judgment as a part of their function."); *State v. Matthews*, 270 N.C. 35, 39 (1967); (stating that, in North Carolina, "the issuance of a warrant of arrest is a judicial act"); *Foust v. Hughes*, 21 N.C. App. 268, 270 (1974) ("A magistrate who decides whether to issue a warrant is performing a judicial act.") The issuance, or non-issuance, of criminal process is a judicial act protected by absolute judicial immunity. Plaintiff does not allege that Magistrate Oates' actions were taken outside of her judicial capacity or without jurisdiction, thus absolute judicial immunity bars all of Plaintiff's claims against Magistrate Oates regarding her failure to issue process against Branch.

Likewise, Plaintiff does not assert that Judge Cowan's actions were outside of her judicial capacity as a District Court judge or taken without jurisdiction. Plaintiff simply alleges that Judge Cowan wrongfully convicted her. A guilt/innocence determination by a District Court judge is undeniably a judicial act taken within her jurisdiction. Accordingly, all claims against Judge Cowan are barred by absolute judicial immunity.

III. **Plaintiff lacks standing to bring claims related to her efforts to have process issued against Branch, and the non-issuance of process against Branch does not implicate any constitutional right.**

Plaintiff has no standing to request the prosecution of Branch. To establish standing, a plaintiff must demonstrate an injury in fact caused by the defendant that is redressable by a court order. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). It is well established that private citizens, including victims of crime, lack a judicially cognizable right to compel prosecution or to institute criminal prosecution.

11

*Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (1973 ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("[n]o citizen has an enforceable right to institute a criminal prosecution."); *Norman v. Brown*, No. 1:22-cv-00149-MR, 2022 U.S. Dist. LEXIS 175599, at *4 (W.D.N.C. Sep. 27, 2022) (magistrate's "refusal to charge the Plaintiff's alleged attacker did not implicate any of the Plaintiff's constitutional rights.") Accordingly, all of Plaintiff's claims against Magistrate Oates regarding her failure to issue process against Branch upon Plaintiff's written criminal complaint form should be dismissed for lack of standing and failure to state a claim.

## IV. Plaintiff's claims against Magistrate Oates and Judge Cowan, in their official capacities, are barred by the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has consistently held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). "[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006) (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945), *overruled by Lapides v. Bd. of Regents*

12

*of Univ. Sys. of Georgia*, 535 U.S. 613 (2002)). A suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

At all times relevant to this lawsuit, Judge Cowan was a District Court Judge for Judicial District 29B in North Carolina and Magistrate Oates was a magistrate judge in Henderson County. Both Judge Cowan and Magistrate Oates are state judicial officials. N.C. Const. art. IV, § 2, 9; N.C. Gen. Stat. §§ 7A-4, -240, -271. Accordingly, Plaintiff's official capacity claims against them for monetary damages are barred by the Eleventh Amendment.

Plaintiff's official capacity claims for non-monetary relief are likewise barred. Exceptions to Eleventh Amendment sovereign immunity are narrow. A lawsuit against a State, or State official, may only proceed when one of the following three exceptions applies: (1) where Congress, while acting pursuant to its powers under the Fourteenth Amendment, has properly abrogated a state's immunity, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 452–56 (1976); (2) where a state has waived its immunity to suit in federal court, *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); or (3) where a private party sues an appropriate state officer for prospective injunctive or declaratory relief from an ongoing violation of federal law, *Ex parte Young*, 209 U.S. 123, 155–56 (1908). The Complaint does not implicate the first two exceptions. The third exception, the *Ex Parte Young* exception, is not implicated either.

The doctrine of *Ex parte Young*, 209 U.S. 123, 159–60 (1908) provides a limited exception to Eleventh Amendment immunity where suit is brought against state officials in their official capacities, and "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998). However, "the exception does not permit federal courts to entertain claims seeking retrospective relief, either compensatory or other, for completed, not presently ongoing violations of federally-protected rights." *Id.*

Plaintiff's request for declaratory relief seeks this Court declare that "Plaintiff's constitutional rights have been violated." [DE 37, ¶ 47] The Eleventh Amendment is a jurisdictional bar to declaratory judgments that a state official has violated federal or state law in the past. *Green v. Mansour*, 474 U.S. 64, 68 (1985). A declaratory judgment requires an ongoing constitutional violation for which prospective relief is available. *Int'l Coal. for Religious Freedom v. State of Maryland*, 3 F. App'x 46, 49 (4th Cir. 2001); *see also Clay v. Osteen*, No. 1:10CV399, 2010 WL 4116882 (M.D.N.C. Oct. 19, 2010). Declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act. Issuance of a declaratory judgment deeming past conduct illegal is not permissible because it is an advisory opinion. *Am. C.L. Union of Massachusetts v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 53 (1st Cir. 2013). The Supreme Courts makes clear that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were

right or wrong." *Spencer v. Kemna*, 523 U.S. 1, 30 (1998). Because Plaintiff seeks only a declaration of past alleged wrongs, the doctrine of *Ex parte Young* is inapplicable, and Plaintiff's claim for declaratory relief is barred by the Eleventh Amendment.

