# EXHIBIT A

# NORTH CAROLINA RULE OF RECORDKEEPING 9

**RULE 9.1 - CASE FILE ESTABLISHED:**

The clerk shall establish a case file for each district and superior court action filed. The case file shall consist of both a file folder to house all original paper documents relating to the actions, and the electronic data entered into the Automated Criminal and Infraction System (the ACIS system) of the Court Information System by the clerk, magistrate, or authorized law enforcement staff.

District Court cases shall be filed in folders commonly referred to as "shucks". These are 9 ½ x 5 inches in size, with a clear window on the front. For district court criminal offenses, these shucks come in three colors; yellow, brown, and white. (Grey shucks are used for infractions; *see* Rule 10.1). Yellow shucks are used for any case containing an offense involving impaired driving as defined in G.S. §20-4.01(24a). Brown shucks are used for all other Chapter 20 motor vehicle offenses. White shucks are used for all other criminal offenses. Superior Court cases shall be filed in "flat" file folders.

The file number assigned to each case shall be affixed to the corresponding file shuck or folder, and to each document filed therein.

The data entered into the ACIS system shall be prescribed by the user's manual for that system as provided by the NCAOC. Where the clerk receives paper documents initiating a case the case data must be entered into the ACIS system directly from those documents. This will automatically create an index entry for the case.

The clerk shall audit those cases initiated by paper documents and entered into the ACIS system on a daily basis, directly comparing the original pleadings against the Case Entry Report. Where there is a Local Interface Error List generated, these must also be corrected on a daily basis.

COMMENTS:

A. Two employees other than the data entry clerk should do the verification of the Case Entry Report.

B. At times citations may mistakenly be sent to the wrong county by law enforcement and entered into the system before noticing the error. When the clerk discovers this error, the original citation should be sent to the correct county along with an explanation. A copy of the citation should be retained in the first county until it is verified that the correct county has received the original. Then the mistaken case entry can be removed from the ACIS system and the citation copy destroyed.

C. Orders signed by a judge, pursuant to G.S. §9-13, fining a juror for failing to appear for duty shall not result in the establishment of a criminal case. Instead these shall be filed as Miscellaneous Registrations, *see* Rule 16.

D. When a defendant is charged as a habitual felon under G.S. §14-7.1 or a violent habitual felon under G.S. §14-7.7, a case file should be established for the habitual offense separate and

apart from the underlying charges. If the defendant is found not guilty of the underlying felony charges or the charges are dismissed, the habitual felon charge should be disposed of in the same manner. If the defendant is convicted of the underlying offenses and also found to be a habitual felon or violent habitual felon, no sentence should be entered in the habitual felon file, instead enter "Judgment entered and defendant sentenced in case number xxCRSxxxx" into the ACIS system. This section does not apply to habitual DWI charges.

E. Where a defendant in a criminal case is cited or found in criminal contempt of court, that criminal contempt becomes a new criminal case. Where a witness or other person is cited or found in contempt that becomes a charge in a new criminal case.

Trial participants may also be found in civil contempt. The purpose of finding a person in civil contempt is to enforce an order of the court. Thus, the civil contempt order should be filed in the same case as the order it seeks to enforce, and there is no additional charge.

Where a member of the NC State Bar is convicted of a criminal offense, or is found to be in contempt of court, the clerk shall transmit a certified copy of the judgment or order to the State Bar within ten days of the entry of the judgment or order. (G.S. §84-36.1)

F. The public may not view information found on Case Entry Reports relating to unreturned warrants. Mark through these entries using a heavy magic marker before allowing the public to view these reports.

G. Both the statute and the case law addressing presentments make clear that a presentment does not initiate a criminal proceeding against a person. *See* G.S. §15A-641(c); *See* also State v. Cole, 294 N.C. 304, 308, 240 S.E.2d 355, 358 (1978) (explaining that a presentment "does not institute a criminal proceeding but is only a device whereby the grand jury brings to the attention of the district attorney subject matter which requires investigation"). It is only after further investigation of the information in the presentment that the DA will present a bill of indictment to the grand jury (and the DA may not present a bill at all if it is determined that the facts do not warrant one).

If the grand jury returns a presentment in an existing case, the clerk shall place the presentment in the criminal case file to which the presentment pertains. If the DA chooses to submit a bill of indictment based on a presentment returned in an existing case, the DA shall use the file number of the existing case.

If there is not an existing case, the clerk shall file the presentment as a Registration "R" case type. Any subsequent bill of indictment will bear a new criminal file number, and the clerk shall place a certified true copy of the presentment in the new criminal file. The clerk also shall include on the original presentment in the R file a cross-reference to the criminal file number.

H. Where a case is dismissed without leave and later the DA chooses to indict the defendant on the same set of charges the indictment establishes a new case file with a new case number. From a record keeping perspective the dismissed case is unconnected to the indictment.

