IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:23-CV-270

| | |
|---|---|
| MACKENZIE ELAINE BROWN<br><br>Plaintiffs,<br><br>v.<br><br>HENDERSON COUNTY SHERIFF'S OFFICE, et al.<br><br>Defendants. | **REPLY TO PLAINTIFF'S OBJECTIONS TO MEMORANDUM AND RECOMMENDATION** |

Defendants are filing this reply to Plaintiff's Objections to the Memorandum and Recommendation ("M and R") [Document 54] . For the reasons that follow, the well-reasoned M and R [Document 53] should be adopted in full by this Court.

**I.   THE M AND R CORRECTLY DISMISSED PLAINTIFF'S FIRST AMENDMENT RETALATION CLAIM AGAINST DUNCAN**

Plaintiff alleges that Henderson County Sheriff's Office ("HCSO") Public Information Officer Johnnie Duncan made several posts on the HCSO Facebook page "humiliating" Plaintiff. [Document 37, pp. 14-16.] The posts showed Plaintiff standing handcuffed in front of the pink patrol car. *Id*. Based on these Facebook posts, twenty different online news sources scraped the data from the Facebook post and re-published the story. *Id*. at p. 15.

The M and R correctly held that Plaintiff suffered no adverse action as a result of Duncan's posts. [Document 53, p. 19]. There is no violation of the First Amendment when mugshots are posted unless it is "accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Randall v. Facebook, Inc.*, 718 Fed. Appx. 99, 100 (4th Cir. 2017) (unpublished) (citations omitted). Plaintiff makes no allegations that the posting of her mugshots caused her, for instance, to lose her job or a job opportunity as a result of Duncan's posts. *See e.g. Witt v. Town of Brookside*, 2021 WL 4820654 at ** 13-14 (N.D. Al. 2021) (pleading the loss of a chance for a better job opportunity as a result of Facebook and Crime Stopper posts satisfies the "stigma-plus" test for when defamatory speech can violate the Fourteenth Amendment.)

## II. THE FALSE ARREST AND MALICOUS PROSECUTION CLAIMS WERE PROPERLY DISMISSED

As set forth in the M and R, Plaintiff was convicted of injury to personal property in Henderson County district court, and the case was dismissed when her conviction was appealed. [Document 53, pp. 5, 7-8].

While Plaintiff argues that her "[c]onviction was overturned on appeal," [Document 54, p. 9], that has no bearing on the issue of probable cause. As courts within the Fourth Circuit have held, "[t]he general rule is that [a district court] conviction, even though it was later overturned on appeal, conclusively establishes

probable cause for the arrest." *Elabanjo v. Bellevance*, 2014 WL 222097 at *6 (M.D.N.C. 2014), *report and recommendation adopted*, 2014 WL 793791 (M.D.N.C. 2014); *Hoover v. McDowell Cty.*, 1998 WL 398825, at *3 (4th Cir. June 15, 1998) (per curiam). *See also Myrick v. Cooley*, 91 N.C.App. 209, 214, 371 S.E.2d 492, 495 (1988) ("in the absence of a showing that the District Court conviction of [Plaintiff] was obtained improperly, the conviction establishes, as a matter of law, the existence of probable cause for his arrest and defeats both his federal and state claims for false arrest or imprisonment.")

While Plaintiff contends that the *Nieves* exception- allowing a First Amendment claim even when probable cause exists where Plaintiff produces objective evidence that similarly situated individuals were not arrested- should apply [Document 54, p. 8], the *Nieves* exception has never been applied in a strict Fourth Amendment claim. That makes sense because there is no "protected activity" element in a strict Fourth Amendment claim, as opposed to a First Amendment claim. Therefore, evidence of other similarly situated individuals would not be relevant.

As Plaintiff has not alleged that the district court conviction was somehow improperly obtained, her conviction establishes probable cause for her arrest. *See Humphreys v. Rowan- Salisbury Board of Education*, 2023 WL 2692433 at * 6 (M.D.N.C. 2023) (unpublished) (rejecting claim that district court and superior

court convictions did not establish probable cause because they were "unfair" after Court of Appeals reversed the convictions).

## III. THE PROCEDURAL DUE PROCESS CLAIM WAS PROPERLY DISMISSED

Plaintiff alleges that her procedural due process rights were violated by her arrest. [Document 37, pp. 30-31]. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV.

In order to state a procedural due process claim, Plaintiff must: "(1) identify a protected liberty or a property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). While Plaintiff can identify a liberty interest- her arrest- she does not allege that she was deprived of any process. In fact, she alleges that she was assigned a lawyer, had a trial in district court, and appealed her conviction to superior court. [Document 37, pp. 17-18, 22-23]. As Plaintiff was given all process to which she was entitled, her procedural due process claim fails. *Cramer v. Crutchfield*, 496 F. Supp. 949, 952 (E.D. Va. 1980), aff'd, 648 F.2d 943 (4th Cir. 1981) (finding that the plaintiff's abuse of process and malicious prosecution claims failed because "he was accorded the full measure of the due process of law to which he was entitled under the Fourteenth Amendment").

## IV. THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM WAS PROPERLY DISMISSED

The M and R correctly dismissed Plaintiff's intentional infliction of emotional distress claims. Intentional infliction of emotional distress claims require both "extreme and outrageous conduct" and "severe emotional distress." Extreme and outrageous conduct is "conduct that is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Norton v. Scotland Mem'l Hosp., Inc.*, 250 N.C. App. 392, 397, 793 S.E.2d 703, 708 (2016) (citation omitted).

The alleged actions of Defendants- arresting her, making Facebook posts about her, conducting animal inspections, and interfering with her bonding process, [Document 54, p. 11]- do not constitute the extreme and outrageous conduct required by North Carolina law.

Severe emotional distress "means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Waddle v. Sparks*, 331 N.C. 73, 83, 414 S.E.2d 22, 27 (1992) (citation and emphasis omitted). As the M and R found, Plaintiff's allegations do not meet this high standard.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court adopt the M and R in its entirety to dismiss.

This 14th day of March, 2025.

    s/Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 S. College Street, Ste. 3500
Charlotte, North Carolina 28202
Telephone: 704-331-4992
Facsimile: 704-338-7814
Sean.Perrin@wbd-us.com
*Attorney for Defendants Henderson County Sheriff's Office, Robert Warren, Michael Lindsay, Crystal Landers, Johnny Duncan, Jr., Bradley Reese, and Brittany Maybin*

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via the CM/ECF system and mailed the foregoing to the following non CM/ECF user as follows:

Mackenzie Elaine Brown
158 Haven Road
East Flat Rock, NC 28726

Dated: March 14, 2025.

s/Sean F. Perrin

# **CERTIFICATION**

I hereby certify, the following: 1) No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources West Law, Lexis, FastCase, and Bloomberg; 2) Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his direction as to the accuracy of the proposition for which it is offered in the citation to authority provided.

/s/ Sean F. Perrin

8
Case 1:23-cv-00270-MR-WCM   Document 56   Filed 03/14/25   Page 8 of 8