IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00270-MR-WCM

| | |
|---|---|
| **MACKENZIE ELAINE BROWN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **HENDERSON COUNTY** ) | |
| **SHERIFF'S OFFICE, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants Henderson County Sheriff's Office, Warren, Lindsay, Landers, Duncan, Reese, and Maybin's Motion to Dismiss Amended Complaint [Doc. 39]; Defendants Oates and Cowan's Motion to Dismiss Amended Complaint [Doc. 41]; the Magistrate Judge's Memorandum and Recommendation [Doc. 53] regarding the disposition of those motions; and the Plaintiff's Objections to Memorandum and Recommendation [Doc. 54].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' motions to dismiss.

On February 21, 2025, the Magistrate Judge entered a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the Defendants' motions. [Doc. 53]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed Objections on March 10, 2025.[1] [Doc. 54]. Defendants Henderson County Sheriff's Office, Warren, Lindsay, Landers, Duncan, Reese, and Maybin filed a Reply to the Plaintiff's Objections on March 14, 2025 [Doc. 56], and Defendants Oates and Cowan filed a Reply to the Plaintiff's Objections on March 24, 2025 [Doc. 57].

After careful review of the Magistrate Judge's Memorandum and Recommendation, the Court finds that the proposed conclusions of law are consistent with current case law. Accordingly, the Court overrules the Plaintiff's Objections and hereby accepts the Magistrate Judge's recommendations.[2]

---

[1] The Plaintiff, who is proceeding pro se, filed a letter accompanying her Objections to inform the Court that she did not receive the Memorandum and Recommendation in the mail until February 25, 2025. [Doc. 55].

[2] The Magistrate Judge recommends that all official capacity claims against Defendants Warren, Lindsay, Landers, Duncan, Reese, and Maybin be dismissed. Official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (citation

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to Memorandum and Recommendation [Doc. 54] are **OVERRULED**, and the Memorandum and Recommendation [Doc. 53] is **ACCEPTED.**

**IT IS FURTHER ORDERED** that Defendants Henderson County Sheriff's Office, Warren, Lindsay, Landers, Duncan, Reese, and Maybin's Motion to Dismiss Amended Complaint [Doc. 39] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Defendants Henderson County Sheriff's Office, Warren, Lindsay, Landers, Duncan, Reese, and Maybin's Motion is **GRANTED** as to all claims against the Henderson County Sheriff's Office; all official capacity claims against Warren, Lindsay, Landers, Duncan, Reese, and Maybin; the First Amendment retaliation claim against Duncan; claims of false arrest, malicious prosecution, and harassment; the Fourteenth Amendment claim based on procedural due process; and claims of defamation,

---

omitted). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Id. at 166 (citation omitted). It is unclear from the Plaintiff's Amended Complaint that she intended to bring claims against Defendants Warren, Lindsay, Landers, Duncan, Reese, and Maybin in their official capacities in addition to her claims against the Henderson County Sheriff's Office, but to the extent that she does, any official capacity claims would effectively be claims against the Henderson County Sheriff's Office. See id. Because the Court accepts the Magistrate Judge's recommendation of dismissal of the Plaintiff's claims against the Henderson County Sheriff's Office, the Court also accepts the Magistrate Judge's recommendation of dismissal of any official capacity claims against Defendants Warren, Lindsay, Landers, Duncan, Reese, and Maybin.

3

invasion of privacy, and intentional infliction of emotional distress. These claims are **DISMISSED WITH PREJUDICE**.

(2) In all other respects, Defendants Henderson County Sheriff's Office, Warren, Lindsay, Landers, Duncan, Reese, and Maybin's Motion is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Oates and Cowan's Motion to Dismiss Amended Complaint [Doc. 41] is **GRANTED**. All claims against Oates and Cowan in their official capacities are **DISMISSED WITHOUT PREJUDICE**. All claims against Oates and Cowan in their individual capacities are **DISMISSED WITH PREJUDICE**.

This case shall proceed on the following claims brought pursuant to 42 U.S.C. § 1983: (1) the Plaintiff's First Amendment retaliation claim against Warren, Lindsay, Landers, Reese, and Maybin; (2) the Plaintiff's equal protection claim against Warren, Lindsay, Landers, Duncan, Reese, and Maybin; and (3) the Plaintiff's conspiracy claim against Warren, Lindsay, Landers, Duncan, Reese, and Maybin.

Signed: March 31, 2025

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge