FILED
ASHEVILLE, NC

APR 1 5 2025

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

MACKENZIE ELAINE BROWN,

Plaintiff,

v.

HENDERSON COUNTY SHERIFF'S OFFICE, et al.,

Defendants.

Hand-Delivered

MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY OF PROCEEDINGS

NOW COMES the Plaintiff, Mackenzie Elaine Brown, proceeding pro se, and respectfully moves this Honorable Court for an Order pursuant to 28 U.S.C. Section 1292(b) certifying for interlocutory appeal the Court's March 31, 2025, Order dismissing certain claims [Doc 58]. Plaintiff also moves for a stay of proceedings, including the Initial Attorneys' Conference, pending resolution of this motion and any subsequent appeal. In support of this Motion, Plaintiff states the following:

## I. INTRODUCTION

On March 31, 2025, this Court entered an Order accepting the Magistrate Judge's Memorandum and Recommendation [Doc 53], which dismissed numerous claims, including:

All claims against Magistrate Oates in her individual capacity with prejudice and in her official capacity without prejudice, including: (1) First Amendment Retaliation; (2) False

Arrest; (3) Malicious Prosecution; (4) Abuse of Process; (5) Liberty Interest; (6) Equal Protection; (7) Conspiracy; **(8)** Obstruction of Justice; (9) Spoliation of Evidence; (10); Violation of Victim's Rights under the NC Constitution; (11) Intentional Infliction of Emotional Distress;

(12) First Amendment Retaliation claim against Officer Duncan in his individual and official capacity;

(13) False Arrest claims against Deputies Warren and Lindsay in their individual and official capacities;

(14) Malicious Prosecution claims against Deputies Warren and Lindsay in their individual and official capacities;

(15) Abuse of Process claims against Deputies Warren, Lindsay, and Landers in their individual and official capacities;

(16) Liberty Interest claims against Deputies Warren, Lindsay, and Landers, and Officers Reece and Maybin in their individual and official capacities; and

(17) Intentional Infliction of Emotional Distress claims against Deputies Warren, Lindsay, and Landers, Officers Duncan, Reece, and Maybin in their individual and official capacities.

Plaintiff seeks certification for interlocutory appeal of these dismissals as they involve controlling questions of law about which there is substantial ground for difference of opinion, and an immediate appeal would materially advance the ultimate termination of this litigation.

## II. LEGAL STANDARD

Under 28 U.S.C. Section 1292(b), a district court may certify an order for interlocutory appeal when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Fourth Circuit has established that a question of law is "controlling" if its resolution could materially affect the outcome of the litigation. See Johnson v. Burken, 930 F.2d 1202, 1206 (7th Cir. 1991) (cited approvingly by the Fourth Circuit).

## III. THE COURT'S ORDER INVOLVES CONTROLLING QUESTIONS OF LAW

The controlling questions of law at issue in this case involve fundamental constitutional rights that warrant prompt and definitive resolution through interlocutory appeal. These questions include:

A.  Judicial Immunity - Administrative versus Judicial Function

The Court's dismissal of claims against Magistrate Oates based on judicial immunity involves a controlling question of law: whether a magistrate's alleged destruction of a domestic violence complaint form constitutes a judicial act protected by absolute judicial immunity or an administrative act outside the scope of such immunity.

B. First Amendment Retaliation and Adverse Action

The dismissal of the First Amendment retaliation claim against Officer Duncan involves a controlling question of law: whether an official's social media post mocking and falsely

portraying a citizen in retaliation to their protected speech constitutes an adverse action for purposes of a First Amendment retaliation claim.

C. False Arrest and Malicious Prosecution Claims

The Court's dismissal of Plaintiff's false arrest and malicious prosecution claims involves a controlling question of law: whether the Nieves exception to the probable cause rule should apply not only to First Amendment retaliation claims but also to Fourth Amendment claims in cases where the plaintiff alleges she was singled out for engaging in protected speech.

D. Procedural Due Process Claims

Whether the court properly analyzed Plaintiff's procedural due process claims in light of the coordinated nature of the alleged constitutional violations across multiple officials and agencies.