Plaintiff also fails to plead both an ongoing constitutional violation and prospective relief in order to meet the requirements of *Ex parte Young* and overcome Eleventh Amendment immunity. Plaintiff alleges that Magistrate Oates violated her constitutional rights when she failed to issue charges requested by Plaintiff, and issued process against Plaintiff for Injury to Personal Property. As explained above, Plaintiff has no constitutional right to the prosecution of another person, so she has failed to plead an ongoing constitutional violation. Additionally, Plaintiff's criminal prosecution has concluded, so any alleged constitutional violation related to her prosecution is not ongoing. Plaintiff alleges that Judge Cowan violated her constitutional rights when she denied her motion to dismiss and found her guilty at trial. All of these events occurred in the past, and Plaintiff does not allege an ongoing violation of federal law by Judge Cowan.

Plaintiff's other requested relief – a permanent injunction to "correct violations and to ensure non-reoccurrence of further violations," an order of the Court reprimanding, demoting, or suspending, or revoking the license of Magistrate Oates, and deletion of her court files – do not fall within the *Ex Parte Young* exception either. First, by its own express terms, the *Ex parte Young* exception does not apply to judicial officials. As the court explained "the right to enjoin an individual, even though a state official does not include the power to restrain a court from acting in

any case brought before it," since "an injunction against a state court would be a violation of the whole scheme of our Government." *Ex parte Young*, 209 U.S. at 163. Additionally, this Court has no authority to issue an order reprimanding, demoting, suspending or revoking the license of a state judicial official. *Boger v. Cooper*, No. 1:17-CV-210-FDW, 2018 WL 1697313 (W.D.N.C. Apr. 6, 2018) (finding the court lacks the authority to grant the employment-related relief that Plaintiff seeks.) This Court also has no authority to order Judge Cowan or Magistrate Oates to delete Plaintiff's court file, which is a public record maintained by the Clerk of Court. N.C. Gen. Stat. § 7A-109.

To the extent Plaintiff brings official capacity claims against the Judicial Defendants arising under North Carolina law, those claims are barred by state principals of sovereign immunity, regardless of relief sought. *See White v. Trew*, 366 N.C. 360, 363 (2013) ("It is well settled that pursuant to the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity.")

## VI. Section 1983 cannot be used to vindicate rights arising under state law.

Plaintiff brings all of her claims pursuant to 42 U.S.C. § 1983. [DE 37, p. 2] Plaintiff's allegations appearing to arise under state law (Claims 10, 11, 12 and 15), are not cognizable in a § 1983 action. Section 1983 is "a right of action for the deprivation of federal constitutional rights. It is not a federal remedy for ordinary state tort claims, for it can vindicate only federal constitutional rights determined under federal substantive law." *Tucker v. Duncan*, 499 F.2d 963, 965 n.1 (4th Cir. 1974).

**VII.    Plaintiff fails to state a claim under North Carolina law.**

Plaintiff's state law claims are likewise barred by absolute judicial immunity, and fail to state a claim. Plaintiff also lacks standing to bring Claims 10, 11 and 12 because they relate to the non-prosecution of another. This Court may exercise supplemental jurisdiction over these state claims because they stem from the same factual nexus as the federal claims. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

**a.  Obstruction of Justice**

In North Carolina, obstruction of justice is a common law offense when a person does "any act which prevents, obstructs, impedes, or hinders public or legal justice." *In re Kivett*, 309 N.C. 635 (1983). Obstruction of justice is "very fact-specific and context-driven." *Houck v. Howell*, No. 514CV00187RLVDCK, 2016 WL 1599806 (W.D.N.C. Apr. 21, 2016). Obstruction of justice does not apply to conduct that a defendant engages in during the course of a criminal investigation, but instead covers only obstructing civil claims. *Clark v. Britt*, No. 1:18CV493, 2021 WL 681239 (M.D.N.C. Feb. 22, 2021), *report and recommendation adopted,* No. 1:18-CV-493, 2021 WL 2181882 (M.D.N.C. May 13, 2021), *aff'd,* No. 21-6832, 2021 WL 5985557 (4th Cir. Dec. 17, 2021) (citing *Braswell v. Medina*, 255 N.C. App. 217, 234 (2017).