I. Where the DA chooses to dismiss a case because of some technical problem and subsequently files a misdemeanor statement of charges, this is all recorded within the same case.

J. Material witness orders under G.S. §15A-803 or G.S. §15A-812 do not establish a criminal file (*see* Rule 3.1).

K. A written affidavit submitted to a judicial official to establish probable cause for the issue of criminal process does not establish a criminal case file, if the official does not find probable cause and does not initiate charges. *See* Rule 9.3. If charges are initiated based on a probable cause finding, any affidavits submitted must be placed in the criminal file pursuant to Rule 9.1. If multiple criminal cases originate from a single affidavit (*e.g.,* against multiple codefendants), the clerk shall place the original affidavit in one case file and certified copies in the others.

Disclosure of any such affidavit as a public record follows the same rule as the type of case under which it is filed (*i.e.,* an affidavit that results in the issue of a warrant for arrest is disclosed under the same rule as the warrant itself). The affidavit is not subject to disclosure to the public until the warrant has been returned to the clerk. An affidavit that results in the issue of any other criminal process (*e.g.,* a criminal summons) is subject to disclosure to the public as soon as it is received.

**RULE 9.2 - FILE NUMBERS:**

The clerk shall use one sequential number series for all criminal cases whether filed in the district or superior court division. The clerk shall assign each case filed the next available number from that series. Magistrates, when assigned to do so by the clerk, shall assign criminal case numbers as directed by the clerk.

The format for the criminal number series is year of filing (*i.e.,* 06); case type designation (CR for Criminal Court) and, the unique sequence number that begins with "1" at the beginning of each calendar year (1, 2, 3, 4, etc.). An example of a complete file number would be 06CR1492.

Where the case is appealed, transferred, bound over to, or originally filed in Superior Court the letter "S" shall be added to the case type designation in the case number (*e.g.,* 06CRS1492).

Once a number is assigned to a particular case it shall not be assigned to any other case. In addition, when a case is expunged or deleted the affected case numbers are not to be reused.

COMMENTS:

A. Cases where a No True Bill is entered also receive a CRS designation, unless the case is a pending delinquency case in which the district attorney is seeking transfer to superior court under G.S. §7B-2200.5.

B. Upon the return of an indictment as No True Bill, or when the DA withdraws an indictment, or it is quashed by the presiding judge that disposition should be entered in the ACIS system, unless the case is a pending delinquency case in which the district attorney is seeking transfer to superior court under G.S. §7B-2200.5. If the district attorney chooses to resubmit the same charge to the grand jury, a new case file should be established.

C. Upon the return of an indictment as a No True Bill in a pending delinquency case:

   1. The criminal clerk should not enter any information in ACIS.
   2. The criminal clerk should forward all paperwork to the juvenile clerk to be placed in the juveniles JB file.
   3. Any public records related to the grand jury proceeding containing information about the juvenile case should be redacted to delete any confidential juvenile information. The clerk should consult with the presiding judge before redacting any grand jury records.

   If the grand jury returns a True Bill of Indictment, a district court judge must enter a transfer order before a CRS file may be established. Following the entry of a transfer order, the clerk should establish a CRS file according to process outlined in Rule 12.8.2.

   Where a judicial official issues a warrant and then the District Attorney indicts the defendant on that charge the warrant is superseded by the order for arrest resulting from the indictment. Only one case file is established for both the warrant and the indictment.

**RULE 9.3 - NO PROBABLE CAUSE AT INITIAL APPEARANCE OR PRIOR TO ISSUE OF CRIMINAL PROCESS:**

When a judicial official finds no probable cause (NPC) to charge any criminal offense or infraction, the creation of a court record depends on the manner in which the evidence was received, and any citation prepared prior to that finding.

Citation Prepared: If NPC is found after a law enforcement officer has prepared a citation, arrested the defendant, and taken him before a judicial official for an initial appearance, the judicial official shall make appropriate written entry as to "No Probable Cause" on the original citation form or electronic record and file the record with the clerk. The clerk shall establish a case file for this action, including both the creation of a shuck and the entry of the case data into the clerk's criminal information system. The clerk shall place the shuck in the closed files.

Affidavits Submitted as Testimony: If any testimony to establish probable cause is submitted by written affidavit (whether for the issue of criminal process or at initial appearance after a warrantless arrest), then

the affidavit(s) must be retained and delivered to the clerk, even when no probable cause is found. Affidavits covered by this requirement include, but are not limited to, the following forms: AOC-CR-158 ("Affidavit"), when used to establish probable cause; AOC-CVR-1A ("Affidavit and Revocation Report"); AOC-CR-323A ("Officer's Affidavit for Seizure and Impoundment and Magistrate's Order – Impaired Driving"); and AOC-CR-323B ("Officer's Affidavit for Seizure and Impoundment and Magistrate's Order – Felony Speeding to Elude").

- If an affidavit is received as evidence when an officer also has prepared a citation, and the judicial official finds NPC, then the affidavit(s) is to be filed in the closed case file established for the citation, as set out above.

- If there is no accompanying citation, the judicial official shall make a written entry of "No Probable Cause" on the affidavit(s) and deliver it to the clerk for filing as a Registration. *See* Rule 16.1, Comment B.

No Citation or Affidavit: If the finding of NPC occurs after an initial appearance following a warrantless arrest for which a citation was not prepared and/or the receipt of only oral testimony for the issue of criminal process, then there is to be no court record created. Any draft criminal process (*i.e.,* warrant or criminal summons) submitted for the judicial official's review should be destroyed.

COMMENT:

Any citations and affidavits that result in a determination of no probable cause are subject to disclosure to the public as soon as they are received.

**RULE 9.4 - PROCESSING SEARCH WARRANTS, NONTESTIMONIAL IDENTIFICATION ORDERS AND ADMINISTRATIVE INSPECTION WARRANTS:**

Upon issuance of a search warrant, Nontestimonial Identification Order, or an Administrative Inspection Warrant the judicial official shall forward the court record copy of these documents to the clerk. The clerk shall file these in the case folders to which they pertain. Where there is no pending case, this copy of the warrant or order shall be filed alphabetically in a file section or folder designated for these documents. The clerk shall protect the confidentiality of a search warrant until law enforcement has made a formal return of the warrant by maintaining the warrant in a separate secure location accessible only to staff of the clerk's office.

When the original warrant or order is returned to the clerk, it shall be filed in the folder of the case to which it pertains. Where there is no related pending case, the original warrant or order shall be filed alphabetically in a file section designated for these documents. Those copies of these warrants or orders being held by the clerk may be destroyed once the original is received by the clerk's office.

If the warrant pertains to a case pending in another county, the clerk in the county in which the warrant was issued shall retain the original of the returned warrant and inventory, and send a certified true copy of the returned warrant and inventory to the clerk in the county where the case is pending.

If a party files a motion to seal a search warrant, the clerk shall place the motion, the order on the motion, and any other documents related to the motion (the "seal packet") in the criminal case file. If no criminal file exists, the clerk shall establish a new CVS file for the seal packet and include cross-references between this CVS file and the related criminal file, if a criminal case later is established. If the court grants the motion, the clerk shall keep sealed from public view not only the warrant, but also any other documents in the seal packet that the court has ordered sealed. If the court has directed the sealing of the motion and order themselves, the clerk shall place minimal information on the outside of the seal packet that is sufficient to identify the matter without revealing the specific content (*e.g.,* "Search warrant [and sealing order] sealed on [date] by Judge [name]. To be opened only upon [condition for unsealing]." Some districts may have a local rule or administrative order that addresses the process for the sealing of search warrants. If so, then the local rule or administrative order controls to the extent there is a conflict between the local rule or order and this rule of recordkeeping.

COMMENTS:

Unreturned Search Warrants are not public records. Nontestimonial Identification Orders and Administrative Inspection Warrants are public records and may only be withheld when sealed by court order.

**RULE 9.5 - EXPUNCTIONS:**

The clerk shall forward a certified copy of the order to the person granted an expunction, the Administrative Office of the Courts (NCAOC), and to the other recipients as directed on the expunction order form.

The clerk shall then remove all reference of the defendant relevant to that case from the ACIS system. Where the case was recorded on the 3x5 card file, "Index to Criminal Actions", the clerk shall remove the card from the file and place it in the case shuck or folder holding the case materials. The shuck or folder and all of its contents shall then be destroyed by any approved method of destruction.

The clerk shall ensure that all reference to an expunged case name is removed from the FMS system. To accomplish this, the criminal clerk is to forward a copy of the expunged order to the head bookkeeper on those cases where some activity was recorded in the FMS system. It is important that this be done in a secure manner. The criminal clerk shall record sending the order to the bookkeeper in a tickler file showing when it was sent.

The bookkeeper must remove the defendant's name from all of the FMS system records, note that accomplishment on the copy of the order and return it to the criminal clerk within 24 hours of the order being forwarded to the bookkeeper. If the criminal clerk does not receive the returned order within 24 hours, she is to investigate what is causing the delay.

Once the criminal clerk has received the order back from the bookkeeper it shall be placed in the expunged case file awaiting final destruction. The bookkeeper is not to retain a copy of the expunction order or make any record of its existence.

To remove the defendant's name from the FMS system files the bookkeeper is to replace the defendant's name with the name "John Doe" and the date the expunged name was removed from the FMS system, (*i.e.,* John Doe DD-MM-YYYY).

COMMENTS:

A. When the Index to Criminal Actions card has been microfilmed/scanned, the clerk should notify the NCAOC Micrographics Unit that a card needs to be destroyed because of an expunction order. The Micrographics Unit will work with the clerk to remove the ICA Card image from the microfilm/disc.

B. When seeking a court ordered expunction, attorneys and defendants shall use NCAOC forms and any related instructions. Because every expunction statute requires the use of an NCAOC form, the clerk should not accept an expunction petition for filing that is not submitted on a form approved by the NCAOC for the applicable statute.

C. Eligible CVR cases may be expunged. (G.S. §15A-145(c) and §15A-146(b))

D. When a petition to expunge a record is denied the denial order shall be placed in the subject case file. Any attachments to the expunction petition shall be destroyed.

E. When a case has been transferred from one county to another, both counties must expunge the record. The clerk in the county in which the expunction order was entered shall send a certified copy of the expunction order to the clerk in the other county, who will carry out the order for that county's copy of the record(s).

F. For additional information regarding the expunction filing process, the clerk should consult the latest edition of the Expunction Guide for Clerks, available on JUNO.

**RULE 9.6 - PROBATION HEARINGS:**

The clerk shall record the date of filing on every probation violation report received. The clerk shall retain the original and may provide the probation officer a copy for service.

The clerk shall calendar probation violations for hearing in the manner and form approved by the NCAOC. Where multiple files have been consolidated for judgment a probation violation should be brought only in the consolidated lead file.

Where the probation violation is held in the county where the defendant was originally convicted, the clerk shall file all documents relating to the probation violation in the original case file. The clerk shall

record a probation violation in the ACIS system against the defendant only when the probation is revoked, or the probation is modified such that the length of probation is affected.

When a defendant is on supervised or unsupervised probation in a county other than the county where the defendant was convicted, the first filing (by any party) in the county of supervision shall establish a new case file. The clerk in that county shall:

A. create a case file by setting up a case folder and making a case data entry into the ACIS system;

B. issue any summons to appear, or order for arrest or notice required by G.S. §15A-1345;

C. issue a commitment order when probation is revoked or defendant elects to serve his sentence;

D. send a certified copy of any order issued by the judge in the hearing and copies of all other documents to the clerk of the county where the defendant was originally convicted; and

E. remit any attorney fee, restitution and any community service fee paid to the original county of jurisdiction except for any attorney fee and other fees (*e.g.,* service, witness, SBI lab, etc.) assessed and collected based on appointment for the revocation hearing.

COMMENTS:

A. Violations of parole and post-release supervision are handled differently from probation violations. These proceedings occur mostly before the Post Release Supervision and Parole Commission and its hearing officers, not the courts. However, defendants may be entitled to counsel for those proceedings, which will require assistance of the clerk in appointing counsel and ordering payment of certain private counsel at the conclusion of the proceedings. Clerks should follow the most recent procedures promulgated by the Office of Indigent Defense Services for these cases.

B. Additional out of county probation hearings are placed in the first file created.

C. Where a defendant pleads guilty to either an H or I felony in district court pursuant to G.S. §7A-272, is placed on supervised probation and a probation violation report is ultimately filed, the hearing shall be held in superior court except where the State and defendant consent for it to be heard in district court.

**RULE 9.7 - COURT APPOINTED ATTORNEY'S FEES ENTERED AS JUDGMENT:**

A Judgment for attorney's fees is always a civil judgment, even though the principle case in which it is entered is a criminal or juvenile case.

**RULE 9.8 - REPORT TO DMV OF FAILURE TO APPEAR OR FAILURE TO COMPLY IN MOTOR VEHICLE CASES:**

A. Failure to Appear: The clerk shall report to the Division of Motor Vehicles (DMV) the name of a defendant who:

  1. fails to appear in court at the scheduled time on a motor vehicle criminal offense and who fails to appear or dispose of the case within 20 days after the time for appearance; and,

  2. has complied with the original charge for which the failure to appear was reported by appearing in court and disposing of the case and by paying the fine, penalty, or cost as ordered in the judgment.

B. Failure to Comply: the clerk shall report to the DMV the name of a defendant who:

  1. fails to pay a fine, penalty, or cost in a motor vehicle criminal case within 40 days of the date specified in the court's judgment.
  2. corrected the failure to comply and paid to the clerk a fee of $50.00.
  3. corrected the failure to comply and the court ordered the $50.00 fee waived.

C. The clerk shall report to DMV as a Cash Bond Forfeiture (CBF) a defendant who fails to appear on a motor vehicle criminal charge in which he was released pursuant to a cash bond. The CBF date entered into the ACIS system shall be the same date the defendant failed to appear. Where the cash amount of the bond posted is sufficient to pay off the entire judgment absolute, the judgment shall be recorded in the VCAP system, but not abstracted on the judgment docket book.

  COMMENTS:

  A. Arrest pursuant to an Order for Arrest (OFA) does not cure a defendant's failure to appear or failure to comply. Thus, the clerk should not report to the DMV that a defendant has cured a failure to appear or a failure to comply simply because the defendant was arrested pursuant to an OFA.

  B. A dismissal with leave does not cure a failure to appear or a failure to comply.

  C. For all forfeitures initiated on or after 01-01-01, each related criminal file number should be indexed in the VCAP system and will print out on form AOC-CR-213, Bond Forfeiture Notice.

D. Distribution of the forfeiture calendar is not required. Parties are notified of the date the final judgment will be entered by service of form AOC-CR-213, side 1, Bond Forfeiture Notice: or, form AOC-CR-213, side 2, Objection and Notice of Hearing.

E. Oral motions for forfeiture proceedings are no longer allowed for forfeitures initiated on or after 01-01-01. Only written motions are allowed and are to be indexed into the VCAP system.

**RULE 9.9 - CHANGE OF VENUE OR TRANSFER TO ANOTHER COUNTY:**

Upon the filing of an Order of the Court or a Waiver of Venue transferring a pending case from one county (venue) to another, the clerk in the original county shall:

A. prepare a certified copy of the order of transfer and forward it along with all original papers in the file to the clerk in the receiving county by certified mail or other secure method;

B. retain the original order of transfer along with copies of all the papers in the file;

C. close the case.

The clerk in the receiving county shall establish a file and index all transferred cases.

COMMENTS:

A. A waiver of venue must be in writing and signed by the defendant and the prosecutor indicating the consent of all parties and designate the county to which venue is changed. If the venue is to be changed to another prosecutorial district, the written consent of the prosecutor in that district must be filed with the clerks in both counties. Such waivers do not require a court order to bring about a transfer. (*see* G.S. §15A-133(a)).

B. The Court may order that all or part of a case be tried in a county other than the one where it was initiated. This is not a transfer. Throughout the trial the case would retain its original county number, etc. The clerk in the original county would make and retain a copy of the case file to hold for security purposes during the trial in the second county. The original file would be sent to the county of trial. Once the trial is complete the case file containing both new and original documents would be returned to and consolidated in the original county file. The county of trial will retain no record of the case.

**RULE 9.10 - EVIDENCE:** (TRANSFERRED, See Rule 1.8)

**RULE 9.11 - EXTRADITION**:

Where a fugitive is arrested with or without a Governor's warrant or fugitive warrant the clerk shall establish a case file as with any other process. (*See* Clerk's Procedures Manual page 25.1.)

COMMENTS:

A. All extradition cases should be finger printed.

B. Extradition waivers related to inmate detainers (where an inmate incarcerated in North Carolina for a crime committed here is wanted for prosecution in another state) are not covered by this rule. They should be filed as Registrations. (*see* Rule 16.1, Comment B, 29)

**RULE 9.12 - CONTROL OF TRAFFIC CITATION BOOKLETS**:

The clerk shall issue Traffic Citation Booklets to authorized law enforcement agencies. A record of this issuance transaction shall be maintained on form AOC-A-900, Clerk of Superior Court Assignment of Uniform Citations/Receipt Book. The Auditor's copy of the citation must always be retained in the citation booklet.

As used traffic citation booklets are returned to the clerk this transaction shall also be recorded on the form AOC-A-900.

The clerk shall examine each citation booklet as they are received from the various law enforcement agencies to determine that all citations have been accounted for. Where any discrepancies are detected, or any question about the citations arises, the clerk shall write to the department head and cite the question at issue.

A copy of the clerk's correspondence with the agency, along with any response, shall be sent to the district attorney and be attached to the booklet or booklets in question. These questionable booklets shall be separated from the other booklets for review by the NCAOC and the State Auditor's office.

COMMENT:

The clerk, or the State Auditor, may require an accounting for all booklets and citations from any agency.

**RULE 9.13 - APPEALS TO APPELLATE COURTS:**

When either the State or defendant gives notice of appeal to the appellate division from a judgment entered in Superior Court or as the result of a felony plea in District Court, the clerk shall record the appeal in the relevant automated system (ACIS/CCIS). If notice of appeal is not given in open court, the clerk shall notify both parties and the sentencing court of the appeal and ask the court for direction on calendaring the case to review the defendant's indigency status and make appropriate appellate entries (form AOC-

CR-350). (NOTE: Form AOC-CR-350 was designed for appeals by defendants. There is no AOC form for appellate entries when the State appeals. If the court or a party does not provide an order for the appellate entries when the State appeals, the court should be advised that the CR-350 needs to be amended to reflect accurately the nature of the appeal, *e.g.,* crossing through references to the "the defendant" having given notice of appeal and writing in "the State.")

Upon final outcome of the appeal, the clerk shall file the mandate of the appellate division in the criminal case file(s) from which appeal was taken and record the outcome in the relevant automated system. Subsequent actions by the clerk depend on the outcome of the appeal and the nature of the judgment appealed from:

- For an *active sentence* or a judgment imposing only monetary obligations without probation (*e.g.,* a fine-only sentence), if the appeal is withdrawn or the judgment affirmed by the appellate court, the clerk shall enter an order directing compliance with the judgment. G.S. §15A-1452(a) and (b). The order is pre-printed on forms AOC-CR-601 (felony active sentence), AOC-CR-602 (misdemeanor active sentence), and AOC-CR-629 (misdemeanor fine-only sentence).

- For a *suspended sentence* (probation, both supervised and unsupervised), if the appeal is withdrawn or the judgment affirmed by the appellate court, the clerk shall notify the District Attorney of the withdrawal. The DA will calendar a hearing before the relevant court for review and potential modification of the sentence. G.S. §15A-1452(a1) and (b1).

- If the appealing party files a written notice withdrawing the appeal, the clerk must forward a copy of the notice to the clerk of the appellate division in which the case is pending. G.S. §15A-1450. NOTE: To withdraw an appeal by a defendant, the written withdrawal must be signed by both the defendant and the defendant's counsel, if represented. G.S. §15A-1450. If a withdrawal is filed for a represented defendant but is not signed by both the defendant and defense counsel, the clerk should inform the filer that the withdrawal is not effective without both signatures and shall not take any of the actions listed above until a fully executed withdrawal is filed.

- For any judgment appealed from, if the appellate division orders a new trial or other relief or proceedings, the clerk shall bring the appellate courts order to the attention of the district attorney or the trial court for compliance with the directive. G.S. §15A-1452(c).

**RULE 9.14 - APPEALS OR TRANSFERS TO SUPERIOR COURT:**

Where a district court case is appealed, bound over, or otherwise transferred to the superior court, the clerk shall make the appropriate entry into the ACIS system and transfer the file shuck and all related papers to a new superior court flat folder. Where the case is remanded or transferred back to district court the clerk shall appropriately update the ACIS system, the district court shuck shall be recreated containing all original case documents, and the superior court file shall be left with copies of the case documents.

Where there had been an order for arrest for a failure to appear in district court and the defendant is subsequently indicted, the clerk shall recall the order for arrest issued on the failure to appear and issue another order for arrest for the indictment. This action does not dispose of the forfeiture matter in district court. The defendant would still be held responsible for that when apprehended.

**RULE 9.15 – SCANNING:**

The clerk shall scan all the documents using the At Disposition method described in Rule 2, Scanning Procedures in:

A. each Superior Court case where the defendant was charged with a felony;
B. class H and I felonies where the defendant pleads guilty in district court;
C. any child support order entered from a criminal prosecution for abandonment or non-support;
D. any Superior or District Court case containing an offense involving impaired driving as defined in G.S. §20-4.01(24a). When scanning, the actual yellow shuck shall be photocopied on both sides and those copies shall be scanned. (*see* Comment B below)
E. any Superior or District Court case containing a reportable conviction as defined in G.S. § 14-208.6(4)

The clerk shall not scan any other class H and I felonies in the District Court where the defendant pleads guilty to a misdemeanor.

Documents filed before and after case disposition are treated the same for scanning purposes.

COMMENTS:

A. All cases shall be scanned where the defendant pleads guilty to a class H or I felony in district court. If a felony charge is reduced to a misdemeanor in district court, it should not be scanned. All other felonies with a final disposition in district court shall not be scanned.

B. Special care should be taken not to scan shuck folders. Scanning shucks may damage the scanner.

C. Form DCC-2 will be filed with the clerk for all supervised probationers. The form does not need to be scanned for misdemeanor probationers. The waiver of extradition is a condition of probation only for felony probationers. The form serves no such function for misdemeanor probationers and therefore does not require permanent retention. The form is scanned in the event that it is needed for extradition proceedings after the physical file has been destroyed.

D. Discovery materials which may have been placed in the file (*e.g.,* medical records related to a defendant's capacity to proceed or driving records in DWI cases) shall not be scanned.

E. Exhibits taken into the clerk's custody pursuant to Rule 14 of the General Rules of Practice for the Superior and District Courts shall not be scanned.

**RULE 9.16 - PARTIAL PAYMENTS OF FINES, FEES, COSTS:**

Where a defendant is ordered to pay his fines, fees, and costs, through a series of partial payments over time, the courtroom clerk shall notify the bookkeeper of these arrangements. At that time the bookkeeper shall set up an account to monitor this payment activity.

When the final payment has been paid, the bookkeeper shall send a written or electronic notification to the criminal division. The criminal division shall record that action in the ACIS system. Where the notice was made through a paper writing, that document shall be placed in the case folder.

COMMENTS:

It is not necessary to place partial payment receipts in the case files.

**RULE 9.17 - DEFENDANT INCAPABLE TO PROCEED OR DEFENDANT NOT GUILTY BY REASON OF INSANITY**:

A. Incapable to Proceed
Capacity determinations are made by the presiding judge on either the AOC-CR-207, Motion and Order Appointing Local Certified Forensic Evaluator, or AOC-CR-208, Motion and Order Committing Defendant to Central Regional Hospital – Butner Campus for Examination on Capacity to Proceed. These documents are part of the criminal file. Where a criminal defendant is found incapable of proceeding, the judge may issue a custody order pursuant to G.S. § 15A-1003 to initiate an involuntary civil commitment under NCGS Chapter 122C using AOC-SP_304, Involuntary Commitment Custody Order Defendant Found Incapable to Proceed. A copy of the AOC-SP-304 is the initiating document for the SPC file and should not be included in the criminal file. Refer to RRK 8.11 for additional guidance on handling an associated SPC case. The CR case remains a pending case either until the court determines the defendant's capacity is restored and the case is resolved as a typical case or until the court or DA takes further action to close the case.

Pursuant to G.S. §15A-1005, the clerk must keep a docket of defendants who have been determined to be incapable of proceeding and whose criminal cases are still pending. This docket shall include the name of the defendant, the criminal file number, and the date that the defendant was found incapable to proceed in whatever format the clerk should choose such as a spreadsheet, a Word document, a physical binder, or any other appropriate format. A clerk's office may also choose to include information regarding any companion involuntary commitment cases such as the location of the defendant or when a current involuntary commitment order is set to expire, but it is important to note that any information regarding an involuntary commitment or SPC case is confidential and should

not be accessible by the public and must be secured if maintained electronically. In response to any request for this docket, any reference to confidential SPC information including the defendant's commitment status or treatment must be redacted. Any confidential SPC information may only be released pursuant to a court order as stated in G.S. §122C-54(d).

At least semiannually, the clerk must submit this docket to the senior resident superior court judge for review. Before submitting the docket to the senior resident superior court judge, the clerk should confirm that all cases listed on the docket are still pending. If the criminal case is no longer pending or if a criminal defendant has been found by the court to have regained capacity to proceed, the case should be removed from the docket.

B. Not Guilty by Reason of Insanity
Where a criminal defendant is found not guilty by reason of insanity (NGRI), the criminal case is closed with that disposition. Pursuant to G.S. § 15A-1321, this automatically leads to a commitment order (AOC-SP-910, Automatic Involuntary Commitment of Defendant Found Not Guilty by Reason of Insanity) being entered by the trial judge, which initiates an SPC case. A copy of the AOC-SP-910 should not be placed in the criminal file. This new SPC case is handled pursuant to Part 7 of Chapter 122C of the North Carolina General Statutes governing involuntary commitments (IVC). IVC hearings held pursuant to a finding of NGRI are open to the public, as required by G.S. § 122C-268.1(g). However, the file is always confidential. Refer to RRK 8.11 for additional guidance on handling an associated SPC case.

**RULE 9.18 - RESTORATION OF RIGHTS:**

Where a certificate or order is issued by an appropriate North Carolina agency showing that a defendant's rights of citizenship have been restored pursuant to Chapter 132, the clerk shall file this document without charge with the official record of the case. If the case file has already been destroyed the certificate may be destroyed without being scanned.

Any person who now resides in North Carolina and was convicted of a crime against another state or the United States may file a paper writing from an appropriate agency with the clerk in the county of residence showing that his rights have been restored. The clerk shall then issue a form AOC-CR-919, Certificate of Restoration of Citizenship, evidencing the offenders discharge and specifying the restoration of his rights of citizenship. The paper writing coming from the foreign jurisdiction shall be filed as a Miscellaneous "R" document (*see* Rule 16.1), with appropriate fees collected.

**RULE 9.19 - IN-COUNTY MCPTs (MISDEMEANANT CONFINEMENT PROGRAM TRANSFERS):**

MCPTs (Misdemeanant Confinement Program Transfers) filed in the County of Conviction should be placed in the Criminal File. (*see* Rule 16.1 if filed in a county other than the County of Conviction.)

**RULE 9.20 – REMAND OF JUVENILE CASE TO DISTRICT COURT AND EXPUNCTION OF SUPERIOR COURT CHARGES:**

Following the transfer to superior court of a Class A-G felony committed at age 16 or 17, the superior court must remand the charges back to district court for juvenile adjudication, upon the joint motion of the prosecutor and the juvenile's attorney. If the case is remanded back to juvenile court, the superior court also must order the expunction of the superior court record (*see* G.S. §7B-2200.5 and G.S. §15A145.8(a)).

Form AOC-CR-291, Motion and Order to Remand Case from Superior Court to District Court and Order of Expunction under G.S. §15A-145.8(a), contains both the order remanding the case to district court and the order expunging the superior court charges. If the superior court judge issues a secure custody order, the judge should use form AOC-J-440, Order for Secure Custody/Detention (Undisciplined/Delinquent) and check the box "On Remand from Superior Court" in the caption. Upon receipt of form AOC-CR-291, the criminal clerk shall forward a copy of form AOC-CR-291, along with the original transfer order (*i.e.,* AOC-J-343, AOC-J-442 or AOC-J-444), the AOC-J-440 if executed, and any order assigning counsel for the juvenile, to the juvenile clerk for placement in the JB file. Once the original transfer order has been returned to the JB file, any copy of that order contained in the JB file may be destroyed.

After forwarding the above-referenced forms to the juvenile clerk, the criminal clerk shall process the expunction of the superior court record and forward certified copies of the expunction order, as provided in Rule 9.5.

> NOTE: Pursuant to Rule 12.9, only the original order of transfer should have been moved from the JB file to the CRS file, so only that document should return to the JB file, along with a copy of form AOC-CR-291, AOC-J-440 if executed, and any order assigning counsel for the juvenile. However, if any other content from the JB file was placed in the CRS file in error, return that material to the JB file before destroying the CRS file.

**RULE 9.21 – PETITIONS TO TERMINATE SEX OFFENDER REGISTRATION (NEW JANUARY 25, 2021):**

When a person petitions under G.S. §14-208.12A to terminate their obligation to register as a sex offender, the clerk's filing of the petition depends on whether or not the underlying conviction occurred in the county where the petition is filed.

If the petition is filed in the county of the original conviction, the clerk shall file all documents relating to the petition in the original case file.

If the petition is filed in a county other than the county of conviction, the clerk shall establish a new CRS case file for all documents relating to the petition.

Petitions for termination of registration resulting from conviction in another state or in federal court are considered out-of-county cases. The clerk shall establish a new CRS case file for such petitions.

> COMMENTS:
>
> A. G.S. §14-208.12A(a) provides that for a North Carolina conviction, the petition must be filed in the district of conviction. For an out-of-state or federal conviction, the petition must be filed in

the district where the petitioner resides. *Id.* The statute does not require filing in a specific county, if conviction occurred in a multi-county district. However, the clerk is not required to determine whether or not the venue in which the petition is filed is proper and should not refuse a petition filed in the wrong venue.

B. All petitions for termination of sex offender registration are heard in superior court, G.S. §14-208.12A(a), even if the underlying conviction occurred in district court. If a petition is filed in the county of conviction, and the conviction occurred in district court, all documents related to the petition still are to be filed in the original CR case file. The clerk should not create a CRS file for the petition. Any hearing on the petition will have to be calendared for superior court manually.

**RULE 9.22 – CRIME VICTIMS' RIGHTS ACT INFORMATION SHEETS:**

The clerk shall maintain a copy of Crime Victims' Rights Act (CVRA) information sheets as confidential records as long as the form is in the clerk's custody.

Forms AOC-CR-180A and AOC-CR-180B, CVRA Victim Information Sheet (Law Enforcement), will be provided by the district attorney if a defendant is convicted of a CVRA offense. Pursuant at G.S. 15A-832(g), the clerk shall maintain these CVRA information sheet(s) as a confidential record, regardless of the defendant's sentence (*e.g.*, active, probationary, or fine only).

Form AOC-CR-181A, CVRA Misdemeanor Domestic Violence Victim Information Sheet, and AOC-CR-181B, CVRA Misdemeanor Victim Information Sheet, will be provided to the clerk's office by the judicial official issuing the charge(s). Pursuant to G.S. 15A-832.1(b), the clerk shall forward a copy of the CVRA information sheet(s) to the district attorney's office and maintain the clerk's copy of the CVRA information sheet(s) as a confidential record, regardless of the disposition of the criminal case.

If a non-AOC form is used for the same purpose as the CVRA information sheets made available by NCAOC, the non-AOC form shall instead be maintained as a confidential record by the clerk.

The clerk shall maintain only the CVRA information sheet(s) as a confidential record, not the entire case file unless otherwise required by statute or court order. The clerk shall maintain these victim information sheets in the same manner as hospital medical records are kept under Rule 45 (*e.g.,* in an envelope marked "confidential" and retained in the court file or in a separate notebook in a secure location).

**RULE 9.23 – EXECUTION OF APPEARANCE BONDS:**

*See* RRK 11.3, Execution of Appearance Bonds.

**RULE 9.24 – AMENDMENT OF CONDITIONS OF RELEASE**:

If conditions of release are amended by a judicial official in a criminal case, these conditions shall be entered in eWarrants or the ICMS. If no bond has been posted and modifications to conditions of release occur, those modifications shall be recorded in eWarrants (either by entering a case if it does not exist in eWarrants, or by amending the previous release order if the case exists). If a bond has been posted and modifications to the conditions of release occur, a new bond setting shall be added in the ICMS case and the status of the bond posting updated, if applicable.

A. If the amendments are ordered by a judge or clerk staff, the clerk shall carry out the above updates.
B. If the amendments are ordered by a magistrate, the magistrate shall carry out the above updates.