E. Intentional Infliction of Emotional Distress Claim

Whether the standard for "extreme and outrageous conduct" for intentional infliction of emotional distress claims is properly applied to the totality of coordinated official misconduct rather than to isolated incidents.

## IV. SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION EXISTS

A. Destruction of Criminal Complaint Form as Administrative Function

There is substantial ground for difference of opinion regarding whether the destruction of a complaint form constitutes a judicial or administrative function. As argued in Plaintiff's objections to the Memorandum and Recommendation:

*"Document management and preservation constitute administrative functions rather than judicial ones. The destruction of a domestic violence complaint is not a function*

*normally performed by a judge—it is the antithesis of judicial function, which is to process and adjudicate such complaints." [Doc. 54 at 3].*

The preservation of court documents is administrative rather than judicial in nature. Various circuit courts have distinguished between judicial acts (protected by immunity) and administrative acts (not protected). See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993) (court reporters' creation of verbatim transcripts lacks the discretion characteristic of judicial decision-making).

B. Social Media Post as Adverse Action

There is substantial ground for difference of opinion regarding whether Officer Duncan's social media post constitutes an adverse action for First Amendment retaliation purposes. The Supreme Court has recognized that "a wide array of retaliatory actions" could chill protected speech. See Houston Community College System v. Wilson, 595 U.S. 468, 477 (2022).

As detailed in Plaintiff's objections, Officer Duncan's post explicitly referenced Plaintiff's protected speech and included mocking hashtags, creating a public spectacle of her arrest. The timing of the Facebook post and its direct reference to Plaintiff's speech establishes a clear causal relationship between her protected speech and Officer Duncan's actions.

The North Carolina Court of Appeals' decision in Lambert v. Town of Sylva, No. COA17-84 (N.C. Ct. App. May 1, 2018) established a critical precedent regarding First Amendment retaliation claims, reversing a directed verdict that had been granted at the close of plaintiff's evidence, holding that when evidence exists of protected speech followed by adverse action, such constitutional claims should proceed to jury consideration. Like Lambert, Plaintiff has presented evidence of protected speech (writing "12 SUX" on a sheriff's vehicle during an

event where the public was invited to write on the vehicle) followed by multiple adverse actions, including arrest, detention, interference with release, and other retaliatory conduct. The Court has already acknowledged this sufficient evidentiary basis by allowing certain of Plaintiff's First Amendment retaliation claims to proceed, yet inconsistently dismissed similar First Amendment retaliation claims against Officer Duncan and other defendants arising from the same protected expression and motivated by the same alleged retaliatory intent.

C. Malice and Lack of Probable Cause

There is substantial ground for difference of opinion regarding whether Plaintiff's subsequent dismissal of charges on appeal supports a finding of lack of probable cause. As argued in Plaintiff's objections:

*"The M&R correctly applies the Nieves exception to allow Plaintiff's First Amendment retaliation claim to proceed, recognizing that where a plaintiff produces 'objective evidence that [they were] arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been,' the existence of probable cause does not defeat the claim. This same logic should apply to Plaintiff's Fourth Amendment claims." [Doc. 54 at 7].*

D. Procedural Due Process Claims

The court's dismissal of procedural due process claims warrants appeal. The court acknowledged Plaintiff was deprived of liberty but concluded she received sufficient process because she "had a trial in district court, and appealed [her] conviction to superior court."

This analysis fails to consider that procedural due process requires fair procedures before the deprivation occurs, not just remedial procedures afterward. Plaintiff's allegations about the coordinated nature of these procedural irregularities collectively presents a significant question about what constitutes adequate procedural due process in cases involving multiple officials across different agencies.

E. Intentional Infliction of Emotional Distress

The court's conclusion that the defendants' alleged conduct didn't rise to "extreme and outrageous conduct" is questionable. Courts have recognized that abuse of official position, particularly when coordinated across multiple officials, can constitute outrageous conduct. When viewed collectively rather than as isolated incidents, these allegations meet the standard for extreme and outrageous conduct, especially considering the heightened vulnerability of Plaintiff being pregnant throughout the scope of the events and the defendants each were aware of that.

## V. IMMEDIATE APPEAL WOULD MATERIALLY ADVANCE THE TERMINATION OF LITIGATION

An immediate appeal would materially advance the termination of this litigation by:

A. Resolving the Proper Scope of Claims and Parties

If the appellate court determines that Magistrate Oates' alleged destruction of a domestic violence complaint form is an administrative rather than judicial function, or that Officer Duncan's social media post constitutes an adverse action, Plaintiff's claims against these defendants would be reinstated, significantly expanding the scope of discovery and trial preparation. Addressing these issues now, rather than after the conclusion of proceedings against the defendants for the surviving claims, would prevent the possibility of duplicative litigation.

B. Avoiding Divided Proceedings for Interconnected Issues

Plaintiff's case alleges a coordinated campaign of retaliation by multiple officials across different agencies. Addressing these claims separately would not only be inefficient but could lead to inconsistent results regarding the same underlying facts. As stated in Plaintiff's objections:

*"The culmination of these actions go far beyond 'mere insults, indignities, and threats' as characterized by the M&R. Rather, they represent a coordinated campaign of harassment by multiple government officials across different agencies (Sheriff's Office, Magistrate's Office, Detention Facility, Animal Enforcement) targeted at Plaintiff specifically for expressing protected speech." [Doc. 54 at 12-13].*

C. Promoting Judicial Economy

Resolving the immunity and other legal questions now would: (1) allow for a single discovery process encompassing all valid claims; (2) prevent the need for multiple trials on related issues; and (3) conserve judicial resources by determining the proper scope of the case before extensive discovery and trial preparation.

D. Serving the Public Interest

An immediate appeal would serve the public interest by addressing these important constitutional questions efficiently. As argued in Plaintiff's objections:

*"The recommended dismissal of several viable claims would have significant negative implications for the public interest: It would suggest that no remedy exists for citizens who are subjected to a campaign of harassment and intimidation by government*

*officials acting in concert. Allowing these claims to proceed would serve the public*

*interest by ensuring that government officials are held accountable for constitutional*

*violations and abuse of power, particularly when those violations are motivated by*

*retaliation for protected speech." [Doc. 54 at 14-15].*

E. Pro Se Status

As a pro se litigant, Plaintiff would face substantial hardship in conducting discovery and litigation on the current claims while simultaneously pursuing an appeal of the dismissed claims.

## IX. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Certify its March 31, 2025 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b);

2. Stay all proceedings, including the Initial Attorneys' Conference, pending resolution of this motion and any subsequent appeal; and

3. Grant such other and further relief as the Court deems just and proper.

Dated April 15, 2025

Mackenzie Elaine Brown

**Mackenzie Elaine Brown,**

**Plaintiff & Pro Se Litigant**

**158 Haven Rd, East Flat Rock, NC 28726**

**P: 828-489-5080**

**E: mackenzieb0897@gmail.com**

# CERTIFICATE OF SERVICE

I certify that I filed the foregoing to the U.S. Clerk of Courts Office, and mailed a

copy to the following attorney's of the Defendants:


Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 S. College Street, Ste. 3500, Charlotte, NC 28202
Telephone: 704-331-4992
Facsimile: 704-338-7814
sean.perrin@wbd-us.com
Counsel for Defendants Henderson County Sheriff's Office, Robert Jordan
Warren, Michael Scott Lindsay, Crystal Landers, Johnny Duncan, Bradley Reece,
and Brittany Maybin.

and

Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629, Raleigh, NC 27602
Telephone: (919) 716-6800
Fax: (919) 716-6755
eobrien@ncdoj.gov
State Bar No. 28885
Counsel for Defendants Susan Oates & Emily Cowan.

Dated __April 15, 2025__

_Mackenzie Claine Brown_

Mackenzie Elaine Brown,
Plaintiff & Pro Se Litigant
158 Haven Rd, East Flat Rock, NC 28726
P: 828-489-5080
E: mackenzieb0897@gmail.com