Plaintiff alleges that Magistrate Oates tampered with evidence by destroying the hand-written criminal complaint form Plaintiff filled out on October 1, 2021. [DE 37, p. 35] She contends Magistrate Oates "obstructed, hindered, and impeded the discovery, prosecution, conviction, and punishment of Plaintiff's abuser in the official

17

proceeding where the matter involving the assault would have been addressed." [DE 37, p. 35] To support her claim, Plaintiff alleges that process was not issued for Branch, and when she returned to the magistrate's office seven months later, the handwritten criminal complaint form could not be located. [DE 37, p. 19] Other than Plaintiff's speculation, there are no facts alleged to support this claim.

In North Carolina, private citizens may initiate criminal charges by supplying a magistrate with sufficient information, by oral testimony or written affidavit, to support a finding of probable cause. N.C. Gen. Stat. § 15A-304(b)(3). The North Carolina Supreme Court defines an affidavit as "a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oaths." *Matter of S.E.T.*, 375 N.C. 665, 672 (2020).

Plaintiff neither gave oral testimony nor submitted a written affidavit. Instead, she filled out the criminal complaint form, signed it, submitted it to Magistrate Oates, and left. [DE 37, p. 9] North Carolina law does not allow for issuance of process under these circumstances.

Additionally, the North Carolina Rules of Recordkeeping provide that no record is required to be kept if there is no affidavit submitted. North Carolina Rules of Recordkeeping Rule 9 (Exhibit A). Rule 9.3 provides that when a judicial official finds no probable cause prior to issuance of process, creation of a court record depends on the manner in which the evidence was received. When there is no affidavit, as

18

here, "then there is to be no court record created," and any draft criminal process is to be destroyed. RRK 9.3. (Exhibit A).

Finally, the hand-written criminal complaint form is not evidence, and the conduct does not relate to a civil claim. Thus, not only does Plaintiff lack standing to bring this claim, and this claim is barred by absolute judicial immunity, it also fails to state a claim.

### b. Spoliation Of Evidence

Spoliation of evidence is not an independent cause of action under North Carolina or federal law. *Dunhill Holdings, LLC v. Lindberg*, 2022-NCCOA-125, 282 N.C. App. 36, 101 ("the spoliation of evidence principal is an evidentiary matter . . . [and] is not a claim that allows for recover of damages."); *Turner v. United States*, 736 F.3d 274, 282 n.5 (4th Cir. 2013) ("Spoliation of evidence, standing alone, does not constitute a basis for a civil action under either federal or admiralty law.") This claim must be dismissed.

### c. Violation of Victim's Rights

Plaintiff's claim arising under N.C. Const. art. I, § 37 is likewise inactionable. By its very terms, Article 1, Section 37 does not allow for a cause of action: "Nothing in this section shall be construed as creating a claim for money damages, or any cause of action, against the State, a county, a municipality, or any of the agencies, instrumentalities, or officers and employees thereof." N.C. Const. art. I, § 37. This claim must be dismissed.

### d. Intentional Infliction of Emotional Distress

The North Carolina Supreme Court has established a three-prong test for determining whether conduct arises to the level of intentional infliction of emotional distress: (1) extreme and outrageous conduct, (2) which is intended to cause, and (3) does cause severe emotional distress to another. *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 327 N.C. 283, 304 (1990)). Whether the conduct alleged is sufficiently extreme and outrageous to support an IIED claim is initially a question of law for the court. *Lenins v. K-Mart Corp.*, 98 N.C. App. 590, 599 (1990). The allegations simply do not demonstrate that Judge Cowan and Magistrate Oates engaged in "extreme and outrageous" conduct that "exceeds all bounds of decency tolerated by society." *West v. King's Dep't Store, Inc.*, 321 N.C. 698 (1988). This claim is barred by absolute judicial immunity and fails to state a claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint against Defendants Oates and Cowan should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Respectfully submitted this the 28th day of May, 2024.

JOSHUA H. STEIN
Attorney General

/s/Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
eobrien@ncdoj.gov
State Bar No. 28885
*Counsel for Defendants Oates & Cowan*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this day electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFEDANTS COWAN AND OATES** using the CM/ECF system, which will send notification of such filing to all the counsel of record for the parties who participate in the CM/ECF system and via U.S.P.S. mail, addressed to the following individual:

Mackenzie Elaine Brown
158 Haven Road
East Flat Rock, NC 28726
mackenzieb0897@gmail.com
*Pro Se Plaintiff*

This the 28th day of May, 2024.

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice